IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) MAPLEBEAR, INC., D/B/A INSTACART<br><br>    Plaintiff,<br><br>    v.<br><br>1) FALL LINE PATENTS, LLC,<br><br>    Defendant. | Civil Action No. 25-cv-00137-MTS<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Maplebear, Inc., d/b/a Instacart ("Plaintiff" or "Instacart"), by and through its attorneys of record, with its Complaint against Defendant Fall Line Patents, LLC ("Defendant" or "Fall Line") seeks Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,454,748 ("the '748 Patent") as well as other relief as set forth below. A true and correct copy of the '748 Patent is attached hereto as Exhibit 1. Plaintiff hereby alleges, on knowledge of its own actions and on information and belief as to all other matters, as follows:

## CAUSE OF ACTION

1. In this Complaint, Plaintiff seeks a declaration that Instacart does not infringe any enforceable claim of the '748 Patent.

## THE PARTIES

2. On information and belief, Defendant is a limited liability company formed under the laws of the State of Oklahoma, with a principal place of business at 2121 South Yorktown, #1103, Tulsa, Oklahoma, 74114.

3. Plaintiff Instacart is a corporation organized and existing under the laws of the state of Delaware. Instacart has its principal place of business at 50 Beale St., Suite 600, San

Francisco, California 94105.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Fed. R. Civ. P. 57, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, to resolve an actual and justiciable controversy now existing between the parties within the jurisdiction of this Court regarding whether Instacart's online platforms infringe the '748 Patent.

5. This Court has original and exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, because this Complaint states a claim arising under an Act of Congress relating to patents, 35 U.S.C. §§ 1 *et seq.*

6. This Court has personal jurisdiction over Defendant because Defendant is registered in, and its principal place of business is in, Tulsa, Oklahoma. Defendant regularly and continuously conducts business in this District.

7. Venue is proper in this district at least pursuant to 28 U.S.C. § 1391 because Defendant resides in Tulsa, Oklahoma.

## FACTUAL BACKGROUND

**A.    The Parties**

8. Plaintiff Instacart is the leading grocery technology company in North America. Instacart creates and operates online marketplace technology that increases access to, and eases electronic shopping for, groceries and other important goods. Instacart's technology is used by grocery store chains and other retail partners ("Instacart Retail Partners") and powers e-commerce throughout the United States, including Oklahoma. With Instacart's online marketplace technology, customers of the Instacart Retail Partners can electronically receive a list of nearby available retail locations and arrange pickup and/or delivery of online shopping orders from said nearby available retail locations.

9. On information and belief, Defendant's business consists of bringing lawsuits for patent infringement.

**B.    Defendant's Patent Infringement Allegations Against Instacart's Products**

10. Upon information and belief, Defendant owns or claims ownership of the '748 Patent.

11. From 2018 to the present, Defendant has filed nearly fifty lawsuits alleging infringement of the '748 Patent.

12. On November 25, 2024, Defendant filed multiple lawsuits ("November 2024 Lawsuits") alleging infringement of the '748 Patent in the United States District Court for the Eastern District of Texas. Defendants in the November 2024 Lawsuits include Instacart Retail Partners Sprouts Farmers Market, Inc., SFM, LLC (d/b/a SF Markets), Aldi Inc., and Aldi (Texas) L.L.C. (collectively, "Instacart Defendants").

13. Specifically, Defendant has alleged that the mobile applications of the Instacart Defendants directly or indirectly infringe the '748 Patent. The accused mobile applications of the Instacart Defendants use technology created and provided by Instacart, including location-based store availability lookup, fulfillment, pickup, and delivery functionality, and operate based on communications with Instacart servers. Instacart's technology is the source of alleged infringing functionality of the Instacart Defendants' mobile apps. Other Instacart Retail Partners, who have not yet been sued by Defendants, likewise use similar technology created and provided by Instacart.

14. As a result of the allegations against the Instacart Defendants, which are based on mobile application functionality provided by Instacart, there exists an immediate and actual case or controversy between Instacart and Defendant regarding whether Instacart's technology and

3

products infringe the '748 Patent.

15. Furthermore, Instacart has a direct and substantial interest in defeating any patent infringement claims against Instacart's online marketplace technology because Instacart and its various Instacart Retail Partners are at risk of being sued by Defendant. Based on Defendant's history of patent infringement lawsuits and on the November 2024 Lawsuits accusing the Instacart Defendants, Instacart has reasonable belief that Defendant may sue it or its other Instacart Retail Partners.

### Count I – Declaration of Non-Infringement of the '748 Patent

16. Instacart repeats and alleges every allegation in the foregoing paragraphs as if fully set forth herein.

17. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Instacart has not infringed and does not infringe the '748 Patent directly or under any theory of indirect infringement, including contributory infringement or inducement.

18. Instacart's online marketplace technology used by Instacart Retail Partners have not and do not directly or indirectly infringe, literally or under the doctrine of equivalents, the '748 Patent. For example, with respect to claim 7, which was asserted against the Instacart Defendants, at least the following claim elements are not met: designing a questionnaire including at least one question said questionnaire customized for a particular location having branching logic on a first computer platform wherein at least one of said questions requests location identifying information; automatically transferring said designed questionnaire to at least one loosely networked computer having a GPS integral thereto; while said transferred questionnaire is executing, using said GPS to automatically provide said location identifying

information as a response to said executing questionnaire; and automatically transferring via the loose network any responses so collected in real time to a central computer.

19. Instacart is entitled to a declaratory judgment that it has not infringed and is not infringing, directly or indirectly, contributorily or by inducement, any enforceable claim of the '748 Patent, literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

A. A declaration that Plaintiff has not infringed and does not infringe, either directly or indirectly, contributorily or by inducement, any enforceable claim of the '748 Patent, literally or under doctrine of equivalents;

B. An injunction against Defendant and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action alleging that any method, product, or technology of Plaintiff's, or others' use thereof, infringes any enforceable claim of the '748 Patent;

C. A declaration that this case is exceptional and that Plaintiff is entitled to an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

D. Any such other and further relief as the Court may deem just and fair.

Dated: March 25, 2025

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

 /s/ Robert Fitz-Patrick
Robert P. Fitz-Patrick, OBA #14713
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email:  rfitzpatrick@hallestill.com

**ATTORNEYS FOR PLAINTIFF**

**-AND-**

**BANNER & WITCOFF, LTD.**
John R. Hutchins *
1100 13th St., NW Suite 1200
Washington, DC 20005
Telephone: 202.824.3000
Facsimile: 202.824.3001
Email: jhutchins@bannerwitcoff.com

C. Andy Mu *
1100 13th St., NW Suite 1200
Washington, DC 20005
Telephone: 202.824.3000
Facsimile: 202.824.3001
Email: amu@bannerwitcoff.com

 **ATTORNEYS FOR PLAINTIFF**

*Applications for admission Pro Hac Vice forthcoming*