# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MAPLEBEAR, INC., D/B/A INSTACART, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 25-CV-00137-MTS |
| v. | § § | |
| FALL LINE PATENTS, LLC, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

# FALL LINE'S MOTION TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS UNDER THE FIRST-TO-FILE RULE AND OPENING BRIEF IN SUPPORT

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................1

II.   FACTS ...............................................................................................1

     A.    Fall Line Has Enforced Its Patent In The Eastern District Of Texas For Many Years .................................................1

     B.    Fall Line Filed Actions Against Sprouts And Aldi In Texas In November Of Last Year .................................................5

     C.    Instacart Filed Its Declaratory Judgment Action Here Four Months After Fall Line Filed Its Actions .........................7

     D.    The Texas Court Is Already Deciding Where These Actions Should Be Heard .............................................................8

III.  THE COURT SHOULD TRANSFER THIS ACTION TO TEXAS UNDER THE FIRST-TO-FILE RULE .....................................11

     A.    The First-To-File Rule Generally Applies .......................11

     B.    The Texas Court Should Decide Whether Any Exceptions To The First-To-File Rule Apply .......................................14

     C.    The Court Should Transfer This Action To Texas ...........17

IV.   CONCLUSION ................................................................................19

i

## I.    INTRODUCTION

Fall Line moves to transfer this action to the Eastern District of Texas under the first-to-file rule. That is where Fall Line, and Fall Line's predecessor in interest, have enforced their patents for more than a decade.

Four months after Fall Line filed actions against two grocery stores (Sprouts and Aldi) in Texas, Instacart filed this declaratory judgment action asserting that Fall Line's claims against them were really claims against it. Instacart could have filed its duplicative action in Texas. Or it could have simply intervened in the Texas actions. Instead, Instacart chose to file here—where it has no meaningful connection—solely to try to avoid the Texas court, which has already ruled on numerous issues in Fall Line's favor.

The first-to-file rule exists to avoid such duplicative actions. Given the nature and timing of Instacart's action here, that rule plainly applies. The Cout should transfer this action to Texas.

## II.    FACTS

### A.    Fall Line Has Enforced Its Patent In The Eastern District Of Texas For Many Years

Fall Line's patent, U.S. Patent No. 9,454,748, was the result of pioneering work performed by David Payne at MacroSolve Inc. at the turn of

this century. *See* Ex. 1 [748 Patent].[1] MacroSolve was a publicly traded company that, leveraging Mr. Payne's work, developed and commercialized key technology that has made today's mobile applications a practical reality.

In 2010, the Patent Office issued U.S. Patent No. 7,822,816 to MacroSolve for Mr. Payne's inventions. *See* Ex. 2 [816 Patent]. MacroSolve began enforcing the 816 Patent in the Eastern District of Texas in 2011. *See* Case No. 6:11-cv-194-LED, Dkt. No. 1 (E.D. Tex. March 4, 2011). Although MacroSolve was headquartered in Tulsa, MacroSolve chose to file its cases in the Eastern District of Texas.  *See* Ex. 3 [MacroSolve Pacer Report]. MacroSolve filed in that district because of its ability to efficiently resolve patent cases and because it was one of the nearest courts to MacroSolve that participated in the patent pilot program. Under that program, patent litigants were encouraged to file their actions in front of judges who received specialized patent law and case management training. *See, generally,* Ex. 4 [M. Williams *et al.*, "Patent Pilot Program: Five Year Report," (Federal Judicial Center, April 2016)].

In 2014, MacroSolve merged with a Nevada company, changed its business, and ceased operations in Tulsa. *See* Ex. 5 [Drone 10-K]. As part of that transaction, MacroSolve assigned its interest in its patents, including

---

[1] All citations to exhibits are to the Declaration of Matthew J. Antonelli filed in support of the motion.

the application that ultimately issued as the 748 Patent, to Fall Line, which is owned by the former Chairman and Chief Executive Officer of MacroSolve, James McGill. *See* Ex. 6 [Assignments].

In 2016, the Patent Office issued the 748 Patent, which is a continuation of the 816 Patent.[2] *See* Ex. 1 [748 Patent]. After the Patent Office issued the 748 Patent, Fall Line began enforcing it in the Eastern District of Texas. Fall Line chose to enforce its patent there in view of that district's familiarity with the parent 816 Patent, which substantially overlaps with the 748 Patent, and for the same reasons that MacroSolve chose to file its actions there. From 2016 to the present, Fall Line filed forty-nine actions for infringement of the 748 Patent in Texas. Ex. 7 [Fall Line Pacer Report]. All those actions were assigned to the Hon. Robert W. Schroeder III. *See id.*

Judge Schroeder has gained extensive experience with the 748 Patent and the issues surrounding it. This is especially true from the recent action against McDonald's, which was settled only after the final pre-trial conference. Here are some examples of the many issues that Judge Schroeder heard in that action:

---

[2] A continuation is a follow-on patent that shares the same specification of its parent patent and that includes additional claims covering the inventions disclosed by the common specification. It is entitled to the same priority date as the parent application. *See, e.g.,* Ex. 8 [Dobrusin Law Firm, "The What, Why, and How of Continuation Patent Applications" (Nov. 18, 2021)].

- Whether Fall Line's actions should be stayed pending requests for *inter partes* review before the Patent Office. *See, e.g.,* Case No. 6:18-cv-407, Dkt. No. 164 [10/20/22 Order] (lifting stay and describing the Court's past stay order as well as the IPR history).

- Whether Fall Line's actions should be dismissed because the 748 Patent covers subject matter ineligible for patenting under section 101. *See, e.g.,* Case No. 6:18-cv-407, Dkt. No. 151 [5/25/21 Order] (denying motion to dismiss because Fall Line had plausibly alleged inventive concepts).

- The proper construction of numerous claim terms from the asserted claim of Fall Line's patent. *See, e.g.,* Case No. 6:18-cv-407, Dkt. No. 228 [1/23/23 Claim Construction Order] (adopting Fall Line's proposed constructions).

- Whether Fall Line lacks standing to enforce the 748 Patent for failure to comply with the common ownership requirement of a terminal disclaimer. *See, e.g.*, Case No. 6:18-cv-407, Dkt. No. 106 [7/26/19 Order] (denying motion to dismiss).

- Whether defendants should be compelled to produce key discovery sought by Fall Line to support its claims. *See, e.g.*, Case No. 6:18-cv-407, Dkt. No. 234 [1/26/23 Order] (sanctioning defendants for their failure to provide transaction data).

- The extent to which the parties should be barred from presenting certain arguments and evidence at trial. *See, e.g.*, Case No. 6:18-cv-407, Dkt. No. 344 [7/11/23 Order] (ruling on numerous motions *in limine* presented by the parties).

- Whether Fall Line's case should be dismissed for lack of standing based on an allegedly faulty assignment. *See, e.g.*, Case No. 6:18-cv-407, Dkt. No. 345 [7/11/23 Order] (denying defendants' motion).

- Whether Fall Line's experts' opinions on infringement, validity, and damages could be presented to the jury under the *Daubert* standard. *See, e.g.*, Case No. 6:18-cv-407, Dkt. No. 348 [6/29/23

Order (docketed 7/11/23)] (denying all *Daubert* challenges to Fall Line's experts).

- Whether Fall Line's evidence was sufficient to survive summary judgment against defendants' defense of unpatentability under section 101. *See, e.g.*, Case No. 6:18-cv-407, Dkt. No. 348 [6/29/23 Order (docketed 7/11/23)] (ruling in Fall Line's favor on cross motions for summary judgment).

Judge Schroeder is continuing to take up issues in the pending cases. For example, Judge Schroeder recently heard multiple new motions to dismiss arguing that Fall Line's patent is invalid under section 101, as well as motions regarding the sufficiency of Fall Line's complaints.  Those motions were filed by various defendants, including Sprouts and Aldi. *See* Case No. 5:24-cv-167, Dkt. No. 121 [Minute Entry For 5/7/25 Hearing)]. As another example, Judge Schroeder held another *Markman* hearing on June 5. *See* Case No. 5:24-cv-89, Dkt. No. 195 [4/2/25 Order] (setting *Markman* hearing). Judge Schroeder will undoubtedly hear numerous other issues in the pending cases, which are set for trial on March 23, 2026, and July 27, 2026. *See* Case No. 5:24-cv-89, Dkt. No. 48 at 1 [10/28/24 DCO]; Case No. 5:24-cv-167, Dkt. No. 69 at 1 [3/17/25 DCO].

## B.    Fall Line Filed Actions Against Sprouts And Aldi In Texas In November Of Last Year

Fall Line filed its actions against Sprouts and Aldi on November 25, 2024. *See* Ex. 9 [Sprouts Complaint]; Case No. 5:24-cv-172, Ex. 10 [Aldi Complaint]. Those actions were subsequently consolidated together and with

other actions asserting the 748 Patent. *See* Case No. 5:24-cv-167, Dkt. 19 [2/12/25 Consolidation Order]. The Court has set a schedule for the consolidated action, including a *Markman* hearing on October 7, 2025, and a trial on July 27, 2026. *See* Case No. 5:24-cv-167, Dkt. No. 69 [3/17/25 DCO].

The parties in the consolidated action, including Sprouts and Aldi, have already negotiated and agreed to scheduling, discovery, e-discovery, and protective orders, each of which has been entered. *See id.;* Case No. 5:24-cv-167, Dkt. No. 70 [Protective Order]; Dkt. No. 71 [Discovery Order]; Dkt. No. 72 [E-Discover Order]. They have already exchanged initial disclosures and their document productions. *See, e.g.,* Case No. 5:24-cv-167, Dkt. Nos. 93, 94 [5/1/25 Notices of Discovery Disclosures]. Fall Line already served its infringement contentions and defendants have already responded with their invalidity contentions. *See, e.g.,* Case No. 5:24-cv-167, Dkt. Nos. 106, 107 [5/1/25 Notices of Compliance Regarding Invalidity Contentions]. Written discovery has already been served and responded to. *See, e.g.,* Ex. 11 [Sprouts Rog Responses]; Ex. 12 [Aldi Rog Responses]. The parties have started the claim-construction process. *See* Case No. 5:24-cv-167, Dkt. No. 69 at 9 [3/17/25 Docket Control Order] (setting June 3 deadline for initial exchange of terms to be construed). And substantive motions have been filed, fully briefed, and argued. *See, e.g.,* Case No. 5:24-cv-167, Dkt. No. 121 [Minute Entry For Motions Hearing].

### C.    Instacart Filed Its Declaratory Judgment Action Here Four Months After Fall Line Filed Its Actions

Four months after Fall Line filed its actions in Texas, Instacart filed its declaratory judgment action here. *See* Dkt. No. 1 [3/25/25 Instacart Complaint]. Instacart did so using the same attorneys who are representing Sprouts and Aldi in Texas. *See id*. at 6; Ex. 13 at 16 [Sprouts Transfer Motion]; Ex. 14 at 16 [Aldi Transfer Motion].

The premise of Intacart's action here is that Fall Line's actions in Texas against Sprouts and Aldi are really about Instacart technology. *See, e.g., id*. ¶ 13 ("Instacart's technology is the source of alleged infringing functionality of the Instacart Defendants' mobile apps.  Other Instacart Retail partners, who have not yet been sued by [Fall Line], likewise use similar technology created and provided by Instacart."), ¶ 14 ("As a result of the allegations against the Instacart Defendants, which are based on mobile application functionality provided by Instacart, there exists an immediate and actual case or controversy between Instacart and Defendant regarding whether Instacart's technology and products infringe the '748 Patent.").

Instacart is a stranger to this district. *See, e.g.,* Dkt. No. 1 at ¶ 3 [Complaint] (alleging that Intacart's principal place of business is in San Francisco). Instacart could have filed its declaratory judgment action in

Texas.[3] Alternatively, Instacart could have intervened in the actions in Texas. Instacart instead filed in this district—a district to which it has no significant connection—solely to try to avoid the Texas court, which has already issued multiple rulings in favor of Fall Line.

### D.    The Texas Court Is Already Deciding Where These Actions Should Be Heard

Sprouts and Aldi moved to transfer Fall Line's Texas actions here. *See* Ex. 13 [Sprouts Transfer Motion]; Ex. 14 [Aldi Transfer Motion]. Supported by declarations submitted by Instacart, Sprouts and Aldi explain that Fall Line's allegations of infringement are really about Instacart's technology and that Instacart is the "true defendant" in the Texas actions.

Here are examples from Sprout's motion (and from the supporting declaration submitted by Instacart):

- "Although it sued [Sprouts], the true focus of [Fall Line's] infringement claims should be Maplebear, Inc. d/b/a Instacart ("Instacart"), the creator and operator of the mobile application functionality at issue." Ex. 13 at 1 [Sprout's Motion].

---

[3] Instacart itself alleges that its action arises out of Fall Line's activities in Texas. *See* Dkt. No. 1 at ¶¶12-14 [Instacart Complaint]. So the Texas court would have personal jurisdiction over Fall Line for purposes of Instacart's declaratory judgment action. *See, e.g., Coinbase, Inc. v. Mod. Font Applications LLC,* No. 21-CV-05305-LB, 2022 WL 62913, at *6 (N.D. Cal. Jan. 6, 2022) (finding personal jurisdiction existed because lawsuits "involving the same patent . . . against other alleged infringers [are] a significant contact with the forum materially related to the enforcement of the relevant patent") (quoting *Avocent Huntsville Corp. v. Aten Int'l Co.,* 552 F.3d 1324, 1334 (Fed Cir. 2008)). That makes venue proper too. *See* 28 U.S.C. §§ 1391(b)(1), (c)(2) (making venue turn on personal jurisdiction).

- "Instacart—not Sprouts—is the true party responsible for the accused technology.  Instacart designed, operates, and maintains the Sprouts mobile application on behalf of Sprouts as a 'white-label' application, controlling all aspects of the functionality that Fall Line accuses of infringement." *Id*. at 2.

- "Instacart has other retail partners which either have white-label applications controlled by Instacart or which implement the Instacart APIs to the same effect." *Id*. at 2.

- "Instacart is the sole source of the allegedly infringing technology in the Sprouts case and provides the allegedly infringing activity to other partners." *Id*. at 9.

- "Sprouts licenses and utilizes a mobile application designed, developed, operated, maintained, and sold by Instacart as a 'white label' application under the Sprouts brand. Additionally, the 'Sprouts servers' identified by Fall Line and associated with the Sprouts mobile app are in fact primarily servers maintained and controlled by Instacart rather than Sprouts." Ex. 13 at Ex. 3, ¶ 4 [Munday Declaration].

- "Many other entities . . .  utilize the same white-label mobile application technology that Sprouts licenses and utilizes from Instacart. In each of these cases, Instacart is the sole provider of the underlying code that controls the functionality of the mobile application(s)." *Id*. at ¶ 7.

Aldi's motion, and the Instacart declaration in support of it, include similar allegations regarding the Aldi action. *See, e.g.,* Ex. 14 at 1 (describing Instacart as the "creator and operator of the services underpinning the accused functionality at issue" and the action here as "duplicative" of the Texas action), 2 (describing Instacart as the "true defendant" because "the only way that the ALDI mobile application allegedly infringes the asserted

claim is through ALDI's integration with the Instacart APIs"), 6 (explaining that Instacart "developed and operates core components of the accused functionality"), 10 ("Instacart is the sole source of the allegedly infringing technology in the ALDI case and provides the allegedly infringing technology to other partners"); *see also* Ex. 14 at Ex. 3 [Dengis Declaration].

Based on these assertions, Sprouts and Aldi argue that the first-filed actions against them in Texas should be transferred to this Court, where Instacart filed its later action, under the "customer-suit exception" to the first-to-file rule. *See, e.g.,* Ex. 13 at 3 [Sprouts Motion] ("Because Instacart created and operates the Sprouts mobile application functionality accused of infringement by Fall Line, the present case should be transferred to the Northern District of Oklahoma in favor of the Instacart action under the 'customer-suit exception.'"); Ex. 14 at 3 [Aldi Motion] (same).

The parties already agreed on both discovery and briefing schedules for these issues in Texas. *See* Case No. 5:24-cv-167, Dkt. No. 103 [4/17/25 Order] (granting joint motion). The parties completed that discovery (from Instacart, as well as from Sprouts and Aldi), including document production, interrogatories, and five depositions. And Fall Line has already filed its opposition to the motions to transfer in Texas. *See* Ex. 15 [Redacted Opp].[4]

---

[4] Fall Line is submitting a redacted version of its opposition because it contains information that Sprouts, Aldi, and Instacart designated

(Reply and sur-reply briefs, if any, are due on June 18 and June 25.)

## III.   THE COURT SHOULD TRANSFER THIS ACTION TO TEXAS UNDER THE FIRST-TO-FILE RULE

The Court should transfer this action to Texas under the first-to-file rule because Fall Line filed its actions in Texas well before Instacart filed its action here. Instacart may argue that the customer-suit exception to the first-to-file rule applies. But whether that exception warrants departing from the first-to-file rule should itself be decided by the Texas court.

### A.   The First-To-File Rule Generally Applies

"When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Rsch. Corp.,* 737 F.3d 704, 708 (Fed. Cir. 2013) (citing *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)); *see also Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1164-66 (N.D. Okla. 2010) (discussing both Fifth Circuit and Tenth Circuit law on the first-to-file rule).

A court presented with a motion to transfer under the first-to-file rule must first determine whether the first-to-file rule applies as a general

---

confidential under the protective order in Texas.  Fall Line asked them for permission to submit that information to this Court. They said no.

matter. *See Cherokee Nation*, 724 F.Supp.2d at 1167. This requires analysis of three factors:  (1) the chronology of actions; (2) the similarity of parties; and (3) the similarity of issues. *See id.* Given the premise of Instacart's declaratory judgment action here, these factors are easily satisfied.

The first factor is satisfied: Fall Line filed the Texas actions against Sprouts and Aldi four months before Instacart filed its action here. *See Cherokee Nation*, 724 F.Supp.2d at 1168 (holding that this factor was met based solely on the relative timing of the filings).

The second factor is also satisfied. "[I]t is well accepted that 'the parties do not need to be identical' and that '[o]nly similarity or substantial overlap is required.'" *See Cherokee Nation*, 724 F.Supp.2d at 1169 (quoting *Shannon's Rainbox LLC v. Supernova Media, Inc.*, 683 F. Supp. 2d 1261, 1278-79 (D. Utah 2010)). Instacart, Sprouts, and Aldi's own positions make clear that the parties in the Texas action and in this action are sufficiently similar.  Sprouts and Aldi, calling themselves the "Instacart Defendants," expressly invoked the customer-suit exception to the first-to-file rule in Texas. *See* Ex. 13 at 3-4 [Sprouts Motion]; Ex. 14 at 3-4 [Aldi Motion]. That, of course, concedes that the first-to-file rule applies in the first place. Instacart likewise dubs Sprouts and Aldi the "Instacart Defendants." It alleges that jurisdiction exists for its declaratory judgment action here because Fall Line's claims in Texas against the "Instacart Defendants" are really claims against Instacart. *See, e.g.,* Dkt.

No. 1 at ¶ 14 [Instacart Complaint] ("As a result of the allegations against the Instacart Defendants, which are based on mobile application functionality provided by Instacart, there exists an immediate and actual case or controversy between Instacart and Defendant regarding whether Instacart's technology and products infringe the '748 Patent."). So there is no way for Instacart to plausibly maintain that the parties are insufficiently similar.

Indeed, Instacart is represented by the same attorneys here that represent Sprouts and Aldi in Texas (for reasons that Fall Line is not allowed to disclose to the Court because Instacart designated that information as confidential under the Texas protective order). So any assertion that their interests are insufficiently aligned cannot be correct. *See Cherokee Nation*, 724 F.Supp.2d at 1169-70 (ruling that parties represented by the same counsel, seeking to vindicate the same interests, were sufficiently similar under this factor).

The third and final factor is similarly satisfied. "[T]he first-to-file rule does not require identity of claims." *See Cherokee Nation*, 724 F. Supp. 2d at 1168 (quoting *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1298 (D. Kan. 2010)). Rather, "the issues must only be substantially similar in that they seek like forms of relief and hinge on the same legal/factual issues." *See id.* (quoting *Shannon's Rainbow,* 683 F.

Supp. 2d at 1279). Again, Instacart, Sprouts, and Aldi's own positions make clear that this factor is satisfied. They all say that the claims against Sprouts and Aldi that Fall Line filed in Texas are really claims against Instacart. And in both the Texas actions and in this action, they explain that the core issue is whether "Instacart technology" infringes Fall Line's patent. *See id.* at 1170 (concluding this factor was met because "there is a substantial overlap of core issues" in the actions).

Because all three factors are satisfied, the first-to-file rule applies as a general matter. As explained below, that means the Court should transfer this action to the Eastern District of Texas.

### B. The Texas Court Should Decide Whether Any Exceptions To The First-To-file Rule Apply

Supported by Instacart, Sprouts and Aldi have moved to transfer the Texas actions here, arguing that the customer-suit exception to the first-to-file rule applies. *See* Ex. 13 [Sprouts Transfer Motion]; Ex. 14 [Aldi Transfer Motion]. Fall Line disagrees that the exception applies. Fall Line has already completed discovery on this issue in Texas and has filed its opposition to the motions to transfer there. *See* Ex. 15 [Redacted Opp].

In response to this motion, Instacart may likewise argue that the customer-suit exception applies. If it does, that argument should be heard in

Texas. Once it is clear that the first-to-file rule applies, the general rule is that the first-filed court should decide whether any exceptions apply.

While the Tenth Circuit has not expressly spoken on the issue, district courts within it have stated that the second-filed court should usually defer to the first-filed court to decide how the cases should proceed:

> When presented with a motion to transfer or stay based on the first-to-file rule, the role of the second-filed court is to determine whether the moving party in the second-filed court has demonstrated a substantial overlap between the two suits. . . . **If the second-filed court finds that the first-to-file rule generally applies, the second-filed court should transfer** the case to the first-filed court for enforcement of the rule.

*Letbetter v. Local 514, Transp. Workers Union of Am.,* No. 14-CV-00125-TCK-FHM, 2014 WL 4403521, at *4 (N.D. Okla. Sept. 5, 2014) (cleaned up, emphasis added); *see also Cherokee Nation,* 724 F. Supp. 2d at 1166 ("[T]he preference is for the court of first-filing to decide the application of the first to file rule."); *Wallace,* F. Supp. 2d at 1296 (explaining general preference for first-filed court to decide where second-filed case will proceed); *Johnson v Pfizer, Inc.,* No. 04-1178, 2004 WL 2898076, at *2 (D. Kan. Dec. 10, 2004) (unpublished) (explaining that "[a]pplication of these or any other exception [to the first-to-file rule] is usually left to the first-filed court" and "[l]ikewise, any . . . objections to venue would be decided by that court"); *Ed Tobergte Assocs., Inc. v. Zide Sport Shop of Ohio, Inc.,* 83 F. Supp. 2d, 1197, 1199 (D. Kan. 1999) (explaining that when second-filed court is presented with a

motion to transfer under the first-to-file rule, "[t]he immediate question before the court is not whether jurisdiction and venue are proper in the [second-filed case] or the [first-filed case], but which court should decide those issues").

The Fifth Circuit, where Fall Line's original actions are pending, has likewise explained that a second-filed court plays a limited role when presented with a motion to transfer based on the first-to-file rule. *See, e.g., Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-606 (5th Cir. 1999). That role is to decide whether there is a "substantial overlap" between the actions such that the first-to-file rule generally applies. *See id.* If, based on that overlap, the first-to-file rule applies as a general matter, the second-filed court allows the first-filed court to "resolve the question of whether both [cases] should be allowed to proceed." *Id.* (explaining that the first-filed court performs the "balancing act" in deciding how to maximize judicial economy between the two suits and that, by playing a limited role, the second-filed court avoids "entrenching on the authority of its sister court").

Whether the customer-suit exception applies is already being litigated in Texas. Represented by the same attorneys representing Instacart here, Sprouts and Aldi have already asserted that the customer-suit exception warrants all the actions being heard in this Court instead of in Texas. *See* Ex. 13 [Sprouts Transfer Motion]; Ex. 14 [Aldi Transfer Motion]. Fall Line has

already taken discovery on the issue, not only from Sprouts and Aldi, but also from Instacart. And Fall Line has already filed its opposition to their motions to transfer under the customer-suit exception.

Given these circumstances, whether the customer-suit exception applies should be decided in the first instance by the Texas court. *See Cherokee Nation*, 724 F. Supp. 2d at 1171 (deferring to the first-filed court because "the first to file 'exception' question being argued before this Court is completely intertwined with similar legal issues that are also pending before the first-filed court").

### C.    The Court Should Transfer This Action To Texas

Once the Court determines that the first-to-file rule applies, it has the option of staying the second-filed action rather than immediately transferring it to the first-filed court. *See Cherokee Nation*, 724 F. Supp. 2d at 1171-72.

In this case, a transfer is superior to a stay. First, as discussed above, the Court should allow the Texas court to decide in the first instance whether the customer-suit exception warrants departing from the first-to-file rule. "A transfer more readily accomplishes this objective than a stay." *Id*. at 1172 (transferring second-filed action to allow the first-filed court to decide whether plaintiff "can demonstrate an exception to the first-to-file rule").

Second, the Texas court is in a better position to determine whether the customer-suit exception applies. It is exceptionally familiar with Fall Line's

patent and various issues surrounding it.  And the customer-suit exception's applicability to these actions is already before it. Moreover, Fall Line has taken discovery in Texas that it believes shows that the customer-suit exception does not apply in this case and has opposed Sprouts and Aldi's motions to transfer on that basis.  Fall Line cannot use that discovery here: Instacart, Sprouts, and Aldi designated it as confidential under the protective order in Texas and they would not allow Fall Line to use it in this court.

Third, transfer to Texas under the first-to-file rule is appropriate because Instacart is trying to forum shop.   Instacart could have filed in Texas, where the same attorneys representing it are defending Sprouts and Aldi.  Despite that, Instacart chose to file here—a district to which it has no meaningful connection.  There is only one explanation for Instacart's choice: it wants to avoid the Texas court, which has already ruled on numerous issues in favor of Fall Line.

## V.    CONCLUSION

For the foregoing reasons, the Court should transfer this action to the Eastern District of Texas.


Dated: June 16, 2025                Respectfully submitted,

                                    /s/ *Matthew J. Antonelli*
                                    Matthew J. Antonelli (*pro hac vice*)
                                    Texas Bar No. 24068432

matt@ahtlawfirm.com
Zachariah S. Harrington (*pro hac vice*)
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr. (*pro hac vice*)
Texas Bar No. 24051428
larry@ahtlawfirm.com
Rehan M. Safiullah (*pro hac vice*)
Texas Bar No. 24066017
rehan@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
(713) 581-3020 (fax)

Michael S. Linscott, OBA No. 17266
mlinscott@dsda.com
David W. Wulfers, OBA No. 9926
dwulfers@dsda.com
DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.
Two West Second Street, Suite 700
Tulsa, OK 74103-3119
(918) 591-5288 | (918) 591-5315
(918) 925-5288 | (918) 925-5315 (fax)

*Attorneys for Fall Line Patents, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of June 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

> */s/ Matthew Antonelli*
> Matthew Antonelli

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I conferred with counsel for Instacart, John Hutchins, regarding this motion, who informed me that Instacart opposes this motion.

> */s/ Matthew Antonelli*
> Matthew Antonelli