# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| FALL LINE PATENTS, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC.,<br><br>　　　　　　　　Defendant. | Civil Action No. 5:24-cv-00167-RWS<br><br>**(Consolidated Lead Case)**<br><br>**<u>JURY TRIAL DEMANDED</u>** |
| FALL LINE PATENTS, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SPROUTS FARMERS MARKET, INC. and<br>SFM, LLC D/B/A SF MARKETS, LLC,<br><br>　　　　　　　　Defendants. | Civil Action No. 5:24-cv-00182-RWS<br><br>**(Member Case)**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## <u>DEFENDANT SPROUTS FARMERS MARKET'S RESPONSES AND OBJECTIONS TO PLAINTIFF FALL LINE'S FIRST SET OF COMMON INTERROGATORIES (NOS. 1-16)</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Sprouts Farmers Market, Inc. and SFM, LLC d/b/a SF Markets, LLC (collectively, "Sprouts" or "Defendants") hereby respond to Plaintiff Fall Line Patents, LLC's ("Fall Line" or "Plaintiff") First Set of Common Interrogatories to Defendants (Nos. 1-16).

Defendants' response to each Interrogatory is made subject to and without waiver of any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose other than this response. Defendants' responses to these Interrogatories are based upon the facts and information currently known and available to Defendants, and are given without prejudice to Defendants' right to provide or introduce at trial evidence of any subsequently

discovered information. Defendants have not completed their investigation of the facts relating to this case, have not completed discovery in this action, and have not completed preparation for any trial that might be held. As a consequence, all responses provided herein are subject to amendment and/or supplementation by Defendants as discovery and Defendants' investigation continue. Defendants reserve the right to supplement, amend, modify, or alter its responses to these Interrogatories.

## GENERAL OBJECTIONS

1.      Each and every Interrogatory is subject to the general objections listed below. These general objections are incorporated into each of the specific individual responses set forth below as if fully set forth therein. Certain of these general objections may be specifically interposed for the purpose of clarity in response to a particular Interrogatory; however, the failure to expressly state any general objection in a particular response should not be construed as a waiver of the objection.

2.      Defendants object to each and every definition, instruction, or interrogatory contained in Plaintiff's First Set of Common Interrogatories to the extent that it seeks to impose upon Defendants any obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence (collectively "Federal Rules"), and the Local Rules and Patent Rules of the United States District Court for the Eastern District of Texas ("Local Rules" and "Patent Rules").

3.      Defendants object to each and every instruction, definition and interrogatory to the extent that it seeks disclosure of experts or expert reports or opinions in advance of the timing provided by the Federal Rules, the Local Rules, Patent Rules, or any scheduling order entered by the Court.

4.      Defendants object to each and every instruction, definition and interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege, attorney

work-product doctrine, joint-defense, common interest, or any other applicable privilege or protection, as provided by any applicable law. Defendants do not intend to produce such privileged or protected documents or information. To the extent that any document which is properly subject to any such privilege is inadvertently produced in connection with a request, such inadvertent disclosure is not to be construed as a waiver of such privilege, and such document and all copies thereof shall be returned to counsel for Defendants and any copies remaining in possession of Plaintiff or counsel for Plaintiffs destroyed, in accordance with the Protective Order (ECF. No. 70 ¶ 12), Fed. R. Evid. 502(b), Fed. R. Civ. P. 26(b)(5)(B), and any other relevant Orders entered by the Court. Further, as stipulated to in the Discovery Order in this case (ECF No. 71), all communications between Defendants and its legal counsel, or documents reflecting instructions or advice of counsel, on or after filing of the original complaint in this lawsuit, are privileged, will not be produced, and no privilege log for such communications will be provided.

5.      Except to the extent it relates to prior art or the '748 Patent, Defendants object to each and every instruction, definition and interrogatory to the extent that it seeks information that falls outside the six-year time limit set forth in 35 U.S.C. § 286 (i.e., prior to November 25, 2018). Consequently, unless otherwise agreed, Defendants do not currently plan to provide documents or other information prior to November 25, 2018 (except to the extent it relates to prior art), and to the extent Defendants may have done so or may do so, it is without waiver of this objection.

6.      Defendants object to the Interrogatories to the extent that they are compound and conjunctive and constitute an improper attempt to circumvent the numerical limit on Interrogatories set by the Federal Rules of Civil Procedure and any Discovery Order in this case. The fact that Defendants have provided responses to Interrogatories notwithstanding this objection should not be misconstrued as an indication that Defendants are waiving this objection, or that

Defendants will not assert this objection if Plaintiff propounds additional Interrogatories, or files a motion to compel Defendants to provide other or further responses to these Interrogatories or any other Interrogatories. Defendants explicitly reserve their right to assert this objection in these or other appropriate circumstances.

7.      Defendants object to each and every instruction, definition and interrogatory to the extent that it is overly broad, unduly burdensome, oppressive, and could cause undue burden and expense.

8.      Defendants object to each and every instruction, definition and interrogatory to the extent that it requests information that is not relevant to the claims or defenses in this action and/or is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendants further object to the "Definitions" and "Instructions" sections of the Interrogatories to the extent that they purport to require discovery responses beyond that which is required by the Federal Rules and the Local Rules, and subject to the further specific objections set forth below.

9.      Defendants object to each and every instruction, definition and interrogatory to the extent that it seeks an improper legal conclusion or opinion and/or information more appropriately obtained through other discovery such as oral depositions.

10.     Defendants object to each and every instruction, definition and interrogatory to the extent that it seeks information not within the possession, custody, or control of Defendants or that is not known by or reasonably available to Defendants.

11.     Defendants further object to each and every instruction, definition and interrogatory to the extent that it seeks information already in the possession, custody or control of Plaintiff, including those which have been or may be produced by it, as being overly broad, unduly burdensome and expensive, and not consistent with the Federal Rules.

12.     Defendants object to each and every instruction, definition and interrogatory to the extent that it seeks facts, documents, and/or information that is publicly available, unreasonably cumulative or duplicative, or already known and equally available to Plaintiff as being unduly burdensome.

13.     Defendants object to each and every instruction, definition and interrogatory to the extent that it seeks documents and/or information other than that kept in the ordinary course of business.

14.     Defendants object to each and every instruction, definition and interrogatory to the extent that it is vague, ambiguous, or fails to describe the information sought with the required reasonable particularity.

15.     Defendants object to each and every instruction, definition and interrogatory to the extent that it seeks to impose upon Defendants an obligation to investigate or discover information, materials or documents from any entity other than Defendants, including, but not limited to, third parties.

16.     Defendants object to each and every instruction, definition and interrogatory to the extent that it purports to require Defendants to disclose any information or documents which contain the private, confidential or privileged information of third parties which Defendants are under an obligation not to disclose.

17.     Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), Defendants object to each and every instruction, definition and interrogatory to the extent that it seeks electronically stored information that is not reasonably accessible because of the undue burden and cost associated with retrieving and producing such information. Defendants also object to each and every instruction, definition and interrogatory to the extent that it seeks electronically stored information or other types of information that need not be produced pursuant to the terms of any Discovery Order entered in this case.

18.     Defendants object to each and every instruction, definition and interrogatory to the extent that it redundantly seeks information that Defendants are already required to provide pursuant to the Local Rules or Patent Rules, or that is in conflict with the Local Rules, Patent Rules, or the Federal Rules.

19.     Defendants' agreement to furnish information in response to Plaintiff's First Set of Common Interrogatories shall not be deemed to constitute an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial.

20.     Defendants' response (including any disclosure of information or documents) to any of Plaintiff's Interrogatories is made subject to and without waiver of any objections stated herein.

21.     In addition to these General Objections, Defendants have specific objections to certain definitions, instructions, and interrogatories as set forth below. By stating these specific objections, Defendants does not waive any of the General Objections that may also be applicable to specific interrogatories. Additionally, all the General Objections are hereby incorporated into each and every response even though they are not referenced or restated therein.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.      Defendants object to Definition Nos. 1 and 2 of "you," "your," and "defendant" as overbroad, unduly burdensome, and not proportional to the needs of the case at least because it includes, in addition to Defendants, "any of their Affiliates; any of their or their Affiliate's predecessors, successors, agents, employees, representatives; or anyone else, acting on behalf of or in concert with a defendant or a defendant Affiliate," and where Plaintiff defines "Affiliate" as "any individual, trust, corporation, partnership, joint venture, limited liability company, association, unincorporated organization or other legal entity that is controlling, controlled by or is under common control with such entity. "Controls, is controlled by, or is under common control with" means beneficial ownership of fifty percent (50%) or more of the voting securities or shares of such entity." For the purposes of responding to Plaintiff's interrogatories, Defendants understand Plaintiff's No. 1 definition to include Sprouts Farmers Market, Inc. and SFM, LLC d/b/a SF Markets, LLC.

2.      Defendants object to Definition No. 3 of "Person" to the extent that the definitions purport to impose a meaning broader than the definition provided in the Federal Rules or to the extent it incorrectly lays out definitions provided in Fed. R. Evid. 1001.

3.      Defendants object to Definition No. 4 of "Patent" to the extent that the definition includes patents not asserted in this case, such as "any patents or patent applications related to the patent-in-suit (foreign or domestic) through a claim of priority (or through a chain of priority claims), as well as any patent applications corresponding to any of the foregoing patents."  For the purposes of responding to Plaintiff's interrogatories, Defendants understand "Patent" to mean U.S. Patent No. 9,454,748 ("the '748 Patent"), U.S. Patent App. No. 12/910,706 ("the '706 Application") which issued as the '748 Patent, and U.S. Patent App. Pub. No. 2011/0040831 ("the '831 Publication"), the publication corresponding to the '706 Application.

4.      Defendants object to Definition No. 5 of "Order" to the extent it is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence relevant to any claim or defense.

5.      Defendants object to Definition No. 6 of "Accused Product" to the extent that "any of the products and/or systems (including, for example, Your mobile applications and associated servers) that allow a user to place an order through Your mobile application(s)" improperly expands the scope of discovery to include "systems, software, and products" that are not specifically accused of infringement.   To the extent this definition includes products and/or systems not specifically accused of infringement, this definition seeks information that is irrelevant to the claims in this litigation. The scope of discovery must be limited to the accused product identified in Plaintiff's Infringement Contentions. Defendants understand "Accused Product" to mean the Sprouts Mobile Application.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS

1.      Defendants object to Instruction Nos. 2, 6, and 7 to the extent that they purport to require discovery responses beyond that which is required by the Federal Rules, the Local Rules, the Patent Rules, or any relevant Order entered by the Court.

2.      Defendants object to Instruction No. 5 to the extent it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants also object to Instruction No. 5 as it purports to require discovery responses beyond that which is required by the Federal Rules, the Local Rules, the Patent Rules, or any relevant Order entered by the Court.

3.      Defendants object to Instruction No. 6 as overly broad, unduly burdensome, and not proportional to the needs of the case. To the extent that Defendants withhold information otherwise discoverable by claim claiming that the information is privileged or subject to protection as attorney work product, Defendants will comply with Rule 26(b)(5)(A) and any Discovery Orders

entered in this case. Defendants will exchange withheld document logs with Plaintiff at a mutually agreeable time.

4.      Defendants object to Instruction No. 7 to the extent to the extent it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants also object to Instruction No. 7 as it purports to require discovery responses beyond that which is required by the Federal Rules, the Local Rules, the Patent Rules, or any relevant Order entered by the Court.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

For each Accused Product (including each version of each Accused Product), provide (a) all product numbers, product names, code names, SKU numbers, or any other names or identifiers for the Accused Products, (b) the dates the Accused Product (or version of the accused products) were made, sold, distributed, or otherwise available to users of the Accused Product and (c) the countries in which the Accused Product were made, sold, or otherwise distributed.

### **RESPONSE:**

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response. Sprouts objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information about products made, used, or sold outside of the United States. Sprouts objects to this Interrogatory to the extent that it asks for information prior to November 25, 2018.  Sprouts objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case at least because it asks for "all product numbers, product names, code names, SKU numbers, or any other names or identifiers for the Accused Products." Sprouts will provide information in response to this Interrogatory sufficient to identify the Accused Product.

Subject to and without waiving the foregoing objections, and to the extent Sprouts understands this Interrogatory, Sprouts responds as follows: in the United States, the Accused

Product is referred to as the "Sprouts Farmers Market Mobile Application." The Sprouts Farmers Market Mobile Application may also be referred to as the "Sprouts Mobile Application" or "Sprouts mobile app." The Sprouts Mobile Application was available in the Apple AppStore (e.g., for Apple iPhones) and Google Play (e.g., for Android phones) no later than November 25, 2018. *See* SFM_0000108-09. Sprouts is not aware of any significance of any version number corresponding to the Sprouts Mobile Application. Sprouts is not aware of any product number, product name, code name, SKU number or any other name or identifier for the Sprouts Mobile Application other than what has been described above.

Sprouts may supplement its responses under Rule 33(d), Fed. R. Civ. P., by specifying the document production number for relevant, non-privileged documents from which Plaintiff may derive or ascertain additional information responsive to this Interrogatory.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

**INTERROGATORY NO. 2:**

Describe in detail the design and operation of each Accused Product including, but not limited to, a description of: (a) the form, content, and/or source data of any messages, signals, requests, or other communication sent or received in the Accused Product and (b) any servers, gateways, and/or interfaces involved during the operation of the Accused Product. The description should be sufficiently detailed to allow a meaningful assessment of whether the Accused Products, or the use of the Accused Products, meets the limitations of the claims of the Patent. Include a description of any material differences in the design and operation of each version of each Accused Product.

**RESPONSE:**

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response. Sprouts objects to this Interrogatory to the extent that it asks for information prior to November 25, 2018. Sprouts objects to the Interrogatory to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information regarding design and operation of the Accused Product beyond the scope of the asserted claim. The Interrogatory is also vague and overbroad to the extent it calls for information regarding "any messages, signals, requests, or other communication," "any servers, gateways, and/or interfaces involved," and a description "sufficiently detailed to allow a meaningful assessment of whether the Accused Products meets the limitations of the claims of the patent." There is only one asserted claim, it has not yet been construed in this case, and the Interrogatory fails to provide enough specificity to determine what particular functionality Plaintiff deems important as far as determining whether any product would infringe the asserted claim. If Plaintiff wishes to obtain a description of particular functionality that it considers important with respect to alleged infringement, it should propound a more specific Interrogatory. Sprouts also objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information about products made, used, or sold outside of the United States. Sprouts further objects to this Interrogatory because it consists of at least two distinct subparts (e.g., in asking for information about "form, content, and/or source data," "any servers, gateways, and/or interfaces") and, thus, counts as at least two distinct interrogatories. Sprouts further objects to this Interrogatory to the extent that it seeks information publicly available to Fall Line. Sprouts further objects to this Interrogatory to the extent that it seeks information outside of Sprouts's possession or control.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory, Sprouts responds as follows: as explained in Sprouts's motion to

transfer or stay, Maplebear, Inc. d/b/a Instacart ("Instacart") designs and operates the Accused Product on behalf of Sprouts.  Sprouts only manages user authentication and member loyalty numbers. Instacart designs and operates all other configurations in the Accused Product which sends or receives "any messages, signals, requests, or other communications."

Sprouts may supplement its response under Rule 33(d), Fed. R. Civ. P., by specifying the document production number for relevant, non-privileged documents from which Plaintiff may derive or ascertain additional information responsive to this Interrogatory.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

## INTERROGATORY NO. 3:

For each version of each Accused Product, identify the date that it was first made, sold, distributed, or otherwise available to users of the Accused Product, and provide, on a monthly basis beginning on November 25, 2018, (a) the number of units and/or copies downloaded by a customer, (b) the number of times a user communicated with You (including to communicate with Your backend servers) through an Accused Product, (c) the number of Orders that were placed through it, (d) the number of such Orders that were fulfilled in whole or in part, and (e) the revenue generated by Orders that were placed through it.

## RESPONSE:

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response. Sprouts objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information about products made, used, or sold outside of the United States.  Sprouts objects to this Interrogatory to the extent that it asks for information prior to November 25, 2018.  Sprouts further objects to this Interrogatory

because it consists of at least five distinct subparts (e.g., subparts (a) through (e)) and, thus, counts as at least five distinct interrogatories. Sprouts further objects to the Interrogatory to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information beyond the scope of the asserted claim and which is not relevant to any issue in the case.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory, Sprouts responds as follows: the Sprouts Mobile Application was available no later than November 25, 2018 in the Apple AppStore (e.g., for Apple iPhones) and on Google Play (e.g., for Android smartphones). *See* SFM_0000108-09.

With respect to subpart (a), Sprouts presently understands that roughly three million units and/or copies of the Sprouts Mobile Application have been downloaded by customers. *See* SFM_0000107-08.

With respect to subpart (e), Sprouts has collected the following document which may contain responsive information: SFM_0000095. Sprouts is not presently aware of any other responsive, non-privileged documents in Sprouts's possession. For the purposes of responding to this Interrogatory, Sprouts will conduct a reasonable search for responsive, non-privileged documents in its possession and, if such documents exist, provide documents responsive to subparts (b), (c), and (d), pursuant to Rule 33(d), Fed. R. Civ. Proc., the Local Rules, and the Patent Rules. Sprouts will supplement by specifying the document production number for relevant, non-privileged documents from which Plaintiff may derive or ascertain additional information responsive to this Interrogatory.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its

admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

**INTERROGATORY NO. 4:**

How often do users of your mobile applications choose each of the location privacy options available to them (e.g., allow location access never, ask each time, only while using the app, or always)? To the extent you contend that you do not have the ability to respond to this interrogatory, explain the basis for your contention that it is not possible to obtain this information, and provide information sufficient to estimate how often the users of your mobile application choose each of the location privacy options available to them.

**RESPONSE:**

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response. Sprouts objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information about products made, used, or sold outside of the United States. Sprouts objects to this Interrogatory as being vague with respect to the terms "each of the location privacy options available to them," to the extent it refers to anything beyond the examples provided in the Interrogatory. Sprouts objects to this Interrogatory to the extent that it asks for information prior to November 25, 2018. Sprouts further objects to the Interrogatory to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information beyond the scope of the asserted claim.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory, Sprouts responds as follows: Sprouts does not have the ability to respond to this Interrogatory because Sprouts does not design, operate, or control the Sprouts Mobile Application. Instacart designs, operates, and controls the Sprouts Mobile Application on behalf of Sprouts, including any alleged location privacy options available in the Sprouts Mobile

Application.  Should this information pursuant to any alleged location privacy options available in the Sprouts Mobile Application exist, such information would be in the control of Instacart. Sprouts is not aware of any responsive, non-privileged documents within Sprouts's possession or control which are responsive to this Interrogatory.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

**INTERROGATORY NO. 5:**

For each Accused Product, identify (including by production number) any contract or agreement (e.g., application license agreement, software license agreement, end-user license agreement, etc.) that you have entered into with end users of the Accused Products, including a contract or agreement through which you exercise any direction and control over end users; provide any instructions, directions, or support to end users; or provide any terms of use to end users. For any identical form contract or agreement that you have entered with multiple end users, you may identify only the form contract or agreement so long as you also provide the number of end users for that form contract or agreement on at least a monthly basis and describe how the information about which customers are governed by that contract or agreement is stored and/or maintained.

**RESPONSE:**

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response.  Sprouts objects to this Interrogatory to the extent that it asks for information before November 25, 2018.  Sprouts further objects to the Interrogatory to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information beyond the scope of the asserted claim and contracts not pertinent thereto.  Sprouts further objects to this Interrogatory to the extent that it seeks information publicly available to Plaintiff.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory: Sprouts identifies SFM_0000198-SFM_0000208 as Sprouts's Terms of Use ("Terms"), effective June 26, 2024, which end users of the Sprouts Mobile Application enter into as a condition of using the Sprouts Mobile Application. Sprouts does not, in the ordinary course of business, track information regarding end users' acceptance of the Terms. Sprouts is conducting a reasonable search for prior versions of the Terms which were effective within the last six years. For the purposes of responding to this Interrogatory, Sprouts understands that all users of the Sprouts Mobile Application since at least November 25, 2018 have agreed to the Terms.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

## INTERROGATORY NO. 6:

Identify any contract or agreement that you entered relating to any Accused Products, including each contract or agreement under which you receive a payment from an end user of the Accused Products (whether directly or through a third party), or under which you make a payment to a third party relating to use of the Accused Products.

## RESPONSE:

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response. Sprouts objects to this Interrogatory to the extent that it asks for information prior to November 25, 2018. Sprouts further objects to this Interrogatory because it consists of at least three distinct subparts and, thus, counts as at least three distinct interrogatories. Sprouts further objects to this Interrogatory to the extent it seeks information protected from discovery, including

16

based on the attorney-client privilege, the attorney work product doctrine, the common interest/joint defense doctrine, and/or any other applicable legal privilege or immunity.  Sprouts does not intend to provide information protected from discovery in response to Plaintiff's discovery requests.  Sprouts further objects to the Interrogatory to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information regarding "any" contracts, including those not relevant to the asserted claim or this case.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory: Sprouts entered into the following identified agreements with Unata, Inc., controlled by Instacart, and Instacart, under which Instacart designs, operates, and maintains the Sprouts Mobile Application. *See* SFM_0000001-SFM_0000056, SFM_0000070-SFM_0000081.   Information responsive to this Interrogatory can be found in the identified agreements.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial.  Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

**INTERROGATORY NO. 7:**

Describe in detail any knowledge You had of Fall Line, MacroSolve, Inc., David Payne, or the Patent before this lawsuit was filed.

**RESPONSE:**

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response.  Sprouts objects to this Interrogatory to the extent that it asks for information prior to

November 25, 2018.  Sprouts further objects to the Interrogatory to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information outside the scope of this lawsuit.  Sprouts further objects to this Interrogatory to the extent that it seeks information outside of the asserted claim.  Sprouts further objects to this Interrogatory to the extent it seeks information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, the common interest/joint defense doctrine, and/or any other applicable legal privilege or immunity.  Sprouts does not intend to provide information protected from discovery in response to Plaintiff's discovery requests.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory: Sprouts was not aware of any of Fall Line, MacroSolve, Inc., David Payne, or the '748 Patent before this lawsuit was filed on November 25, 2024.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

**INTERROGATORY NO. 8:**

Describe in detail the steps that You have taken to avoid infringing the patent rights of others (if any), including any steps you have taken to avoid infringing the Patent after learning of its existence, or to avoid infringing the patent rights of third parties regarding your Accused Products.

**RESPONSE:**

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response.  Sprouts objects to this Interrogatory to the extent that it asks for information prior to November 25, 2018.  Sprouts further objects to the Interrogatory to the extent that it is overly

broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information beyond the scope of the asserted claim and patent. Sprouts further objects to this Interrogatory to the extent it seeks information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, the common interest/joint defense doctrine, and/or any other applicable legal privilege or immunity. Sprouts does not intend to provide information protected from discovery in response to Plaintiff's discovery requests.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory: the Sprouts Mobile Application does not infringe the asserted claim, either literally or under the doctrine of equivalents (see also Response to Interrogatory No. 13) and thus no steps need to be taken to avoid infringement of the asserted patent because there has never been infringement of that patent by Sprouts. Sprouts respects the patent rights of others and would review and seek advice of counsel with respect to any allegations of infringement or other significant patent issues of which it becomes aware, including the invalidity of any asserted patents, non-infringement positions, any potential design around undertaken to avoid infringement, and/or others.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

**INTERROGATORY NO. 9:**

Identify and describe in detail any non-infringing alternative or design-around that you intend to rely on for any purpose in this action. Include in your answer a detailed description of (a) each non-infringing alternative or design-around; (b) how each non-infringing alternative or design-around differs from the Accused Products and why you believe it is non-infringing; (c) the

availability of each non-infringing alternative or design-around; (d) the commercial acceptability of each non-infringing alternative or design-around; (e) the dates when each non-infringing alternative or design-around was available; (f) the cost of adopting, or switching to, each non-infringing alternative or design-around; (g) any studies, tests, or analyses relating to each non-infringing alternative or design-around; (h) all persons with knowledge relevant to each non-infringing alternative or design-around; and (i) any documents on which you intend to rely in connection with each non-infringing alternative or design-around.

**RESPONSE:**

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response. Sprouts objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. Sprouts objects to this Interrogatory to the extent that it asks for information prior to November 25, 2018. Sprouts further objects to this Interrogatory because it consists of at least nine distinct subparts (e.g., subparts (a) through (i)) and, thus, counts as at least nine distinct interrogatories. Sprouts further objects to this Interrogatory as prematurely seeking expert testimony or opinions related to defending against a damages claim that has not yet been made by Plaintiff, which Sprouts will timely provide pursuant to the Court's scheduling order(s), the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules. Sprouts further objects to this Interrogatory as prematurely seeking information before a claim construction order construing the asserted claim has been issued by the Court. Sprouts further objects to this Interrogatory to the extent it seeks information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, the common interest/joint defense doctrine, and/or any other applicable legal privilege or immunity. Sprouts does not intend to provide information protected from discovery in response to Plaintiff's discovery requests.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory: the Sprouts Mobile Application does not infringe, literally or under the doctrine of equivalents, the asserted claim (see also Response to Interrogatory No. 13).

Sprouts will provide further expert testimony and/or opinions relating to non-infringing alternatives, if any, pursuant to the Court's scheduling order.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

**INTERROGATORY NO. 10:**

Identify all packaging, advertisements, website promotional material, product unveilings, instructional guides or manuals, videos, tutorials, documents regarding advertising strategy and/or sales training manuals, product brochures, website content, marketing documents, display signs, or any other communications to end users of the Accused Products, or potential end users of the Accused Products, that promoted any of the Accused Products.

**RESPONSE:**

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response.  Sprouts objects to this Interrogatory to the extent that it asks for information prior to November 25, 2018.  Sprouts further objects to the Interrogatory to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information beyond the scope of the asserted claim.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory: Sprouts identifies the following document production numbers as having information responsive to this Interrogatory.  *See* SFM_0000086-87, SFM_0000089-94, SFM_0000100-06.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its

admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

**INTERROGATORY NO. 11:**

Describe in detail any benefits that You enjoy as a result of end users or customers using the Accused Products to access services or products provided by You, rather than through some other approach (such as calling in by telephone or interacting in person with an employee or customer service agent), including cost savings, increased sales, competitive advantage over others, customer loyalty, customer need, faster ordering times, etc. Include in your description an identification and description of any analyses or studies You have made or have had made relating to such benefits and identify the individuals most knowledgeable about such benefits.

**RESPONSE:**

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response. Sprouts objects to this Interrogatory to the extent that it asks for information prior to November 25, 2018. Sprouts further objects to the Interrogatory to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information beyond the scope of the asserted claim. Sprouts objects to this Interrogatory as vague and unduly burdensome at least because it seeks for a description of "any benefits that You enjoy."

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory: Sprouts is not aware of any particular benefits of any claimed features that Sprouts enjoys because the Sprouts Mobile Application does not practice the claimed features. If Plaintiff wishes to obtain a description of particular benefit that it considers important with respect to a particular claimed feature of the Accused Product, it should propound a more specific Interrogatory. Sprouts is presently unaware of any requested studies and analyses, but will produce representative, non-privileged, non-work product, non-objectionable documents under Fed. R. Civ. P. 33(d) from which Plaintiff may derive or ascertain information responsive to this

Interrogatory, to the extent they exist.  Maria DiLalla, Director, Ecommerce, is knowledgeable about the use of the Sprouts Mobile Application.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

**INTERROGATORY NO. 12:**

Describe in detail the process by which you considered investing, and ultimately decided to invest, your resources in developing the Accused Products, including specifically, the approval process for that investment. Your description should include an identification (including by production number) of any presentations, reports, or other documents that were made for the potential investment of your resources for the Accused Products, as well as a description of the individuals (and their roles) who made such presentations and the individuals (and their roles) who ultimately approved the decision to go forward with the Accused Products.

**RESPONSE:**

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response. Sprouts objects to this Interrogatory to the extent that it asks for information prior to November 25, 2018.  Sprouts further objects to the Interrogatory to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case at least because it seeks information beyond the scope of the asserted claim.  Sprouts also objects to this Interrogatory as seeking information not in the possession of Sprouts, given that Sprouts did not develop the functionality accused of infringing the asserted claim.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory: Sprouts is presently unaware of any specific considerations or specific individuals related to the development or initial approval of the Sprouts Mobile

Application. Sprouts did not develop the Sprouts Mobile Application. Instacart designs, operates, and maintains the Sprouts Mobile Application on behalf of Sprouts. Information related to Sprouts's selection of Unata and/or Instacart as the vendor for the Sprouts Mobile Application may be found in the following document production numbers: *See* SFM_0000001-SFM_0000056, SFM_0000070-SFM_0000081. Should Sprouts identify additional responsive, non-privileged documents in Sprouts's possession which are responsive to this Interrogatory, Sprouts will supplement by identifying the document production number(s) from which Plaintiff may derive or ascertain additional information responsive to this Interrogatory.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

## INTERROGATORY NO. 13:

For each Accused Product, and for each limitation of each asserted claim of the Patent that you contend is not met (either literally or under the doctrine of equivalents) by the Accused Product, explain in detail the basis for your contention. If you disagree with any of the assertions in Fall Line's infringement contentions, include in your response a detailed explanation of why you disagree.

## RESPONSE:

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response. Sprouts objects to this Interrogatory to the extent that it asks for information prior to November 25, 2018. Sprouts further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case at this time at least because Plaintiff served its initial infringement contentions less than a month ago and it is unreasonable for Sprouts

24

to have fully developed its non-infringement positions at this time. The asserted claim has not yet been construed in this case. Sprouts further objects to this Interrogatory as prematurely seeking expert testimony or opinions, which Sprouts will timely provide pursuant to the Court's scheduling order(s), the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules. Sprouts further objects to this Interrogatory to the extent it seeks information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, the common interest/joint defense doctrine, and/or any other applicable legal privilege or immunity. Sprouts does not intend to provide information protected from discovery in response to Plaintiff's discovery requests.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory, Sprouts responds as follows: Sprouts does not infringe, literally or under the doctrine of equivalents, the asserted claim at least because the Sprouts Mobile Application does not meet at least the following claim elements: designing a questionnaire including at least one question said questionnaire customized for a particular location having branching logic on a first computer platform wherein at least one of said questions requests location identifying information; automatically transferring said designed questionnaire to at least one loosely networked computer having a GPS integral thereto; while said transferred questionnaire is executing, using said GPS to automatically provide said location identifying information as a response to said executing questionnaire; and automatically transferring via the loose network any responses so collected in real time to a central computer. For example, Sprouts does not design a questionnaire "customized for a particular location." The Sprouts Mobile Application includes the same program code regardless of the location in the United States to which the Sprouts Mobile Application is downloaded or operated. The Sprouts Mobile Application also does not include branching logic. Additionally, Sprouts does not "automatically

transfer[]" a questionnaire to a user device. Instead, a user must manually request and download the Sprouts Mobile Application to their device. As to GPS usage, the Sprouts Mobile Application does not use GPS "to automatically provide [] location identifying information." Instead, a user must choose and/or approve whether to use GPS functionality to specify a location for online shopping through the application. The Sprouts Mobile Application does not automatically provide location information using GPS; rather, a user must choose to do so. Similarly, the Sprouts Mobile application does not "automatically transfer[] via the loose network any responses so collected in real time to a central computer." A user must manually submit location information and other information (e.g., store selection, selection of goods) for available store look-up and ordering. Sprouts will supplement its response to this Interrogatory at a reasonable time during fact discovery.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

## INTERROGATORY NO. 14:

Explain in detail the basis for any affirmative defense that bars the relief sought by Fall Line in its complaint, in whole or in part.

## RESPONSE:

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response. Sprouts further objects to this Interrogatory as overly broad, unduly burdensome, premature, and not proportional to the needs of the case at this time least because Sprouts has yet to file an Answer in response to Plaintiff's Complaint setting forth any affirmative defenses.

Sprouts further objects to this Interrogatory as prematurely seeking expert testimony or opinions, which Sprouts will timely provide pursuant to the Court's scheduling order(s), the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules. Sprouts further objects to this Interrogatory to the extent it seeks information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, the common interest/joint defense doctrine, and/or any other applicable legal privilege or immunity. Sprouts does not intend to provide information protected from discovery in response to Plaintiff's discovery requests.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory, Sprouts responds as follows: Sprouts will supplement its response to this Interrogatory if and when Sprouts files its Answer responding to Plaintiff's Complaint containing any affirmative defenses (see also Response to Interrogatory No. 13).

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

## INTERROGATORY NO. 15:

Describe in detail all steps that you have taken to identify, preserve, collect, and produce relevant documents in this action, identifying each individual, custodian, or document repository from which documents were collected or that was made subject to a litigation hold notice, identifying by production number which produced documents were obtained from which individual, custodian, or document repository, and identifying the persons with most knowledge about these issues.

## RESPONSE:

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response. Sprouts further objects to this Interrogatory because it consists of at least four distinct

subparts and, thus, counts as at least four distinct interrogatories. Sprouts further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case Sprouts further objects to this Interrogatory to the extent it seeks information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, the common interest/joint defense doctrine, and/or any other applicable legal privilege or immunity. Sprouts does not intend to provide information protected from discovery in response to Plaintiff's discovery requests.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory, Sprouts responds as follows: Sprouts put in place a litigation hold on any pertinent documents and requested documents from individuals that Sprouts believed had relevant documents or information.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

**INTERROGATORY NO. 16:**

For each of the following topics, identify the five persons most knowledgeable about the topic: (a) research, design, and development of the Accused Products; (b) making of the Accused Products; (c) distribution of the Accused Products; (d) sale of the Accused Products; (e) advertising, marketing, or promoting of the Accused Products; (f) licensing relating to the Accused Products; (g) testing of the Accused Products; (h) accounting, including sales volume, revenue, download, use, cost-savings, and profitability accounting, for the Accused Products; (i) patenting relating to the Accused Products.

**RESPONSE:**

Sprouts incorporates its Specific Objections to Definitions and Instructions into this response.  Sprouts objects to this Interrogatory to the extent that it asks for information prior to November 25, 2018.   Sprouts further objects to this Interrogatory because it consists of at least nine distinct subparts (e.g., subparts (a) through (i)) and, thus, counts as at least nine distinct interrogatories.  Sprouts further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case at this time.   Sprouts further objects to this Interrogatory to the extent it seeks information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, the common interest/joint defense doctrine, and/or any other applicable legal privilege or immunity. Sprouts does not intend to provide information protected from discovery in response to Plaintiff's discovery requests.

Subject to and without waiving the foregoing objections, and to the extent that Sprouts understands this Interrogatory, Sprouts responds as follows: Jeffrey Bagwell has information related to the features of the Sprouts Mobile Application and Instacart's development of the Sprouts Mobile Application.  Maria DiLalla has information related to Sprouts's e-commerce and marketing operations with respect to the Sprouts Mobile Application.   Brittany Ignac has information related to Instacart's technical support and maintenance with respect to the Sprouts Mobile Application.  Any individuals with technical knowledge regarding the Sprouts Mobile Application who could provide further information responsive to this Interrogatory are employed by Instacart, not Sprouts.

Sprouts's agreement to furnish information in response to this Interrogatory shall not be deemed an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial. Discovery in this matter is still ongoing, and Sprouts reserves the right to

supplement its response in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Patent Rules.

Dated: April 14, 2025

/s/ John R. Hutchins
Michael C. Smith
SCHEEF & STONE, LLP
State Bar No. 18650410
113 East Austin Street
Marshall, Texas 75670
Office: (903) 938-8900
michael.smith@solidcounsel.com

John R. Hutchins
BANNER & WITCOFF, LTD.
State Bar No. 456749 (DC)
1100 13th St., NW, Suite 1200
Washington, DC 20005
Office: (202) 824-3147
jhutchins@bannerwitcoff.com

Paul T. Qualey
BANNER & WITCOFF, LTD.
State Bar No. 481106 (DC)
1100 13th St., NW, Suite 1200
Washington, DC 20005
Office: (202) 824-3120
pqualey@bannerwitcoff.com

Chunhsi Andy Mu
BANNER & WITCOFF, LTD.
State Bar No. 500784 (DC)
1100 13th St., NW, Suite 1200
Washington, DC 20005
Office: (202) 824-3156
amu@bannerwitcoff.com

Attorneys for Defendants, Sprouts Farmers Market, Inc. and SFM, LLC d/b/a SF Markets, LLC

## **CERTIFICATE OF SERVICE**

I certify that on April 14, 2025, a true and correct copy of the above and foregoing document was served on counsel for plaintiffs via email.

/s/ John R. Hutchins
John R. Hutchins