# EXHIBIT 14

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

|  |  |
|---|---|
| FALL LINE PATENTS, LLC, | |
| *Plaintiff,* | Civil Action No. 5:24-cv-00172-RWS |
| v. | **JURY TRIAL DEMANDED** |
| ALDI INC. and ALDI (TEXAS) L.L.C., | |
| *Defendants.* | |

## ALDI DEFENDANTS' OPPOSED MOTION TO TRANSFER TO
## THE NORTHERN DISTRICT OF OKLAHOMA

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................... 1

II.     BACKGROUND ...................................................................................................... 1

III.    SUMMARY OF ARGUMENT ................................................................................ 3

IV.     LEGAL STANDARD .............................................................................................. 3

V.      **The Customer Suit Exception Applies** .............................................................. 6

        A.      Instacart Developed and Operates Core Components of the Accused
                Functionality in the ALDI Mobile Application ............................................ 6

        B.      Infringement in the ALDI Case Will be Resolved by the Decision in the
                Instacart Action ............................................................................................. 9

        C.      Instacart is the Sole Source of the Allegedly Infringing Location-Based
                Available Store Lookup Functionality in the ALDI Mobile Application ............ 10

VI.     **The Suit Against ALDI Should be Severed and Transferred or, in the Alternative,
        Stayed** ................................................................................................................. 11

        A.      Private and Public Factors Favor Transferring This Case to the Northern
                District of Oklahoma ..................................................................................... 11

        B.      Alternatively, the Court Should Sever and Stay the ALDI Case ........................ 14

VII.    CONCLUSION ...................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Capital Sec. Sys. Inc. v. ABNB Federal Credit Union*,
    No. 2:14-cv-00265, 2014 WL 5334270 (E.D. Va. Oct. 20, 2014) ........................... 5, 6, 11, 12

*Dali Wireless, Inc. v. Ericsson Inc.*,
    No. 6:22-CV-01313-ADA, 2023 U.S. Dist. LEXIS 15774 (W.D. Tex. Jan. 30, 2023) ............. 5

*Dodots Licensing Sols. LLC v. Samsung Elecs. Co.*,
    No. 6:22-CV-00535-ADA, 2023 U.S. Dist. LEXIS 125803 (W.D. Tex. July 20, 2023) ........... 5

*Flygrip, Inc. v. Walmart Inc.*,
    No. 6:21-cv-01082-ADA, 2022 U.S. Dist. LEXIS 115655 (W.D. Tex. June 29, 2022) ........... 5

*Genentech v. Eli Lilly & Co.*,
    998 F.2d 931 (Fed. Cir. 1993) ................................................................ 3

*Glob. Equity Mgmt. (SA) Pty., Ltd. v. Ericsson, Inc.*,
    No. 2:16-cv-00618, 2017 WL 365398 (E.D. Tex. Jan. 25, 2017) ................................ passim

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 2014) ........................................................... 4, 13

*IP Innovation L.L.C. v. Dell Comput. Corp.*,
    No. 2:02-cv-295-TJW, D.I. 25 (E.D. Tex. April 22, 2003) ............................... 4, 6, 12

*Katz v. Lear Siegler, Inc.*,
    909 F.2d 1459 (Fed. Cir. 1990) ............................................................ passim

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
    342 U.S. 180 (1952) ......................................................................... 3

*Lighthouse Consulting Grp., LLC v. Truist Bank*,
    No. 2:19-cv-00340, 2020 WL 6781977 (E.D. Tex. April 6, 2020) ................................ passim

*Microsoft Corp. v. DataTern, Inc.*,
    755 F.3d 899 (Fed. Cir. 2014) ............................................................. 6, 7

*Network Sys. Techs., LLC v. Samsung Elecs. Co.*,
    No. 2:22-cv-00481-JRG, 2023 U.S. Dist. LEXIS 203583 (E.D. Tex. Nov. 14, 2023) ............. 5

*Network Sys. Techs., LLC v. Texas Instruments Inc.*,
    No. 2:22-cv-00482-RWS, ECF No. 96 (E.D. Tex. Sept. 26, 2023) ........................... 5

*Ricoh Co., Ltd. v. Aeroflex Inc.*,
    279 F. Supp. 2d 554 (D. Del. 2003) ........................................................ 13

*Shifferaw v. Emson USA*,
    No. 2:09-cv-00054, 2010 WL 1064380 (E.D. Tex. Mar. 18, 2010) ............................ 12, 13, 14

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
    657 F.3d 1349 (Fed. Cir. 2011) .................................................................... 4, 5, 9, 11

*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*,
    458 F.3d 1335 (Fed. Cir. 2006) ...................................................................................... 5

*Victaulic Co. v. Romar Supply, Inc.*,
    No. 3:13-CV-02760-K, 2013 WL 6027745  (N.D. Tex. Nov. 14, 2013) ................................ 12

*Westport Fuel Sys. Canada, Inc. v. Ford Motor Co.*,
    No. 2:21-cv-0453, 2023 WL 318466 (E.D. Tex. Jan. 19, 2023) ...................................... passim

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................................... 3

**Rules**

Fed. R. Civ. P. 21 ............................................................................................................... 3

**Other Authorities**

Manual for Complex Litigation, Third, § 33.63 (Fed. Jud. Center 2003) ....................................... 4

<u>STATEMENT OF ISSUES TO BE DECIDED BY THE COURT PURSUANT TO LOCAL
RULE 7(a)(1)</u>

1.  Whether, pursuant to the customer suit exception or its inherent power, the Court should transfer this case in which Plaintiff Fall Line Patents LLC alleges that customer Defendants Aldi, Inc., and Aldi (TEXAS), L.L.C. have infringed U.S. Patent No. 9,454,748 to the Northern District of Oklahoma, in favor of a pending case in which the supplier Maplebear, Inc., d/b/a Instacart seeks a declaration that its supplied functionality does not infringe the asserted patent.

2.  Alternatively, whether, pursuant to the customer suit exception or its inherent power, the Court should stay this case in which Plaintiff Fall Line Patents LLC alleges that customer Defendants Aldi, Inc., and Aldi, (TEXAS), L.L.C. have infringed U.S. Patent No. 9,454,748 in favor of a pending case in the Northern District of Oklahoma in which the supplier Maplebear, Inc., d/b/a Instacart seeks a declaration that its supplied functionality does not infringe the asserted patent.

## I. INTRODUCTION

Plaintiff Fall Line Patents, LLC has brought this case against the wrong party. Although it sued Defendants Aldi Inc., and Aldi (TEXAS), L.L.C. (collectively, "ALDI"), the true focus of its infringement claims should be Maplebear, Inc., d/b/a Instacart ("Instacart"), the creator and operator of the services underpinning the accused functionality at issue case. Instacart recently filed a declaratory judgment action against Fall Line in the Northern District of Oklahoma[1] (where Fall Line resides) ("Instacart Action") to address these very claims.

Instacart's declaratory judgment action is the dominant action under the "customer-suit exception." ALDI agrees to abide by the outcome of that case. Continuing this litigation against ALDI would be inefficient, duplicative, and unnecessary. For these reasons, ALDI respectfully moves to sever and transfer this case to the Northern District of Oklahoma. At a minimum, the case against ALDI should be stayed pending resolution of the Instacart Action.

## II. BACKGROUND

ALDI is a discount grocery retailer with locations throughout the United States. ALDI partners with Instacart for mobile grocery ordering, including location-based available store lookup, fulfillment, delivery, and pickup services. As part of this partnership, Instacart provides the Instacart Application Programming Interfaces (APIs) and corresponding Instacart servers. ALDI uses the Instacart APIs to send requests to Instacart servers for store lookup and fulfillment processes. In this way, ALDI bridges the gap between ALDI's retail catalog and Instacart's location-based fulfillment services.

---

[1] Captioned *Maplebear, Inc., d/b/a Instacart v. Fall Line Patents, LLC*, Case No. 4:25-cv-00137 (N.D. Okla. March 25, 2025).

Fall Line is a patent assertion entity with a single stream of revenue: filing patent infringement lawsuits. Fall Line owns U.S. Patent No. 9,454,748 ("the '748 Patent"), directed at systems and methods for data management. In November 2024, Fall Line sued ALDI and other defendants for alleged infringement of the '748 patent. Dkt. 1, ¶ 11. As detailed in ALDI's pending Motion to Dismiss, Fall Line's complaint failed to provide a proper basis for its claims. Dkt. 19. On March 13, 2025, Fall Line served ALDI and other defendants with its Preliminary Infringement Contentions. *See* Ex. 1, Pl.'s Initial Disclosures, p. 6.

Fall Line asserts that the ALDI mobile application infringes the '748 Patent. Dkt 1 ¶¶ 11, 12. Fall Line asserts that the ALDI mobile application "create[s] and execute[s] a location-specific questionnaire to collect responses from users." Dkt. 1 ¶ 11. However, Instacart—not ALDI—is the true defendant. Instacart is the party responsible for much of the functionality which Fall Line asserts is covered by the '748 Patent claims, along with the servers that said functionality interacts with. Instacart Decl. Ex. 3 ¶¶ 4-5; ALDI Decl. Ex. 4 ¶ 4. Instacart provides the location-based available store lookup and fulfillment services highlighted in Fall Line's Preliminary Infringement Contentions to ALDI. Ex. 4 ¶ 4; *see, e.g.,* Ex. 1, Claim Chart for U.S. Patent No. 9,454,748, p. 35, cits. 41-43 (showing nearby available ALDI locations). API requests from the ALDI mobile application are forwarded to Instacart servers to provide responsive information back to the ALDI mobile app. Ex. 4 ¶ 4. The only way that that the ALDI mobile application allegedly infringes the asserted claim is through ALDI's integration with the Instacart APIs. Ex. 3 ¶ 5; Ex. 4 ¶¶ 4-6.

In recognition that Instacart is the true defendant, ALDI agrees to be bound by the outcome of the Instacart Action. Further, Instacart has other retail partners which either have "white-label" applications controlled by Instacart, wherein Instacart built and controls the entire mobile application, or applications which implement the Instacart APIs to the same effect as ALDI. Ex. 3

2

¶¶ 2, 7. One of these partners, Sprouts Farmers Market, Inc. and SFM, LLC d/b/a SF Markets, LLC (collectively, "Sprouts"), is a defendant in the same docket as ALDI.[2] Dkt. 19.

Confronted with Fall Line's complaint against some of its customers, along with Fall Line's allegations that Instacart's technology and servers infringe the '748 Patent, Instacart filed a declaratory judgment action complaint in the Northern District of Oklahoma on March 25, 2025. Ex. 2. Specifically, Instacart requested a declaration that its products do not infringe the '748 Patent. Continuing with the case against ALDI would be an inefficient use of the Court's resources. All of Fall Line's infringement allegations against ALDI will be resolved by the Instacart Action.

## III.   SUMMARY OF ARGUMENT

Because Instacart created and operates the location-based available store lookup and logistics functionalities accused of infringement by Fall Line, the present case should be transferred to the Northern District of Oklahoma in favor of the Instacart Action. Alternatively, the case against ALDI should be stayed pending resolution of the Instacart Action.

## IV.   LEGAL STANDARD

As a general rule, when similar cases are filed in one or more courts, priority is given to the first-filed suit. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990); *see also Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 184-86 (1952). In such cases, the Court has discretion to sever and transfer cases in favor of the priority suit. *E.g.*, Fed. R. Civ. P. 21; 28 U.S.C. § 1404(a). Exceptions to this "first-to-file" rule are "not rare, and are made when justice or expediency requires." *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).

---

[2] Sprouts is likewise filing a motion asking the Court to sever and transfer, or alternatively sever and stay, its respective case, in favor of the Instacart Action.

3

One such exception is the "customer suit exception," in which courts give priority to a manufacturer's later-filed declaratory judgment action over a plaintiff's earlier infringement suit against the manufacturer's customers. *See*, *e.g.*, *Katz*, 909 F.2d at 1464 ("litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer"); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014); *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) ("courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum"); *Glob. Equity Mgmt. (SA) Pty., Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618, 2017 WL 365398, at *5-6 (E.D. Tex. Jan. 25, 2017) (hereinafter "GEMSA"); *IP Innovation L.L.C. v. Dell Comput. Corp.*, No. 2:02-cv-295-TJW, D.I. 25, at 3 (E.D. Tex. April 22, 2003) (attached as Ex. 5); *see also* Manual for Complex Litigation, Third, § 33.63 (Fed. Jud. Center 2003).

The customer suit exception promotes fairness and efficiency by enabling the manufacturer to defend its own products, of which it has the greatest knowledge and in which it has the greatest interest. It recognizes that "in reality, the manufacturer is the true defendant in the customer suit" and "must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz*, 909 F.2d at 1464; *IP Innovation*, Case No. 2:02-CV-295-TJW, D.I. 25, at 3.

This Court typically evaluates three factors when considering whether to apply the customer suit exception: "(1) whether the customer in the first action is a mere reseller of products manufactured or supplied by the party in the second filed action, (2) whether the customer in the first filed action has agreed to be bound by any decision in the second filed action, and (3) whether the party in the second filed action is the only source of the allegedly infringing activity or

4

product." *Westport Fuel Sys. Canada, Inc. v. Ford Motor Co.*, No. 2:21-cv-0453, 2023 WL 318466, at *2 (E.D. Tex. Jan. 19, 2023) (*citing Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006)); *GEMSA*, 2017 WL 365398, at *5 n. 3.

This Court and others have applied this three-factor test to determine whether a manufacturer's suit is given priority, thus resulting in the customer suit being either stayed or transferred. *See, e.g.*, *Spread Spectrum*, 657 F.3d at 1357 ("Generally speaking, courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum"); *Katz*, 909 F.2d at 1464 (affirming district court's action enjoining customer suit pending resolution of manufacturer suit); *Network Sys. Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-cv-00481-JRG, 2023 U.S. Dist. LEXIS 203583, at *9 (E.D. Tex. Nov. 14, 2023); *Network Sys. Techs., LLC v. Texas Instruments Inc.*, No. 2:22-cv-00482-RWS, ECF No. 96 at 3-4, slip op. (E.D. Tex. Sept. 26, 2023) (attached as Ex. 6); *Dodots Licensing Sols. LLC v. Samsung Elecs. Co.*, No. 6:22-CV-00535-ADA, 2023 U.S. Dist. LEXIS 125803, at *5-12 (W.D. Tex. July 20, 2023) ; *Dali Wireless, Inc. v. Ericsson Inc.*, No. 6:22-CV-01313-ADA, 2023 U.S. Dist. LEXIS 15774, at *7 (W.D. Tex. Jan. 30, 2023); *Flygrip, Inc. v. Walmart Inc.*, No. 6:21-cv-01082-ADA, 2022 U.S. Dist. LEXIS 115655, at *4-5, 9-10 (W.D. Tex. June 29, 2022); *Capital Sec. Sys. Inc. v. ABNB Federal Credit Union*, No. 2:14-cv-00265, 2014 WL 5334270, at *6 (E.D. Va. Oct. 20, 2014) ("transfer of the [customer actions] minimizes the possibility of inconsistent judgements, not only between manufacturer and customer, but also between similarly situated customers"); *GEMSA*, 2017 WL 365398, *10.

When the customer suit exception applies, as here, courts routinely either transfer the customer suit to the venue of the manufacturer's action or stay the customer suit pending resolution of the manufacturer action. This approach recognizes that "[p]atent law provides that a

[manufacturer suit] ordinarily dominates a suit on the same patent against a customer," and that "[t]hese rules determine the outcome of [a] defendant's motion to transfer [or stay]." *IP Innovation*, Case No. 2:02-CV-295-TJW, D.I. 25, at 1. Courts typically choose between transfer and stay based on case-specific considerations: the stage of the proceedings, the relationship between the cases, judicial economy, and others. *Compare Capital Sec. Sys.*, 2014 WL 5334270, at *6 (granting customer-defendant's motion to transfer because, "[c]onsolidated under the roof of a single courthouse, the suits against the customer [] can be handled uniformly, and then quickly dealt with once the manufacturer suit is resolved") *with Lighthouse Consulting Grp., LLC v. Truist Bank*, No. 2:19-cv-00340, 2020 WL 6781977, at *2 (E.D. Tex. April 6, 2020) (favoring stay when patentee could seek discovery more efficiently from manufacturer).

As demonstrated below, all three factors for applying the customer suit exception are satisfied, and while either remedy would serve judicial economy, transfer is particularly appropriate given the early stage of this litigation, and the significant connection between Fall Line, the patent-in-suit, and the Northern District of Oklahoma.

## V. The Customer Suit Exception Applies

The customer suit exception applies to the lawsuit against ALDI. Instacart developed and operates core components of the accused functionality, ALDI will be bound by any decision in the Instacart Action, and Instacart is the primary source of ALDI's allegedly infringing activity.

### A. Instacart Developed and Operates Core Components of the Accused Functionality in the ALDI Mobile Application

Courts "routinely" consider software implementers as "customers" under the customer-suit exception, with the software producer as the manufacturer. *See, e.g.*, *GEMSA*, 2017 WL 365398, at *6; *In re Google*, 588 F. App'x at 990; *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014) (finding that Microsoft and SAP had standing when infringement claim

charts pointed exclusively to functionality offered by Microsoft and SAP). To determine whether a software implementer is a customer under the customer-suit exception, courts have applied the same analysis as to physical components or methods. *Compare, e.g.*, *Microsoft*, 755 F.3d at 907 (noting that Microsoft developed, sold, and provided instructions for the accused functionality), *with Westport*, 2023 WL 318466, at *3 (finding Ford was a "mere reseller" because Ford implemented the accused fuel injector in cars, but did not modify or customize the injector) *and Katz*, 909 F.2d at 1464 (Fed. Cir. 1990) (affirming that customer suit exception applied to retailer selling products from manufacturer).

Here, Instacart provides and operates the Instacart APIs which provide the location-based available store lookup functionality used by the ALDI mobile application. Ex. 3 ¶ 4. Similar to *Microsoft* and *GEMSA*, the alleged infringing functionality is provided by the manufacturer. *Microsoft*, 755 F.3d at 905; *GEMSA*, 2017 WL 365398, at *4 (agreeing with manufacturer that "Amazon's technology—not the technology provided by, or specific to, any of the disparate Amazon customers [GEMSA] has sued" was the alleged infringing technology). The "Store Locator" functionality highlighted in Fall Line's Preliminary Infringement Contentions requires ALDI to invoke Instacart APIs executing on Instacart servers. Ex. 1, Claim Chart, cits. 62-66; Ex. 4 ¶ 6. Fall Line alleges that "the questionnaire is customized for a particular location at least because the ALDI stores available for selection is determined by the user's location," but Instacart determines and provides the available stores based on customer location information, not ALDI. Ex. 1, Claim Chart, p. 35; Ex. 4 ¶ 6. Fall Line further alleges: "Since the list of stores from which the user can choose is customized based on the phone's (and therefore, the user's) location, subsequent choices are still customized. Thus, the questionnaire is customized for a location." Ex.

1, Claim Chart, p. 75. Fall Line's allegations of "customization" are predicated on obtaining the list of nearby available stores. This list is provided by Instacart. Ex. 3 ¶ 4; Ex. 4 ¶ 6.

Instacart's APIs also provide much of the alleged "branching logic" functionality. Instacart provides the fulfillment, delivery, and pickup services highlighted by Fall Line. Ex. 1, Claim Chart, p. 35 ("the user selects a store and a service option (e.g., 'Curbside')"); cit. 38 (showing "Delivery" and "Curbside" options on ALDI mobile application); Ex. 4 ¶ 7. The logic for these options is further provided by Instacart. For example, as highlighted by Fall Line, the "Curbside" order option (cit. 136) allows a user to select a time slot available for Curbside pickup (cit. 157). Ex. 1, Claim Chart. These time slots are provided via the Instacart APIs, and fulfillment of a submitted Curbside order (cit. 160) is further managed by Instacart. *Id.*, cit. 160 (showing Curbside pickup time in receipt); Ex. 4 ¶ 7. The ALDI mobile application even identifies the Curbside pickup functionality as "Powered by Instacart." Ex. 7. In sum, the ALDI mobile application is only able to provide its location-based pickup and delivery services by using the Instacart APIs and Instacart servers. Ex. 4 ¶ 6.

Instacart also possesses the codebase, servers, engineers, and any other institutional knowledge needed to dispute the core elements of Fall Line's infringement allegations. Ex. 3 ¶¶ 4-6. By contrast, ALDI does not control the necessary technical documents or potential witnesses that would be needed to respond fully to Fall Line's allegations. Ex. 4 ¶¶ 5-6, 8; *GEMSA*, 2017 WL 365398, at *9 (prioritizing Amazon's suit when Amazon "maintain[ed] offices, employees, and data centers that provide, support, and create the accused technology"); *Lighthouse*, 2020 WL 6781977, at *2 (favoring stay when patentee could seek discovery more efficiently from manufacturer). ALDI does not modify or customize the Instacart APIs for use in the ALDI mobile application. Ex. 4 ¶ 8; *In re Google*, 588 F. App'x at 990 (ordering stay of customer cases when

patentee did not provide any evidence of modification by customers); *Westport*, 2023 WL 318466 *2. Instacart controls the location-based available store lookup functionality necessary to, as alleged by Fall Line, "create[s] and execute[s] a location-specific questionnaire" in the ALDI mobile application. Dkt. 1 ¶ 11; Ex. 3 ¶ 4. Any accused functionality performed by the ALDI mobile application is only possible based on ALDI's integration with Instacart's APIs. Ex. 4, ¶ 6.

Because ALDI did not design the alleged location-based available store lookup and fulfillment functionality, does not operate the corresponding servers, and does not control the technical information necessary to determine infringement, the first factor strongly weighs in support of the customer suit exception.

### B. Infringement in the ALDI Case Will be Resolved by the Decision in the Instacart Action

The second factor also favors application of the customer suit exception because ALDI agrees that it will be bound by the outcome of the Instacart Action. *Westport*, 2023 WL 318466, at *3 (finding that customer suit exception applied when customer agreed to be bound by outcome of declaratory judgment); *see also Spread Spectrum*, 657 F.3d at 1358 (citing *Katz,* 909 F.2d at 1464) ("the manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue—in order to justify a stay [or transfer] of the customer suits.").

Furthermore, because ALDI does not provide the accused location-based available store lookup functionality or the supporting servers, the major infringement issues in the present case will be disposed of by the Instacart Action. Ex. 3 ¶¶ 4-6; *see Westport*, 2023 WL 318466, at *3 (finding this factor favored customer when customer only installed the accused product, but did not modify or customize it); *Lighthouse*, 2020 WL 6781977, at *2 (customer-defendants licensed accused mobile check technology from manufacturer).

9

### C. Instacart is the Sole Source of the Allegedly Infringing Location-Based Available Store Lookup Functionality in the ALDI Mobile Application

The third factor also favors the customer-suit exception because Instacart is the sole source of the allegedly infringing technology in the ALDI case and provides the allegedly infringing technology to other partners. Dkt. 1, ¶¶ 11, 12; Ex. 3 ¶¶ 6-7; Ex. 1, Claim Chart, cit. 28; *Lighthouse*, 2020 WL 6781977, at *2 (staying when manufacturer was "only supplier of this technology to [customer-defendants]"). A manufacturer like Instacart, whose product line is at risk, has a far greater incentive than its customers, who can use a different product, to refute patent infringement claims. *See, e.g., Katz*, 909 F.2d at 1464 ("a manufacturer must protect its customers, either a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products") (*quoting Codex*, 553 F.2d at 737-38); *GEMSA*, 2017 WL 365398, at *10 (Amazon had great interest in resolving infringement allegations for nearly thirty customer-defendants). Additionally, as discussed above, Instacart is better situated to contest the infringement of the patent-in-suit because it has intimate knowledge of the design, operation, and use of the technology at issue. *In re Google*, 588 F. App'x at 990-91 (Google had records and employees necessary to answer question of infringement); *GEMSA*, 2017 WL 365398, at *4-6; *Lighthouse*, 2020 WL 6781977, at *2 (manufacturer case favored when patentee "will have full access to relevant discovery regarding the accused technology" in manufacturer case).

Moreover, Instacart has supplied the accused functionality to other partners not currently named as defendants by Fall Line. Ex. 3 ¶ 7. Thus, only the Instacart Action can fully and more efficiently answer the allegations of patent infringement posed by Fall Line. The action filed by Fall Line will not. While Fall Line has filed suits against non-Instacart customers, the Instacart Action will resolve the issues of infringement for any customer of Instacart's software. *Id*. Fall Line's pattern of repeatedly bringing infringement suits shows that Instacart's other customers face

a risk of future lawsuits. *See GEMSA*, 2017 WL 365398, at *8 (possibility of further patent suits, on top of thirty suits already before the Court, favored stay pending Amazon's declaratory judgment). Instacart is the true defendant, and its request for declaratory judgment should be prioritized over Fall Line's claims against certain of its customers.

## VI. The Suit Against ALDI Should be Severed and Transferred or, in the Alternative, Stayed

Having established that all three factors strongly favor application of the customer suit exception, the question is now which remedy—transfer or stay—would best serve the interests of justice and judicial economy.

It is well-established that where the customer suit exception applies, courts will stay or transfer "[an] earlier-filed litigation against a customer when a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum*, 657 F.3d at 1357; *Katz*, 909 F.2d at 1464; *Capital Sec. Sys.*, 2014 WL 5334270, at *6 ("transfer of the [customer actions] minimizes the possibility of inconsistent judgements"); *GEMSA*, 2017 WL 365398, *10 (staying customer suits "as a matter of judicial efficiency and economy" while transferring Amazon suit).

Given these principles, either transfer or stay would be appropriate, as both options would prevent unnecessary duplication of effort and the possibility of inconsistent judgments. Transfer is particularly appropriate where, as here, the customer case can be consolidated with the manufacturer suit before substantial proceedings have occurred, allowing for resolution in a single forum. Accordingly, ALDI primarily requests transfer of this case to the Northern District of Oklahoma, where the Instacart Action is pending, or alternatively, a stay pending its resolution.

### A. Private and Public Factors Favor Transferring This Case to the Northern District of Oklahoma

In deciding whether to transfer a case under the customer suit exception, courts often consider both private interests of the parties and public interests such as court congestion and local

11

interests. *See Shifferaw v. Emson USA*, No. 2:09-cv-00054, 2010 WL 1064380, at *2 (E.D. Tex. Mar. 18, 2010) (citations omitted). Both sets of factors support transfer here.

   ***The Private Interest Factors Support Transfer***. Key private transfer factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.*

   Factors (1), (2), and (3) all strongly favor the Northern District of Oklahoma because Plaintiff, the original assignee of '748 Patent, the inventor, and the prosecuting firm all reside in or have addresses near Tulsa. *Id.*; *see, e.g.,* Dkt. 1 ¶ 1 (Plaintiff's address in Tulsa); Ex. 8 (inventor's address near Tulsa); Ex. 9 (original assignee and prosecuting firm in Tulsa); Ex. 10 (assignment to Ediche, LLC, in Tulsa); Ex. 11 (assignment from Ediche, LLC to Fall Line).

   Factor (4), "all other practical problems that make trial of a case easy, expeditious, and inexpensive," is either neutral or favors transfer. *Shifferaw*, 2010 WL 1064380, at *2. While the Eastern District of Texas is handling other cases in which Fall Line is asserting its patent, Instacart's declaratory judgment action is pending in the Northern District of Oklahoma. It would make the most practical sense for the ALDI case to be handled in the same venue. *IP Innovation*, Case No. 2:02-CV-295-TJW, D.I. 25 at 4 ("it would be an unnecessary waste of resources for this court to duplicate the efforts of [the court handling the dominant case]."); *Capital Sec. Sys., Inc.*, 2014 WL 5334270, at *6 (granting customer-defendant's motion to transfer because, "[c]onsolidated under the roof of a single courthouse, the suits against the customer [] can be handled uniformly, and then quickly dealt with once the manufacturer suit is resolved."); *Victaulic Co. v. Romar Supply, Inc.*, No. 3:13-CV-02760-K, 2013 WL 6027745 *3 (N.D. Tex. Nov. 14, 2013) ("the appropriate action is to transfer" a customer suit in favor of a manufacturer suit);

12

*Ricoh Co., Ltd. v. Aeroflex Inc.*, 279 F. Supp. 2d 554, 558 (D. Del. 2003)  (granting customer-defendant's motion to transfer to the venue of second-filed manufacturer's declaratory judgment action); *see also In re Nintendo*, 756 F.3d at 1365-66. Finally, neither ALDI nor Fall Line have particular ties to Texas, while Fall Line resides in the Northern District of Oklahoma. Dkt. 1 ¶ 1.

     ***The Public Interest Factors Support Transfer***.  The factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Shifferaw*, 2010 WL 1064380, at *2.

     Regarding factor (1), court congestion, over 1000 patent cases were filed in the Eastern District of Texas in 2024, with another 306 patent cases filed this year. Ex. 12.  In stark contrast, the Instacart Action is the sole patent case filed in the Northern District of Oklahoma in 2025, with three filed last year. Ex. 13. According to Lex Machina statistics, over the last ten years, the median time to trial between the two districts is not appreciably different—the Northern District of Oklahoma has a median time to trial of 771 days, while the median time in the Eastern District of Texas is 613 days. Ex. 14.

     Factor (2), considering "the local interest in having localized controversies decided at home" (*Shifferaw*, 2010 WL 1064380 *2), also strongly favors transfer.  Fall Line has not pled any facts local to Texas, but resides in the Northern District of Oklahoma. Dkt 1 ¶ 1.

     Factor (3), "the familiarity of the forum with the law that will govern the case" is neutral–the federal courts in Texas and Oklahoma are familiar with U.S. patent law.  *Shifferaw*, 2010 WL 1064380 *2.

Factor (4), "the avoidance of unnecessary problems of conflict of laws or in the application of foreign law," is neutral or favors transfer. *Id*. There are no conflict of law issues or foreign law here. The Northern District of Oklahoma will be deciding the Instacart Action, which should be prioritized over the ALDI case. Thus, to the extent there is a possibility for conflict between cases, transferring the ALDI case would resolve any conflicts.

On balance, the public interest factors either favor transfer or are neutral, with none weighing against transfer. Because both the public and private factors favor a transfer, this case should be severed and transferred to the Northern District of Oklahoma.

**B.    Alternatively, the Court Should Sever and Stay the ALDI Case**

Alternatively, should this Court decline to transfer the ALDI case, the Court should sever and stay the ALDI case pending the outcome of the Instacart Action. In deciding whether to stay a customer suit, this Court considers  "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Lighthouse*, 2020 WL 6781977, at *2 (internal citations omitted). These all favor a stay.

First, Fall Line will not be unduly prejudiced by a stay. As discussed above, Instacart is the provider of the accused technology. Ex. 3 ¶¶ 4-6.  Like the *Lighthouse* patentee, Fall Line "will have full access to relevant discovery regarding the accused technology directly from the developer and supplier," i.e., Instacart. 2020 WL 6781977, at *2; *see also Westport*, 2023 WL 318466, at *3 ("discovery directly from [manufacturer] Bosch will likely yield better evidence because Bosch likely has greater access to evidence regarding the functionality of the accused device than would any of its customers"). Furthermore, Fall Line resides in the Northern District of Oklahoma. Fall Line will not suffer prejudice by changing venue to its home district.

14

Second, a stay would simplify the issues in this suit. ALDI agrees to be bound by the outcome of the Instacart Action, which the Court has frequently found favors a stay. *Lighthouse*, 2020 WL 6781977, at *2; *Westport*, 2023 WL 318466, at *3. The question of infringement for the Instacart products will be decided in the Instacart Action involving the party, Instacart, with the most relevant information and interest. It would not have to be decided by this Court at all.

Third, the ALDI case is still in the early stages. ALDI has not yet filed an answer in light of its motion to dismiss, which is still pending before this Court. Dkt. 17. Should the Court deny ALDI's motion to dismiss, the trial date is still more than a year away, and discovery has only just opened. Dkt. 69 (setting trial date for July 2026). Additionally, Fall Line served its Preliminary Infringement Contentions on March 13, 2025, not even three weeks ago. Ex. 1, Pl.'s Initial Disclosures, p. 6. The Court has favored stays when customer-defendants filed early in the case. *Westport*, 2023 WL 346807, at *4 (granting stay when motion filed before scheduling conference); *Lighthouse*, 2020 WL 6781977, at *2 (granting stay when trial date is more than a year away).

Because all three stay factors strongly favor ALDI, if the Court declines to transfer this case, it should stay this action pending resolution of the Instacart Action.

## VII.    CONCLUSION

For the foregoing reasons, ALDI respectfully requests that the Court sever Fall Line's claims against it and transfer those claims to the Northern District of Oklahoma, where Instacart has filed a declaratory judgment against Fall Line. Alternatively, ALDI respectfully requests that the Court sever and stay Fall Line's claims against it, pending the outcome of Instacart's declaratory judgment action.

Date:  April 2, 2025                      Respectfully submitted,

                                    /s/ John R. Hutchins
                                    Michael C. Smith
SCHEEF & STONE, LLP
State Bar No. 18650410
113 East Austin Street
Marshall, Texas 75670
Office: (903) 938-8900
michael.smith@solidcounsel.com

John R. Hutchins
BANNER & WITCOFF, LTD.
State Bar No. 456749 (DC)
1100 13th St., NW, Suite 1200
Washington, DC 20005
Office: (202) 824-3147
jhutchins@bannerwitcoff.com

Paul T. Qualey
BANNER & WITCOFF, LTD.
State Bar No. 481106 (DC)
1100 13th St., NW, Suite 1200
Washington, DC 20005
Office: (202) 824-3120
pqualey@bannerwitcoff.com

Chunhsi Andy Mu
BANNER & WITCOFF, LTD.
State Bar No. 500784 (DC)
1100 13th St., NW, Suite 1200
Washington, DC 20005
Office: (202) 824-3156
amu@bannerwitcoff.com

Attorneys for Defendants, ALDI Inc. and ALDI
(Texas) L.L.C.

## CERTIFICATE OF SERVICE

I certify that on April 2, 2025, a true and accurate copy of the foregoing was filed electronically with the Court's CM/ECF system, which will send notification to all attorneys registered to receive service. Parties may access this filing through the Court's electronic filing system.

/s/ John R. Hutchins
John R. Hutchins

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned certifies that counsel for the parties (John Hutchins for ALDI and Matthew Antonelli for Fall Line) conferred about this motion by telephone on March 27, 2025. As described in the motion above, ALDI and Fall Line are conclusively at an impasse, leaving an open issue for the Court to resolve.

/s/ John R. Hutchins
John R. Hutchins

# Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

|  |  |
|---|---|
| FALL LINE PATENTS, LLC, | |
| *Plaintiff,* | Civil Action No. 5:24-cv-00172-RWS |
| v. | **JURY TRIAL DEMANDED** |
| ALDI INC. and ALDI (TEXAS) L.L.C., | |
| *Defendants.* | |

## DECLARATION OF JOHN DENGIS IN SUPPORT OF ALDI  DEFENDANTS'
## OPPOSED MOTION TO TRANSFER TO
## THE NORTHERN DISTRICT OF OKLAHOMA

I,  John Dengis, upon oath depose and say:

1. I am currently an Engineering Manager, Software for Maplebear, Inc., d/b/a Instacart ("Instacart"), 50 Beale St., Suite 600, San Francisco, California 94105.  I have been employed by Instacart since July 2019.

2. I have reviewed the November 2024 complaint filed by plaintiff Fall Line Patents, LLC ("Fall Line") against ALDI Inc. and ALDI (Texas), LLC (collectively, "ALDI"), and am generally aware of the facts and circumstances surrounding this case.  I also have knowledge regarding Instacart's mobile grocery application products, including Instacart's "white-label" mobile applications and Instacart's mobile application programming interface ("API"), and their relationship to

1

ALDI's mobile application. I make this declaration based on matters within my own personal knowledge or that I have been reliably informed thereon. If called as a witness, I could and would competently testify on the matters set forth herein.

3. Fall Line's November 2024 complaint identifies "the ALDI mobile app that, in conjunction with ALDI servers, create and executed a location-specific questionnaire to collect responses from users." I understand that the ALDI mobile app is accused of infringing claim 7 of U.S. Patent No. 9,454,748 ("the '748 patent").

4. ALDI does not, however, design, operate, or maintain the underlying code providing all of the accused functionality for "the ALDI mobile app," as identified by Fall Line. Instead, ALDI maintains a mobile application that utilizes APIs designed, developed, operated, maintained, and provided by Instacart. Specifically, the accused functionality of the ALDI mobile app uses the Connect Fulfillment, Post Checkout, and Checkout Bypass APIs, all of which are designed, developed, operated, maintained, and provided solely by Instacart. Additionally, the "ALDI servers" identified by Fall Line and associated with the APIs invoked by the accused functionality of the ALDI mobile app include servers maintained and controlled by Instacart. Specifically, the asserted functionality of ALDI's mobile app uses Instacart's Connect API, which then communicates with various internal servers owned, controlled, and maintained by Instacart. These include Instacart servers for handling location-based available store lookup, fulfillment, pickup, and delivery logistics for orders placed through the ALDI mobile app. The engineers

who design, develop, manufacture, test, and implement the underlying code for the APIs utilized by the ALDI mobile application are employees of Instacart.

5. Instacart designs, develops, and controls the codebase for the APIs used by the accused functionality of the ALDI mobile app. This includes the code controlling the APIs, such as the Connect Fulfillment, Post Checkout, and Checkout Bypass APIs, that provide functionality alleged to "create and execute a location-specific questionnaire to collect responses from users." For example, the Fulfillment API includes the resources for finding the location information of stores offering delivery, pickup, or last mile delivery. Instacart designs, develops, and controls any code that defines the functionality of these APIs. Additionally, the ALDI mobile app expressly states that it is "Powered by Instacart" on its checkout screen. Instacart is the entity with the best knowledge about the workings of the Instacart APIs.

6. ALDI cannot modify or customize any of the code of the Instacart APIs used by the accused functionality of the ALDI mobile app. The functionality of the Instacart APIs used by the ALDI mobile app and its underlying code base and programming are entirely under the control of Instacart.

7. Many other entities providing online applications license and utilize, from Instacart, the same APIs for mobile applications used by the ALDI mobile application. In each of these cases, Instacart is the sole provider of the underlying code that controls the functionality of the API(s).

8. In response to Fall Line's complaint against Instacart's customers, along with Fall Line's allegations that the ALDI mobile app product infringes claim 7 of the '748

3

patent, Instacart filed a declaratory judgment complaint in the Northern District of Oklahoma on March 25, 2025. The case is captioned *Maplebear, Inc., d/b/a Instacart v. Fall Line Patents, LLC*, Case No. 4:25-cv-00137 and seeks a declaration of noninfringement and an injunction against Fall Line from further prosecuting any action alleging infringement of any enforceable claim of the '748 patent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 31, 2025.

_____

John Dengis

5