UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Maplebear, Inc., | Plaintiff, | Case No.: 4:25-cv-00137-SEH-MTS |
| vs. | | |
| Fall Line Patents, LLC, | Defendant. | **JOINT STATUS REPORT (FOR CASES WITH A PRESIDING DISTRICT JUDGE)** |

Pursuant to Federal Rules of Civil Procedure 26, Local Civil Rule 16-1(b)(1), and the Court's May 30, 2025, Order (Dkt. 40) requiring the Parties to file a joint status report no later than June 30, 2025, Plaintiff Maplebear, Inc. d/b/a Instacart ("Plaintiff" or "Instacart"), along with Defendant Fall Line Patents, LLC ("Defendant" or "Fall Line") (all parties, "the Parties") respectfully submit this joint status report outlining a proposed case schedule and discovery order. Counsel for the Parties met and conferred for a Rule 26(f) conference on Friday, June 13, 2025, at which time the Parties discussed the topics outlined in the Court's Joint Status Report template as well as issues germane to discovery and the Parties' ability to conduct timely discovery in accordance with the Federal Rules and this Court's Local Rules. Counsel represent that during the Rule 26(f) conference, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

**Jury Demanded**:   Yes ☒   No ☐

**I.      Summary of Claims**:

**Plaintiff/Counterclaim-Defendant:**

Defendant/Counterclaimant Fall Line alleges that it is the owner and assignee of U.S. Patent No. 9,454,748 (hereinafter "the '748 Patent").  Defendant has asserted infringement of the '748 Patent in the Eastern District of Texas against ALDI, Inc. and Sprouts Farmers Market, who Instacart alleges to be its partners.  More specifically, Defendant accuses ALDI and Sprouts of infringing Claim 7 of the '748 Patent

in connection with a method that is performed when orders are placed through the ALDI and Sprouts mobile applications. Instacart alleges that those mobile applications are developed by Instacart or use technology and functionality provided by Instacart or both. Accordingly, Plaintiff seeks a declaratory judgment of non-infringement with respect to Instacart's technology.

**Defendant/Counterclaimant:**

Fall Line counterclaims for patent infringement. Based on Instacart's allegations in this complaint, Fall Line asserts that Instacart has infringed Claim 7 of the 748 Patent.

II. **Summary of Defenses**:

**Plaintiff/Counterclaim-Defendant:**

Plaintiff/Counterclaim-Defendant Instacart contends that it or its technology does not infringe the '748 Patent, either directly or indirectly.

Plaintiff/Counterclaim-Defendant Instacart contends that the '748 Patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

Plaintiff/Counterclaim-Defendant Instacart contends that the '748 Patent is unenforceable for failing to maintain common ownership with U.S. Patent No. 7,822,816.

Plaintiff/Counterclaim-Defendant Instacart contends that the '748 Patent is patent ineligible under 35 U.S.C. § 101.

**Defendant/Counterclaimant:**

Fall Line does not assert any affirmative defenses at this time.

III. **Motions Pending** (Include Docket Number, Description and Date at Issue)**:**

Fall Line has moved to transfer this action to the Eastern District of Texas under the first-to-file rule. *See* Fall Line's Motion To Transfer To The Eastern District Of Texas Under The First-To-File Rule And Opening Brief In Support (Dkt. No. 41, June 16, 2025).

Plaintiff anticipates filing a Rule 12 motion to dismiss Defendant's counterclaims.

IV. **Stipulations:**

    A. Jurisdiction Admitted: Yes ☒ No ☐ (If no, explain.)

    B. Venue Appropriate: Yes ☐ No ☒ (If no, explain.) Fall Line contends that this venue is not appropriate under the first-to-file rule and that this action should be transferred to the Eastern District of Texas. Fall Line does not otherwise dispute that venue is proper in this district.

    C. Facts: None.

    D. Law: The Parties stipulate and agree that this action is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

The parties stipulate and agree that this case will be governed by the Patent Local Rules of the Eastern District of Texas, only to the extent set forth in the parties proposed case schedule.

V. **Proposed Deadlines:**

    A. Parties to be Added by: January 31, 2026

    B. Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause): December 30, 2026

    C. Fact Witness Lists to be Exchanged by: May 27, 2026

    D. Proposed Date for Expert Reports by Plaintiff and Defendant: October 2, 2026

VI. **Fed. R. Civ. P. 26(f) Discovery Plan**

    A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?
Yes ☒ (If yes, explain.) Initial disclosures and disclosures of expert discovery shall be due per the parties proposed schedule attached as Exhibit A.
No ☐

    B. When were or will initial disclosures under Rule 26(a)(1) be made?

The Parties will serve on one another their Rule 26(a)(1) initial disclosure per the Discovery Order no later than July 30, 2025.

    C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?

        Yes ☒ (If yes, explain.)
        No ☐

The Parties further propose the schedule set forth in the Proposed Discovery Order attached as Exhibit B and the proposed schedule attached as Exhibit A.

The Parties agree that all discovery shall be completed by December 30, 2026, including expert discovery. The Parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file motions relating to discovery within the discovery period unless it is impossible or impractical to do so.

Plaintiff/Counterclaim-Defendant expects to conduct discovery on the issues of claim construction, patent eligibility, patent invalidity, alleged patent infringement, damages, and all defenses and counterclaims raised by Defendant.

Defendant/Counterclaimant expects to conduct discovery on patent infringement, damages for patent infringement, and all defenses raised by Instacart in response to Fall Line's claims for patent infringement.

D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
Yes ☒  (If yes, explain.)  The parties should be allowed to conduct discovery according to the Proposed Discovery Plan attached as Exhibit B.
No ☐

E. Proposed Number of Fact and Expert Depositions:

1. To be allowed for Plaintiff?  See Exhibit B.
2. To be allowed for Defendant?  See Exhibit B.

F. Is there a need for any special discovery management order(s) by the Court?
Yes ☒  (If yes, explain.)
No ☐

The parties request that the Court enter the proposed schedule attached as Exhibit A and the Discovery Order attached as Exhibit B.

The Parties also request that the Court enter a Protective Order to govern disclosures between parties in this action. The Parties' proposed Protective Order is being duly negotiated by the Parties and will be

submitted no later than 14 days after submission of this Joint Report. The Parties' proposed Protective Order has been crafted according to the terms of the Stipulated Protective Order prescribed in this District.

The Parties also request that the Court enter an Electronically-Stored Information ("ESI") Protocol to govern the protocol of production of electronically-stored information. The Parties' proposed ESI Protocol is being duly negotiated by the Parties and will be submitted no later than 14 days after submission of this Joint Report. The Parties' proposed ESI Protocol has been crafted according to the Guidelines for Discovery of Electronically Stored Information prescribed in this District.

A proposed case schedule is attached as Exhibit A. The Parties have endeavored to create a proposed case schedule in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules. The Parties appreciate that the proposed case schedule is lengthy, however, the complexity of patent litigations, the necessity for a *Markman* claim construction process, and the several required disclosures under the rules (e.g., infringement and invalidity contentions) make it impossible to maintain a case schedule in accordance with this District's prescribed timeline. The Parties' proposed case schedule is as efficient as possible.

    G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII.  Anticipated Dispositive Motions?**
    Yes ☒  (If yes, explain.)
    No ☐

The Parties anticipate that summary judgment motions may be filed, such as regarding patent eligibility, infringement or non-infringement, and validity or invalidity.

**VIII. Do all parties consent to trial before the assigned magistrate judge?**    Yes ☐   No ☒

**IX.  Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?** Yes ☐   No ☒

X. **Settlement Plan** (Check one):

☐  Settlement Conference Requested After:  Close of Fact Discovery

   Describe Settlement Judge Expertise Required, If Any:  n/a

☐  Private Mediation Scheduled On:

☐  Other ADR (Explain):

ADR Appropriate:
   Yes ☐
   No ☒

Copy of the Court's ADR Booklet Provided to Clients as Required?

   Plaintiffs:   Yes ☒   No ☐

   Defendants:   Yes ☒   No ☐

XI. **Does this case warrant special case management?**
   Yes ☐ (If yes, explain.)
   No ☒

XII. **Do the parties request that the Court hold a scheduling conference?**   Yes ☐   No ☒

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

XIII. **Estimated Trial Time:**  The Parties estimate that the trial time will be 5 days.

Dated: June 30, 2025

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ John R. Hutchins | /s/ Matthew J. Antonelli (with permission) |
| John R. Hutchins (*pro hac vice*) | Matthew J. Antonelli (*pro hac vice*) |
| District of Columbia Bar No. 456749 | Texas Bar No. 24068432 |
| jhutchins@bannerwitcoff.com | matt@ahtlawfirm.com |
| C. Andy Mu (*pro hac vice*) | Zachariah S. Harrington (*pro hac vice*) |
| District of Columbia Bar No. 500784 | Texas Bar No. 24057886 |
| amu@bannerwitcoff.com | zac@ahtlawfirm.com |
| Paul T. Qualey (*pro hac vice*) | Larry D. Thompson, Jr. (*pro hac vice*) |
| District of Columbia Bar No. 481106 | Texas Bar No. 24051428 |
| pqualey@bannerwitcoff.com | larry@ahtlawfirm.com |
| **BANNER & WITCOFF, LTD.** | Rehan M. Safiullah (*pro hac vice*) |
| 1100 13th St., NW, Suite 1200 | Texas Bar No. 24066017 |
| Washington, DC 20005 | rehan@ahtlawfirm.com |
| Telephone: (202) 824-3000 | **ANTONELLI, HARRINGTON & THOMPSON LLP** |
| Facsimile: (202) 824-3001 | 4306 Yoakum Blvd., Ste. 450 |
| | Houston, TX 77006 |
| Robert P. Fitz-Patrick, OBA #14713 | (713) 581-3000 |
| rfitzpatrick@hallestill.com | (713) 581-3020 (fax) |
| **HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.** | |
| 320 South Boston Avenue, Suite 200 | Michael S. Linscott, OBA No. 17266 |
| Tulsa, OK  74103-3706 | mlinscott@dsda.com |
| Telephone: (918) 594-0400 | David W. Wulfers, OBA No. 9926 |
| Facsimile: (918) 594-0505 | dwulfers@dsda.com |
| | **DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.** |
| *Attorneys for Plaintiff Maplebear, Inc. d/b/a Instacart* | Two West Second Street, Suite 700 |
| | Tulsa, OK 74103-3119 |
| | (918) 591-5288 | (918) 591-5315 |
| | (918) 925-5288 | (918) 925-5315 (fax) |
| | |
| | *Attorneys for Fall Line Patents, LLC* |

**CERTIFICATE OF SERVICE**

I certify that on June 30, 2025, a true and accurate copy of the foregoing was filed electronically with the Court's CM/ECF system, which will send notification to all attorneys registered to receive service. Parties may access this filing through the Court's electronic filing system.

/s/ *John R. Hutchins*
John R. Hutchins