## Exhibit B
Proposed Discovery Order

The Court orders as follows:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f) any settlement agreements relevant to the subject matter of this action; and

    (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert

testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B); and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

4. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1 and 2 together with: document production requests, interrogatories, requests for admission, the depositions of the parties, depositions upon written questions of custodians of business records for third parties, nonparty depositions, expert witness depositions, and document subpoenas to third parties, subject to the limitations set forth in this section. Any party may later move to modify these limitations for good cause.

   a) **Interrogatories.** Plaintiff may serve up to 30 interrogatories on Defendant, and Defendants may serve up to 30 interrogatories on Plaintiff.

   b) **Requests for Admission.** Plaintiff may serve up to 40 requests for admission on Defendant, and Defendant may serve up to 40 requests for admission on Plaintiff. There is no limit on the number of requests for admission that the parties may serve to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

   c) **Fact Depositions.** Plaintiff may take up to a total 40 hours of depositions (including 30(b)(6) depositions) of Defendant and its current employees (with former employees not counting toward this limit). Defendant may take up to a total of 40 hours of depositions (including 30(b)(6) depositions) of Plaintiff and its current employees (with

former employees not counting toward this limit). In addition, each side may take up to 63 hours of third-party depositions. Any deposition in which live translation is used shall be limited to fourteen (14) hours, only seven (7) hours of which will count against the party's total deposition time in this action. In no event shall any one deposition count for less than 3.5 hours of deposition time.

d) **Depositions of Experts.** Depositions of experts shall be limited to one day of seven (7) hours per report provided. The parties shall endeavor in good faith to resolve any reasonable requests for additional time with expert witnesses.

e) **Third Party Discovery.** The parties may serve as many document subpoenas on third parties and as many subpoenas for depositions on written questions of custodians of business records of third parties as needed.

5. **Privileged Information.** There is no duty to disclose privileged documents or information. By September 30, 2025, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by LCvR7-1. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

6. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

7. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

8. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

9. **RESERVED**

10. **Stipulations by the Parties Regarding Discovery:**

    a) **Privilege Logs.** Documents or information that were created or conveyed on or after the filing date of the original complaints in this or related matters that are protected by attorney-client privilege, work product doctrine, protection for trial preparation materials, common interest or joint defense privileges, or any other applicable privilege

or protection, shall not be included in the privilege log, except to the extent otherwise agreed by the parties or ordered by the Court.

b) **Limitations on Expert Discovery.** The following communications and materials relating to expert witnesses and consultants retained by the Parties in this litigation shall not be the subject of discovery or inquiry at trial: (a) drafts of any expert disclosures or analysis (including reports, declarations, affidavits, or any other form of testimony); (b) communications, whether written or oral, between or among any expert, consultant and/or counsel for the party retaining said expert; (c) notes or preparatory materials taken by or on behalf of any expert; (d) emails, lists, agendas, outlines, memoranda, presentations, and letters, whether in draft or any other form, that are provided to, or by or on behalf of, any expert; and, (e) any other types of preliminary work product created by or on behalf of any expert. The foregoing exemptions shall not apply to any communications or materials, including those listed above, on which any expert, in any disclosure, expressly relies as a basis for an opinion. Such communications or materials shall be subject to discovery and inquiry at trial. Communications and materials exempt from discovery under this provision shall be treated as attorney work product and need not be listed on any privilege log.

c) **Service by Electronic Mail.** The Parties will make every effort to serve all documents electronically, by e-mail or through ECF. Parties may serve all documents by e-mail by sending the documents to the email address for all counsel of record in this case, or to an email address designated for service by a party's outside counsel.

d) **Depositions by Videoconference, Telephone, or Other Remote Means.** To reduce litigation costs, any party may take a deposition by videoconference, telephone, or other

remote means, rather than in person. An attorney defending such a deposition may appear in person or via videoconference, telephone, or other remote means, at his or her option, as may any other attorney that wishes to appear at that deposition.

**IT IS SO ORDERED.**