## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MAPLEBEAR, INC., D/B/A INSTACART

       Plaintiff,

       v.

FALL LINE PATENTS, LLC,

       Defendant.

Civil Action No. 4:25-cv-00137-SEH-MTS

JURY TRIAL DEMANDED

## PLAINTIFF'S OPPOSITION TO FALL LINE'S MOTION TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS UNDER THE FIRST-TO-FILE RULE

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................. 1

II.     FACTUAL BACKGROUND ........................................................................... 2

     A.    The Patent-in-Suit and Fall Line Are Rooted in Oklahoma ..................... 2

     B.    Instacart ...................................................................................................... 2

     C.    The Procedural History Supports Keeping This Case in Oklahoma ........ 3

III.    LEGAL BACKGROUND ................................................................................ 5

     A.    The First-to-File Rule ................................................................................ 6

     B.    Multiple Exceptions to the First-to-File Rule Apply Here ...................... 6

IV.     ARGUMENT ................................................................................................... 8

     A.    The Distinct Issues and Parties Weigh against Transfer under the First-to-File Rule ..................................................................................................... 9

     B.    The Lack of Venue over Instacart Precludes Transfer under the First-to-File Rule ................................................................................................... 12

     C.    The Balance of Conveniences Strongly Favors Oklahoma, Rendering Transfer under the First-to-File Rule Inappropriate ................................ 14

          1.    Oklahoma has the Strongest Ties–and the Greatest Local Interest–in this Dispute ............................................................................. 14

          2.    Witnesses and Sources of Proof Are in Oklahoma ................... 16

          3.    Relative Court Congestion Also Favors Oklahoma ................... 17

          4.    Both Forums Are Equally Familiar with the Applicable Law .... 17

V.      CONCLUSION .............................................................................................. 18

## **TABLE OF AUTHORITIES**

**Cases**

*Buzas Baseball, Inc. v. Bd. of Regents of the Univ. Sys. of Ga.*,
   No. 98-4098, 1999 WL 682883 (10th Cir. Sept. 2, 1999) ........................................................ 6

*Cherokee Nation v. Nash*,
   724 F. Supp. 2d 1159 (N.D. Okla. 2010) ................................................................. 6, 10, 14, 18

*Children's Network, LLC v. PixFusion LLC*,
   722 F. Supp. 2d 404 (S.D.N.Y. 2010) ................................................................................ 16, 17

*Delphi Corp. v. Automotive Technologies Intern., Inc.*,
   No. 08-cv-110482008, 2008 WL 2941116 (E.D. Mich. July 25, 2008) ............................ 14, 18

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*,
   618 F.3d 1153 (10th Cir. 2010) ............................................................................................... 16

*Fall Line Patents, LLC v. Sprouts Farmers Market, Inc., et al.*,
   No. 5:24-cv-00182-RWS, Dkt. No. 28 (E.D. Tex. Apr. 2, 2025) ....................................... 16, 17

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
   737 F.3d 704 (Fed. Cir. 2013) ............................................................................................. 8, 13

*Genentech, Inc. v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993) ............................................................................................. 6, 14

*Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*,
   No. 2:16-cv-00618, 2017 WL 365398 (E.D. Tex. Jan. 25, 2017) ............................................. 7

*Heinz Kettler GMBH & Co. v. Razor USA, LLC*,
   750 F. Supp. 2d 660 (E.D. Va. 2010) ...................................................................................... 16

*In re Cinemark Holdings, Inc.*,
   839 F. App'x 476 (Fed. Cir. 2020) ............................................................................... 6, 10, 12

*In re Nintendo of Am., Inc.*,
   756 F.3d 1363 (Fed. Cir. 2014) ................................................................................................. 7

*In re Telebrands Corp.*,
   773 F. App'x 600 (Fed. Cir. 2016) ............................................................................................. 6

*In re Verizon Bus. Network Servs. Inc.*,
   635 F.3d 559 (Fed. Cir. 2011) ................................................................................................. 17

*In re Vistaprint Ltd.*,
   628 F.3d 1342 (Fed. Cir. 2010) ............................................................................................... 17

*IP Innovation L.L.C. v. Dell Comput. Corp.*,
  No. 2:02-cv-295-TJW, Dkt. No. 25 (E.D. Tex. April 22, 2003) ................................ 7

*Katz v. Lear Siegler, Inc.*,
  909 F.2d 1459 (Fed. Cir. 1990) ................................................................ 7

*Microsoft Corp v. Geotag Inc*,
  847 F. Supp. 2d 675 (D. Del. 2012) .............................................. 8, 14, 18

*Nexon America Inc. v. Uniloc 2017 LLC*,
  No. 19-cv-1096, 2020 WL 3035647 (D. Del. June 5, 2020) ...................... 8, 13, 14

*Oklahoma v. Department of the Interior*,
  No. 14-cv-123, 2014 WL 4705431 (N.D. Okla. Sept. 22, 2014) ........................ 16

*Samsung Electronics America Inc. v. Grecia*,
  525 F. Supp. 3d 590 (E.D. Pa. 2021) ......................................................... 8, 11

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
  657 F.3d 1349 (Fed. Cir. 2011) .................................................................. 7

*Starbucks Corporation et al v. Fall Line Patents, LLC*,
  IPR2019-00610, Paper 42 (PTAB May 17, 2022) ........................................ 3

*Trustco Bank v. Automated Transactions LLC*,
  933 F. Supp. 2d 668 (D. Del. 2013) ........................................................ 15

*TSMC Tech., Inc. v. Zond, LLC*,
  No. 14-cv-721, 2015 WL 328334 (D. Del. Jan. 26, 2015) ........................... 15

*Unified Patents Inc. v. Fall Line Patents, LLC*,
  IPR2018-00043, Paper 34 (PTAB Apr. 4, 2019) .......................................... 3

**Statutes**

28 U.S.C. § 1400(b) ........................................................................ 2

28 U.S.C. § 1404(a) ........................................................................ 6

35 U.S.C. § 271(b) ........................................................................ 9

35 U.S.C. § 271(c) ........................................................................ 9

**Rules**

Fed. R. Civ. P. 21 ........................................................................ 6

**Other Authorities**

Manual for Complex Litigation, Third, § 33.63 (Fed. Jud. Center 2003) .................... 7

Plaintiff Maplebear, Inc. d/b/a Instacart ("Instacart"), respectfully submits this opposition in response to Defendant Fall Line's motion to transfer.

## I.    INTRODUCTION

This case belongs in Oklahoma.  It involves a Tulsa corporation (Fall Line), allegedly owned by a Tulsa resident (James McGill), asserting a patent allegedly invented in Broken Arrow and prosecuted by a law firm in Oklahoma City.  Thus, when Fall Line sued two of Instacart's many customers—Sprouts and ALDI—in Texas but declined to sue Instacart directly, Instacart filed this declaratory judgment action in Tulsa, the jurisdiction that has the closest ties to the patent, to obtain a declaration that its technology does not infringe the patent.  If any party can be accused of "forum shopping," it is Fall Line, who is currently seeking to transfer this case away from its own backyard.

This case is broader than the Texas suits in every respect: it addresses additional accused products, additional patent claims, and legal theories—including indirect infringement—not at issue in Texas.  It also puts Instacart, the true manufacturer and real party in interest, at the center of the dispute.  The Texas customer suits are merely a subset of the broader controversy raised here.  Transferring this case to Texas would be allowing the tail to wag the dog.

Fall Line's motion to transfer thus fails for multiple reasons. First, this case is not subsidiary under the first-to-file rule because it raises distinct and broader issues than the Texas cases.  Second, even if the issues overlapped, the first-to-file rule does not apply because Instacart is not subject to venue in Texas.  And third, even if venue were proper, the balance of conveniences under § 1404 strongly favors keeping this case in Oklahoma—where Fall Line, its owner, the inventor, and the prosecution counsel are all located.

1

Nor does this Court need to wait for the Texas court to resolve pending motions. If that court stays or transfers the customer suits, it will have confirmed that this is the proper forum. If it denies those motions—based on Fall Line's argument that Instacart is not the real party in interest—that only reinforces the distinctness of the cases and the impropriety of transfer. Either way, this case should remain in Oklahoma.

For all of these reasons, and as set forth below, Fall Line's motion should be denied.

## II.    FACTUAL BACKGROUND

### A.    The Patent-in-Suit and Fall Line Are Rooted in Oklahoma

The patent-in-suit (U.S. Patent No. 9,454,748, referred to as "the '748 patent") issued on September 27, 2016 to J. David Payne, of Broken Arrow, Oklahoma. ECF 41-2. The patent was obtained for Mr. Payne by the law firm of Fellers, Snider, Blankenship, Bailey & Tippens, PC, located in Oklahoma City. The patent was originally owned by companies called EDICHE, LLC, and MacroSolve, each located in Tulsa, Oklahoma. *Id.*; ECF 41, p. 2. MacroSolve apparently assigned the '748 patent to Fall Line, which also is located in Tulsa. ECF 41, p. 3. Fall Line alleges that MacroSolve is owned by James McGill. *Id.* In the Texas litigations, Fall Line represented that Mr. McGill also resides in Tulsa, as well as spending time at a residence in Peru. *See* ECF 41-16, p. 10 of 22.

### B.    Instacart

Instacart is a Delaware corporation with a principal place of business in San Francisco. ECF 2, ¶ 3. Instacart has no locations in Texas, and thus may not properly be sued for patent infringement there. Ex. 1, ¶¶ 5-10, 13; 28 U.S.C. § 1400(b).

Instacart creates and operates online marketplace technology that increases access to, and eases electronic shopping for, groceries and other goods. Instacart's technology powers e-

2

commerce throughout the United States, including in Oklahoma, for numerous grocery and other retail banners. ECF 2, ¶ 8.

Certain of Instacart's retail partners use "white label" mobile applications created and operated by Instacart that carry branding for the retail partner (such as Sprouts). Other retail partners, such as ALDI, use APIs (application programming interfaces) created and operated by Instacart to provide fulfillment functionality for mobile applications created by the retail partner. Sprouts and ALDI are example retail partners; Instacart has many other retail partners that use Instacart's white label applications and/or APIs. *See* ECF 41-15, ¶ 7 (p. 27 of 29).

Instacart also operates its own mobile shopping application through which users can purchase items from various stores. *See* https://www.instacart.com/p/how-does-instacart-work (Ex. 2).

### C. The Procedural History Supports Keeping This Case in Oklahoma

In November, 2024, Fall Line sued two of Instacart's customers, ALDI and Sprouts, in Texas for allegedly infringing a single claim—claim 7 of the '748 patent.[1] The accused products were identified as the "Sprouts mobile app" and the "ALDI mobile app." ECF 41-11, pp. 4, 5 of 13; ECF 41-10, pp. 3-5 of 14. Fall Line did not sue Instacart, which is not subject to suit for patent infringement in Texas.

Fall Line's complaints were sparse. It was not until March 13, 2025—when Fall Line served preliminary infringement contentions—that Fall Line provided any detail regarding the applications it was accusing of infringement. Less than two weeks later, on March 25, 2025,

---

[1] In various previous proceedings, certain claims of the '748 patent (i.e., claims 1-2, 5, and 16–22) have been held to be invalid. *Unified Patents Inc. v. Fall Line Patents, LLC*, IPR2018-00043, Paper 34 (PTAB Apr. 4, 2019); *Starbucks Corporation et al v. Fall Line Patents, LLC*, IPR2019-00610, Paper 42 (PTAB May 17, 2022). Accordingly, only claims 3-4 and 6-15 of the '748 patent could potentially be asserted. In Texas, Fall Line has asserted only claim 7.

Instacart brought this declaratory judgment action.  At that time, the Texas cases were in their infancy, with little to no discovery having been conducted.

From the outset, Instacart's complaint sought "a declaration that Instacart does not infringe any enforceable claim of the '748 patent . . ." ". . . directly or under any theory of indirect infringement, including contributory infringement or inducement." ECF 2, ¶¶ 1, 17.  This declaratory judgment action is thus broader than the cases against Sprouts and ALDI in at least three ways: it addresses (1) Instacart technology used by Instacart and its many retail partners beyond Sprouts and ALDI; (2) the '748 patent in its entirety, whereas the Texas suits are focused narrowly on only claim 7; and (3) whether Instacart indirectly infringes the '748 patent, which is not an issue in the ALDI and Sprouts cases.

Meanwhile, in Texas—within 10 days of Instacart's declaratory judgment action—Sprouts and ALDI moved, pursuant to the customer-suit exception, to transfer or stay their cases in favor of the Instacart case.  ECF 41-15, p. 7 of 29; ECF 41-14, p. 7 of 29.  ALDI and Sprouts explained that the technology accused of infringement was Instacart technology and that, as a result, Instacart should be considered the manufacturer of the accused ALDI and Sprouts products.  *Id*.  In response, Fall Line argued that ALDI and Sprouts, *not Instacart*, were the responsible infringers in those cases:

> because a method claim is at issue, and because Instacart provides only some of the components that are used to perform the method claim, that question [of who is responsible] is different for Sprouts, Aldi, and Instacart, both in terms of who is performing the steps and who can be held responsible for that performance.

*See* ECF 41-16, p. 15 of 22.  Fall Line also emphasized that:

> Fall Line alleges that Sprouts and Aldi are responsible for the performance of those steps based on the nature of their relationship with their end users and their involvement with the mobile apps and servers that are used—not based on their reselling a product that Instacart makes.

4

*Id.*, p. 16 of 22.  Fall Line argued that, therefore, the Instacart case would *not* meaningfully resolve the issues in the Sprouts and ALDI cases and opposed stay or transfer in Texas, insisting that the cases were distinct.  *Id.*, p. 15-17 of 22.

On May 31, 2025—more than two months after Instacart filed this case—Fall Line for the first time accused Instacart of infringement.  Though bareboned, the allegations of direct infringement against Instacart include a vague allegation against "the Instacart mobile app and/or the mobile apps of retail partners."  ECF 39, ¶ 29.  The counterclaim simply confirmed the breadth Instacart had already placed at issue.

On June 16, 2025, Fall Line moved to transfer this action to Texas, claiming the parties and issues "substantially overlap" and suggesting the Texas court is already deciding where the dispute should be litigated.  ECF 41 at 8.  But the Texas court is considering only whether to stay or transfer the customer suits—issues Fall Line has characterized there as distinct from Instacart's role.  If the Texas court stays or transfers, that result favors keeping this broader action here.  If it denies the motions and finds the issues distinct, that conclusion undermines Fall Line's position in this Court.  Either way, transfer of this case is unwarranted.

## III.    LEGAL BACKGROUND

Fall Line's argument that the first-filed rule requires transfer of the present matter is misguided for several reasons.  As explained below, the issues in this case are broader than those in Texas and distinct, so the first-filed rule supports maintaining this case in Oklahoma, which is the first and only action addressing the full scope of the dispute.  And even if the ALDI and Sprouts suits were considered first-filed, various exceptions apply here making transfer inappropriate, including that venue is improper in Texas for patent claims against Instacart and that the typical forum convenience factors render this jurisdiction appropriate, regardless of the first-to-file rule.

### A.     The First-to-File Rule

The first-to-file rule is a discretionary doctrine which generally holds that when cases bringing the same or very similar case or controversy are filed in one or more courts, priority is given to the first-filed suit.  ECF 41, pp. 11-14.  Instacart does not dispute that general principle. However, where the overlap in the case or controversy is partial or limited, the second district court has significant discretion to refuse to apply the first-to-file rule and to deny transfer.  *In re Telebrands Corp.*, 773 F. App'x 600, 602 (Fed. Cir. 2016).  "The first-filed rule is only a presumption that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action."  *Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1166 (N.D. Okla. 2010).

Consistent with that discretion, the second-filed court thus "must make the initial determination of whether the first to file rule generally applies" and "has discretion to … decide for itself whether an exception [to the first-to-file rule] applies."  *Id. at* 1167; *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. Sys. of Ga.*, No. 98-4098, 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999) (unpublished) (noting that the first-to-file rule "permits," but does not require, a federal district court to abstain from exercising its jurisdiction in deference to a first-filed case in a different federal district court); *In re Cinemark Holdings, Inc.*, 839 F. App'x 476, 478 (Fed. Cir. 2020); Fed. R. Civ. P. 21; 28 U.S.C. § 1404(a).

### B.     Multiple Exceptions to the First-to-File Rule Apply Here

As particularly relevant here, exceptions to the "first-to-file" rule are "not rare, and are made when justice or expediency requires."  *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).  Multiple such exceptions apply here to render this District the more suitable one for this case.

First, the "customer-suit exception" gives priority to a manufacturer's later-filed declaratory judgment action (i.e., this one) over earlier infringement suits against the

manufacturer's customers (i.e., Fall Line's suits in TX against Sprouts and ALDI).  *See*, *e.g.*, *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer"); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) (ordering severance and transfer of Nintendo's suit and staying suits against sellers of Nintendo products); *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) ("courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum"); *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc*., No. 2:16-cv-00618, 2017 WL 365398, at *5-6 (E.D. Tex. Jan. 25, 2017); *IP Innovation L.L.C. v. Dell Comput. Corp*., No. 2:02-cv-295-TJW, Dkt. No. 25, at 3 (E.D. Tex. April 22, 2003) (attached as Ex. 3); *see also* Manual for Complex Litigation, Third, § 33.63 (Fed. Jud. Center 2003).

The customer-suit exception promotes fairness and efficiency by enabling the manufacturer to defend its own products, of which it has the greatest knowledge and in which it has the greatest interest.  It recognizes that "in reality, the manufacturer is the true defendant in the customer suit" and "must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz*, 909 F.2d at 1464; *see also IP Innovation*, Case No. 2:02-CV-295-TJW, Dkt. No. 25, at 3.  That is precisely the situation here: Instacart developed and operates the technology accused in the Texas actions and filed this broader declaratory judgment case to resolve the dispute for itself and its retail partners.  Although the Texas court is evaluating whether to apply the customer-suit exception in those cases, this Court has discretion to deny transfer now.

Second, another exception arises when venue is improper with respect to necessary or desirable parties. *Nexon America Inc. v. Uniloc 2017 LLC*, No. 19-cv-1096, 2020 WL 3035647, at *4 (D. Del. June 5, 2020) (citing *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (exception to first-filed rule exists where there is an absence of jurisdiction over all necessary or desirable parties.")).  Instacart is not subject to venue in the Eastern District of Texas, and Fall Line cannot use the first-to-file rule to obtain indirectly what it could not do directly.

Third, courts routinely decline to apply the first-to-file rule where the second forum is the more appropriate forum under the standard section 1404 balance of convenience factors. *See, e.g.*, *Samsung Electronics America Inc. v. Grecia*, 525 F. Supp. 3d 590, 605-606 (E.D. Pa. 2021) (noting that it is proper for a second-filed court to retain jurisdiction "if the [§ 1404] balance of convenience factors favors the second forum."); *Microsoft Corp v. Geotag Inc*, 847 F. Supp. 2d 675, 683 (D. Del. 2012) (denying declaratory judgment defendant's motion to transfer to EDTX hearing multiple infringement suits against plaintiff's customers due to existence of § 1404 factors favoring declaratory judgment plaintiff).

## IV.     ARGUMENT

As explained herein, the first-filed rule does not require transfer of the present matter.  The issues and parties between this case and the ALDI and Sprouts cases are sufficiently distinct.  Indeed, the issues here are broader than those at issue in the customer cases—this is the first and only case to raise issues involving the entirety of the '748 patent, Instacart's own technology and broader retail integrations, and indirect infringement.  To the extent there is any overlap with the Sprouts and ALDI cases, the customer-suit exception applies and favors allowing the manufacturer's case to proceed in this District.

This Court need not wait for the court in Texas to rule on Sprouts' and ALDI's pending motions. If that court grants transfer or stay in favor of this case under the customer-suit exception, then it would follow that this case should remain here. On the other hand, if the Texas court instead agrees with Fall Line's position that Sprouts' and ALDI's liability is independent of Instacart's liability and that the customer-suit exception does not apply, that ruling would only underscore that the issues are distinct—and thus that the first-to-file rule does not compel transfer.

Moreover, at least two exceptions to the first-to-file rule apply here that make transfer inappropriate: (1) the lack of venue in Texas for a patent case against Instacart militates against use of the first-to-file rule; and (2) the balance of conveniences favor Oklahoma continuing to hear this case, irrespective of the first-to-file rule.

### A.    The Distinct Issues and Parties Weigh against Transfer under the First-to-File Rule

Fall Line treats it as a given that the issues and parties between this case and the Sprouts and ALDI cases are essentially the same, such that the first-filed rule necessarily applies to favor transfer. However, the present matter is far broader. It implicates Instacart's own mobile app, it's white-label and API integrations with hundreds of retail partners beyond Sprouts and ALDI, none of which is at issue in either the Sprouts or ALDI cases. ECF 39, ¶ 29 (Fall Line accusing "the Instacart mobile app and/or the mobile apps of retail partners."). This case also seeks declaratory judgment against all enforceable claims of the '748 patent, not just Claim 7—the lone asserted claim in the Texas suits. This case also raises new issues of indirect infringement, including inducement and contributory infringement, that are not asserted in the Texas case. *See* 35 U.S.C. § 271(b), (c); ECF 2, ¶¶ 18-19; ECF 39, ¶¶ 27-39.

Because this case presents both broader claims and a broader set of accused products, Instacart is vindicating rights that go well beyond those asserted by Sprouts and ALDI in their

defenses.  *See In re Cinemark*, 839 F. App'x at 478-79 (upholding refusal to transfer under first-to-file rule where "there is not an identity of parties or infringement allegations" in the cases because one suit involved a declaratory judgment limited to manufacturer Dolby's technology and the other suits focused on particular defendants' use of suites of equipment, including equipment other than Dolby equipment).  As such, the parties are neither "seeking to vindicate the same interests" (*See Cherokee Nation*, 724 F. Supp. 2d at 1169-70), nor would the different claims and contentions "hinge on the outcome of the same legal/factual issues" (*Id.* at 1168).

Fall Line points out that in Texas, Sprouts and ALDI have argued that the accused technology is Instacart's, and that Instacart should be considered to be the manufacturer of the accused technology.  Fall Line is actively disputing that framing—arguing that ALDI and Sprouts are independently liable and that the present matter differs from the Texas cases.  *See* ECF 41-16, pp. 15-16 of 22.  But regardless of Fall Line's position there, the point remains: this declaratory judgment action is broader and would resolve not only the issues in the Texas suits, but also additional questions not raised there.  The Sprouts and ALDI cases address only specific retail implementations and only a single claim of the patent.  This case addresses Instacart's own app, multiple retail integrations, indirect infringement, and the full scope of the '748 patent.  Resolution here would fully dispose of the narrower customer suits—but not vice versa.

Fall Line's own statements in Texas highlight the limited scope of those actions.  There, Fall Line argues that ALDI and Sprouts, not Instacart, are the responsible infringers.  These arguments, if successful in causing the denial of the Sprouts and ALDI motions, undermine, if not eviscerate, Fall Line's basis for bringing the current motion to transfer under the first-to-file rule.  For instance, with respect to the similarity of parties and issues, Fall Line acts as if it effectively sued *Instacart* in Texas for infringement.  It is on that basis that it argues that there is "substantial

10

overlap" between the parties and issues.  But, if Instacart is *not* the real party in interest in the Sprouts and ALDI cases (as Fall Line asserts in Texas) and if Instacart's liability for infringement is *distinct from* that of Sprouts and ALDI (as Fall Line asserts in Texas), then there simply is not substantial overlap between the parties or issues.

Such distinctness of the legal and factual issues have caused other courts to reject requests to transfer under the first-to file rule.  In *Samsung Electronics America, Inc. v. Grecia*, for example, patent owner Grecia sued Samsung customer Kohls for patent infringement with respect to Kohl's point of sale credit card devices.  Grecia did not sue Samsung and did not identify Samsung as an infringer in the Kohls case, although Grecia's infringement contentions depicted Samsung's "Samsung Pay" application being used at Kohls. *Samsung Electronics*, 525 F. Supp. 3d at 596. Samsung (like Instacart) then brought a declaratory judgment action in Grecia's home district seeking a declaration of noninfringement for its Samsung Pay and Samsung Knox applications. *Id.*  Grecia (like Fall Line) then moved to transfer the DJ action to Texas where Grecia's suit against Kohls was pending.  In view of the determination that the allegations of infringement by Kohl's point of sale devices presented different questions than the alleged infringement by the Samsung applications, the court rejected Grecia's request to apply the first to file rule to transfer the case. *Id.* at 598-99 ("courts readily apply the first-to-file rule to cases involving the same parties and same transaction but not so readily in cases involving different parties or different transactions.").  Here too, because this declaratory judgment involves additional products and patent claims beyond that accused in the Texas cases, the first to file rule should not apply. *Id.* at 604.

In a situation strikingly similar to Fall Line's claim in Texas that "Instacart provides only some of the components that are used to perform the method claim" and that "Sprouts and Aldi

are responsible … based on the nature of their relationship with their end users and their involvement with the mobile apps and servers that are used—not based on their reselling a product that Instacart makes" (*See* ECF 41-16, p. 16 of 22) the court in *Cinemark* found the first-to-file rule inapplicable because the "issues of infringement are not clearly common between the cases and the resolution of the [first filed] action would not necessarily resolve the [second filed]). *In re Cinemark*, 839 F. App'x. at 478-79. The *Cinemark* court held that suits alleging infringement against customers' use of suites of equipment, only one component of which belonged to a particular manufacturer, raised distinct infringement issues than the manufacturer's DJ action of noninfringement. *Id.*

Following the logic of cases like *Samsung* and *Cinemark*, this Court should find that the first-to-file rule does not apply here. And, it need not wait for the court in Texas to rule on Sprouts' and ALDI's motions to transfer under the customer-suit exception to do so. If that court grants the customer-suit motions, it will have confirmed that this action is the proper vehicle for resolving the dispute. If it denies them, that outcome would only underscore the distinctness of the cases and the inapplicability of the first-to-file rule. Either way, this broader action—addressing additional claims, products, and theories—should remain in this Court. Transfer is unwarranted.

**B.     The Lack of Venue over Instacart Precludes Transfer under the First-to-File Rule**

Irrespective of the lack of any substantial overlap between the Texas actions and this one, transfer is independently improper because Instacart is not subject to venue in Texas for patent infringement.

The decision *Nexon America Inc. v. Uniloc*, is instructive. There, Uniloc had first sued related Nexon companies in Texas for patent infringement, but had not sued Nexon America—the real party in interest—because venue was unavailable. *Nexon America*, 2020 WL 3035647, at *1-

2.  When Nexon America later brought a declaratory judgment action in Delaware, Uniloc invoked the first-to-file rule and sought transfer.  While noting the general preference to transfer declaratory judgment actions involving the same subject matter under the first-to-file rule, the Federal Circuit declined to apply it "because the Eastern District [of Texas] does not have venue over Nexon America, and Nexon America is a desirable … party to that case and will not consent to venue in the Eastern District."  *Id.,* at *4 (citing *Futurewei*, 737 F.3d at 708).

The same reasoning applies here.  Venue in Texas is not proper against Instacart because it does not reside or have a regular place of business in Texas, and in fact was not sued in Texas.  Ex. 1.  And, as the real party in interest—as the manufacturer of the technology-at-issue in the Sprouts and ALDI suits—Instacart is at a minimum a desirable party in Texas.  Thus, as in *Nexon America*, the absence of proper venue over the manufacturer precludes application of the first-to-file rule to transfer the declaratory judgment action.

The result in *Nexon America* makes sense from an equitable standpoint, as well, because the opposite result would lead patent owners to purposefully sue parties *other than* the real party in interest whenever the real party in interest was not subject to suit in their preferred forum (as Uniloc did by suing Nexon Japan and Nexon Korea, rather than Nexon America, in Texas).  Then, when the real party in interest filed a DJ complaint, the patent owner would seek to obtain through transfer under the first-to-file rule what they could not otherwise achieve – a patent suit against the real party in interest in the improper forum (Texas).  That is precisely what Fall Line seeks to do here: avoid Oklahoma, where it resides and where the patent was prosecuted, by trying to drag Instacart into a district where Fall Line could not sue it directly.

### C.    The Balance of Conveniences Strongly Favors Oklahoma, Rendering Transfer under the First-to-File Rule Inappropriate

Transfer is also improper here because the balance of conveniences favors this District. *See Cherokee Nation*, 724 F. Supp. 2d at 1166 (balance of conveniences provides an exception to the first-to-file rule); *Nexon America*, 2020 WL 3035647, at *2 (considerations such as judicial and litigant economy and the convenience and availability of witnesses provide exceptions to the first-to-file rule (*citing Genentech*, 998 F.2d at 937); *Microsoft*, 847 F. Supp. 2d 675 (applying traditional convenience factors and refusing to transfer second-filed case brought by manufacturers to venue where first filed cases against customers were pending); *Delphi Corp. v. Automotive Technologies Intern., Inc.*, No. 08-cv-110482008, 2008 WL 2941116, at *5-6 (E.D. Mich. July 25, 2008) (same).

The Tenth Circuit has identified various factors that may be considered by a district court when ruling on a motion to transfer:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).  These considerations—particularly witness access, local interest, and judicial economy—all support keeping the case in Oklahoma.

### 1.    Oklahoma has the Strongest Ties–and the Greatest Local Interest–in this Dispute

Fall Line accuses Instacart of "forum shopping," but the facts here speak for themselves. Oklahoma has the strongest and most direct ties to this case.  It is where the patent-in-suit was

allegedly conceived and developed, by an inventor from Broken Arrow. It is where the patent was prosecuted, by a law firm in Oklahoma City. It is where the various owners of the patent have resided. This includes Fall Line itself, which is located in Tulsa, and Fall Line's owner, Mr. McGill, who also resides in Tulsa. *See* ECF 41-16, p. 10 of 22. Indeed, one would be hard pressed to find a patent or alleged invention that is more steeped in local Oklahoma interest than the patent-in-suit. In seeking to transfer this case away from its hometown to a jurisdiction where it could not have sued Instacart for patent infringement in the first instance, it is Fall Line that is forum shopping. *See Trustco Bank v. Automated Transactions LLC*, 933 F. Supp. 2d 668, 671–72 (D. Del. 2013) (Plaintiff's choice of defendant's home forum is predictable and legitimate and thus it is entitled to substantial weight even if it is not plaintiff's home forum); *TSMC Tech., Inc. v. Zond, LLC*, No. 14-cv-721, 2015 WL 328334, at *1 (D. Del. Jan. 26, 2015) (same).

That close connection also gives this Court a strong local interest in deciding this dispute. As the Federal Circuit has emphasized, "[i]f there are significant connections between a particular venue and the events that gave rise to the suit, this factor should be weighed in the venue's favor." *In re Hoffman-La Roche*, 587 F.3d 1333, 1338 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (in overturning EDTX decision not to transfer venue, location of prosecution attorneys in transferee forum supported local interest factor in 1404 analysis).

By contrast, Texas has no comparable interest. Instacart's technology is used nationwide, making the location of alleged infringement jurisdictionally neutral. And while Fall Line notes that related cases are pending in Texas, that does not create a local interest in this broader manufacturer-focused action. Oklahoma—not Texas—is the forum most closely tied to the development, ownership, and enforcement of the patent-in-suit.

### 2.    Witnesses and Sources of Proof Are in Oklahoma

With respect to the relative ease of access to witnesses, the availability of compulsory process, the cost of attendance for willing witnesses, and other practical considerations, these factors all strongly favor the Northern District of Oklahoma because Fall Line and its owner (Mr. McGill, who Fall Line identified as an "important witness" in Texas), each of the prior assignees of '748 Patent, the inventor, and the prosecuting firm all reside in or have addresses near Tulsa. *See, e.g.,* ECF 41-10, ¶ 1 (Plaintiff's address in Tulsa); ECF 41-2 (the '748 Patent, showing inventor's address near Tulsa); *Fall Line Patents, LLC v. Sprouts Farmers Market, Inc., et al.*, No. 5:24-cv-00182-RWS, Dkt. No. 28-7 (E.D. Tex. Apr. 2, 2025) (original assignee and prosecuting firm residing in Oklahoma); ECF 41-7, pp. 2-6 of 9 (assignment from MacroSolve, Inc. to Ediche, LLC, also residing in Tulsa); ECF 41-7, pp. 7-9 of 9 (assignment from Ediche, LLC to Fall Line). The locations of these witnesses and parties—all in Oklahoma—is the most important factor. *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010); *Oklahoma v. Department of the Interior*, No. 14-cv-123, 2014 WL 4705431, at *5 (N.D. Okla. Sept. 22, 2014) (location of some witnesses and other sources of proof in Oklahoma precluded transfer).[2]

In contrast, no witness from Texas has been identified.  Instacart's principal place of business is in San Francisco and any witnesses travelling from there would likely find Texas and Oklahoma equally convenient.  Fall Line's counsel is in Texas, but courts have held that the location of litigation counsel is unimportant to the balance of conveniences.  *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 669, n.9 (E.D. Va. 2010).

---

[2] The documents of all of these entities in Oklahoma should also be considered Oklahoma documents, but the electronic transferability of documents makes this factor less important.  And, the fact that documents may have been moved to Texas by Fall Line's Texas lawyers does not convert these documents to "Texas documents" that would favor transfer. *See Children's Network, LLC v. PixFusion LLC*, 722 F. Supp. 2d 404, 411 (S.D.N.Y. 2010).

### 3. Relative Court Congestion Also Favors Oklahoma

Regarding court congestion, over 1000 patent cases were filed in the Eastern District of Texas in 2024, with another 306 patent cases filed so far this year.  Case No. 5:24-cv-00182-RWS, Dkt. No. 28-10.  In stark contrast, the Instacart action is the sole patent case filed in the Northern District of Oklahoma in 2025, with three filed last year.  Case No. 5:24-cv-00182-RWS, Dkt. No. 28-11.  According to Lex Machina statistics, over the last ten years, the median time to trial between the two districts is slightly shorter (but in large part immaterial) in Texas—the Northern District of Oklahoma has a median time to trial of 771 days, while the median time to trial in the Eastern District of Texas is 613 days.  Case No. 5:24-cv-00182-RWS, Dkt. No. 28-12.  While other cases involving the patent-in-suit are presently pending in Texas, this case, which is just starting, would not be placed on the same schedule as those cases, were it to be transferred.

### 4. Both Forums Are Equally Familiar with the Applicable Law

Finally, with respect to familiarity with the applicable law, both the federal courts in Texas and Oklahoma are familiar with U.S. patent law.[3]  *See Children's Network*, 722 F. Supp. 2d at 411 (Eastern District of Texas familiarity with patent law and patent cases not a valid basis for transfer).  Fall Line makes much of the fact that the courts in Texas have handled other cases involving the patent-in-suit.  However, this Court is equally as capable of applying the facts to the law and a court's familiarity with a patent "does not mean that, once a patent is litigated in a particular venue the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that venue."  *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 n. 3 (Fed. Cir. 2010).  Similarly, a court's prior experience with cases construing the same patents should not tip the balance on transfer.  *See In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011).

---

[3] Because uniform federal patent law applies, there are no issues with respect to conflicts of laws.

Moreover, since this case is broader than any of the cases in Texas and thus raises new issues (e.g., issues regarding alleged infringement by Instacart's mobile application or those of its retail partners other than Sprouts and ALDI, issues relating to alleged indirect infringement by Instacart, as well as the validity of claims of the '748 patent beyond claim 7), either court would be confronted with new issues.

In sum, the convenience factors strongly favor Oklahoma and independently warrant denial of Fall Line's motion. *See*, *e.g.*, *Cherokee Nation*, 724 F. Supp. 2d at 1166 (balance of conveniences provides an exception to the first-to-file rule); *Microsoft,* 847 F. Supp. 2d 675 (applying traditional convenience factors and refusing to transfer second-filed case brought by manufacturers to venue where first filed cases against customers were pending); *Delphi*, 2008 WL 2941116 at \*5-6 (same: "the *a priori* premise that two related cases are best tried together does not necessarily mean *a posteriori* that two such cases should be combined *anywhere*.… The court will not transfer or stay the case for the mere purpose of avoiding duplicative litigation.").

## V.    CONCLUSION

For the foregoing reasons, Fall Line's motion to transfer should be denied.

Dated: July 7, 2025                                    Respectfully submitted,

<span>/s/ *John R. Hutchins*</span>
John R. Hutchins (*pro hac vice*)
District of Columbia Bar No. 456749
jhutchins@bannerwitcoff.com
C. Andy Mu (*pro hac vice*)
District of Columbia Bar No. 500784
amu@bannerwitcoff.com
Paul T. Qualey (*pro hac vice*)
District of Columbia Bar No. 481106
pqualey@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
1100 13th St., NW, Suite 1200
Washington, DC 20005
Telephone: (202) 824-3000
Facsimile: (202) 824-3001

Robert P. Fitz-Patrick, OBA #14713
rfitzpatrick@hallestill.com
**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505

*Attorneys for Plaintiff Maplebear, Inc.
d/b/a Instacart*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 7, 2025, a true and accurate copy of the foregoing was filed electronically with the Court's CM/ECF system, which will send notification to all attorneys registered to receive service. Parties may access this filing through the Court's electronic filing system.

*/s/ John R. Hutchins*
John R. Hutchins