# Exhibit 3

Case 4:25-cv-00137-SEH-MTS  Document 47-3 Filed in USDC ND/OK on 07/07/25  Page 2
Case 2:08-cv-00057-CE Document 46-4 Filed 04/15/08 Page 1 of 4 PageID #: 700
Case 2:02-cv-00295-TJW Document 25 Filed 04/22/2003 Page 3 of 4

EOD APR 22 '03

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| IP INNOVATION L.L.C., ET AL. | § | |
| Vs. | § | CIVIL ACTION NO. 2:02-CV-295 |
| DELL COMPUTER CORPORATION | § | |

## ORDER

The first-to-file rule states that the court initially seized of a controversy should be the one to determine how to try the case. Notwithstanding this rule, patent law provides that an infringement suit against a manufacturer ordinarily dominates a suit on the same patent against a customer. These rules determine the outcome of the defendant's motion to transfer. That motion is granted.

In this case, the plaintiffs accuse Dell Computer Corporation ("Dell") of infringing certain claims of U.S. Patent No. 5,424,780 C1 ("the '780 Patent"). The invention relates to resolution enhancement technology used in computer printers and fax machines. Dell purchases printers from third party manufacturers and re-sells them to customers in connection with computer systems. Companies such as Minolta Corporation ("Minolta"), Hewlett-Packard, Inc. ("HP"), Brother Industries, Ltd. ("Brother"), Canon, Inc. ("Canon"), Seiko Epson Corporation ("Epson"), and Lexmark International, Inc. ("Lexmark") actually design and manufacture the printers, including the internal components of the printers alleged to infringe the '780 patent.

On October 23, 2002, the plaintiffs in this case, IP Innovation L.L.C. and Technology Licensing Corporation, filed a suit in the Northern District of Illinois against Minolta Corporation.

Case 4:25-cv-00137-SEH-MTS   Document 47-3 Filed in USDC ND/OK on 07/07/25   Page 3
Case 2:08-cv-00057-CE  Document 46-4 Filed 04/15/08  Page 2 of 5 PageID #: 701
Case 2:02-cv-00295-TJW   Document 25   Filed 04/22/2003   Page 2 of 4

That case alleged, among other things, that Minolta's sale of certain color laser printers infringed the '780 patent at issue in this case. Then, on December 9, 2002, the plaintiffs filed this case against Dell. Two days after they filed this case, the plaintiffs amended their complaint in the Illinois action to join as defendants Brother, Canon, Epson, HP, and Lexmark. The plaintiffs' amended complaint in the Illinois action includes allegations that Brother, Canon, Epson, HP, and Lexmark infringe the '780 patent by selling computer printers that incorporate resolution enhancement technology covered by the '780 patent. Dell purchases the printers it re-sells from third party manufacturers such as Lexmark, Epson, HP, Canon, and Brother.

The first-to-file rule states that "the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). Complete identity of parties is not required and the question is whether there is a likelihood of a substantial overlap between the two lawsuits. When the first-filed rule applies, a transfer to the first-filed court is proper to allow that court to determine how to proceed. *E.g., Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 951 (5th Cir. 1997)(noting that "[c]omplete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action.").

The plaintiffs urge that the suit they filed in the Northern District of Illinois originally included only Minolta as a defendant. According to the plaintiffs–and Dell disputes this–Dell did not purchase any printers from Minolta. The plaintiffs point to their amended complaint in the Illinois action and note that they filed their amended complaint two days after they sued Dell in this case. The plaintiffs contend that it is their amended complaint that joined issue with the parties who manufactured the infringing products sold by Dell. Those facts, under the plaintiffs' theory, make

Case 4:25-cv-00137-SEH-MTS   Document 47-3 Filed in USDC ND/OK on 07/07/25   Page 4
Case 2:08-cv-00057-CE Document 46-4 Filed 04/15/08 Page 3 of 4 PageID #: 702
Case 2:02-cv-00295-TJW Document 25 Filed 04/22/2003 Page 3 of 4

this court the first-filed court.

The plaintiffs' position is not borne out by the cases. The "customer suit exception" to the first-to-file rule provides that litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer, regardless of the order of filing. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463-64 (Fed. Cir. 1990); *Codex Corp. v. Milgo Electronics Corp.*, 553 F.2d 735 (1st Cir.), *cert. denied*, 434 U.S. 860 (1977). *Codex*, for instance, held that a subsequently filed manufacturer's declaratory judgment suit took precedence over the first-filed suit against the manufacturer's customer:

> At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit ... it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.

*Codex*, 553 F.2d at 737-38.

In this case, the order of suit makes no difference. If the Illinois action against Minolta is deemed to be the first-filed suit, then this court must yield under general *Mann* principles. If the plaintiffs' initial circumscription of their Illinois case makes this court the first-filed court as to the printers sold by Dell, then this court still must yield under the customer suit exception. Either way, the Illinois suit is the dominant action.

The court perceives no prejudice to the plaintiffs. Even during the pendency of the motion to transfer venue, the plaintiffs filed yet another suit on the '780 patent in the Northern District of Illinois. That action alleges that two additional manufacturers, Samsung and Sharp, infringe the '780 patent by their manufacture, sale, and offer for sale of facsimile, multi-function and printing equipment. The plaintiffs have now chosen the Northern District of Illinois at least three times with

3

Case 4:25-cv-00137-SEH-MTS    Document 47-3 Filed in USDC ND/OK on 07/07/25    Page 5 of 5
Case 2:08-cv-00057-CE Document 46-4 Filed 04/15/08 Page 4 of 4 PageID #: 703
Case 2:02-cv-00295-TJW Document 25 Filed 04/22/2003 Page 4 of 4

respect to the '780 patent. The court agrees with Dell that it would be an unnecessary waste of resources for this court to duplicate the efforts of its able Illinois colleagues. *Kerostet Mfg. Co. v. C-O Two Fire Equip. Co.*, 189 F.2d 31, 34 (3d Cir. 1951), *aff'd* 342 U.S. 180, 183 (1952)("... the whole of the war and all the parties to it are in the Chicago theatre."). The court transfers this case to the Northern District of Illinois in accordance with this order. All previously noticed settings are cancelled.

So **ORDERED** and **SIGNED** this 22 day of April, 2003.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE