# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MAPLEBEAR, INC., D/B/A INSTACART, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 25-CV-00137-SEH-MTS |
| v. | § § | |
| | § | **JURY TRIAL DEMANDED** |
| FALL LINE PATENTS, LLC, | § § | |
| Defendant. | § | |

## FALL LINE'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS UNDER THE FIRST-TO-FILE RULE

# TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................... 1

II.    INSTACART'S RECENT MOTION TO DISMISS
DEMONSTRATES SUBSTANTIAL OVERLAP ...................................... 1

III.   THE COURT SHOULD REJECT INSTACART'S ARGUMENTS
THAT THIS ACTION IS DISTINCT AND BROADER ............................ 2

IV.   THE TEXAS COURT SHOULD DETERMINE WHETHER ANY
EXCEPTIONS TO THE FIRST-TO-FILE RULE APPLY ........................ 7

V.    NO EXCEPTION WARRANTS DEPARTING FROM THE FIRST-
TO-FILE RULE .................................................................................... 7

VI.   CONCLUSION .................................................................................... 10

## I.    INTRODUCTION

Fall Line files this reply to make four points. First, the motion to dismiss Fall Line's counterclaims that Instacart just filed is a good example of the substantial overlap between this action and the Texas actions. Second, when Instacart argues that the first-to-file rule does not apply because this action is "distinct and broader" than the Texas actions it contradicts what it said before. Third, Instacart does not dispute that the general rule is that the first-filed court should decide whether any exceptions to the first-to-file rule apply; nor does Instacart provide any reason to depart from the general rule. Fourth, Instacart's arguments that various exceptions to the first-to-file rule apply are losers on the merits.

## II.    INSTACART'S RECENT MOTION TO DISMISS DEMONSTRATES SUBSTANTIAL OVERLAP

Instacart recently moved to dismiss Fall Line's counterclaims, arguing that Claim 7 is invalid under section 101 of the Patent Act for claiming ineligible subject matter. *See* Dkt. 48 [7/7/25 Motion To Dismiss]. But the Texas court already soundly rejected that argument when it denied a motion to dismiss in one of Fall Line's earlier actions. *See* Ex. A at 8 [5/25/21 Order]. In fact, the Texas court went on to rule that Fall Line had sufficient evidence to survive summary judgment on the issue—and even granted summary judgment in favor of Fall Line. *See* Ex. B at 43 & n.18 [7/7/23 Order].

1

Instacart nevertheless asks this Court to take up the issue again, arguing that this Court should find that its "sister court's" decision has since been "discredited" by the Federal Circuit in *Beteiro. See* Dkt. 48 at 1. But what Instacart does not tell the Court is that even its new argument—that the Federal Circuit's recent decision in *Beteiro* supposedly shows that the Texas court got it wrong in its earlier decision—has already been fully briefed and heard in the Texas action. Indeed, the same attorney representing Instacart here sat in the Texarkana courtroom and watched its customers' codefendants make the exact same argument—but chose not to join it. *See* Ex. C [5/7/25 Hearing Transcript].

Instacart's strategic decision to try to avoid the Texas court's decision on this issue, and to instead try to have this Court pass judgment on the decision of its sister court, is precisely what the first-to-file rule is designed to prevent. *See, e.g., Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 605-606 (5th Cir. 1999) (explaining that following the first-to-file rule avoids the second-filed court "entrenching on the authority of its sister court").

## III.  THE COURT SHOULD REJECT INSTACART'S ARGUMENTS THAT THIS ACTION IS DISTINCT AND BROADER

Instacart now tells the Court that the first-to-file rule does not apply at all because the issues in this action are "distinct and broader" than the issues in the Texas actions. Opp. at 1. Specifically, Instacart argues that this action

is "distinctly" different because it addresses (1) "Instacart technology used by Instacart and its many retail partners beyond Sprouts and ALDI;" (2) "the '748 Patent in its entirety, whereas the Texas suits are focused narrowly on only claim 7;" and (3) "whether Instacart indirectly infringes the '748 patent, which is not an issue in the ALDI and Sprouts cases." Opp. at 4. These arguments are not merely bad. They are also inconsistent with everything that Instacart has said before now.

Start with Instacart's assertion that the "Instacart technology used by Instacart and its many retail partners" is different from the Instacart technology used by Sprouts and Aldi. To invoke this Court's declaratory judgment jurisdiction, Instacart said the opposite. Instacart alleged that many retail partners—not just Sprouts and Aldi—use the same Instacart technology for which it seeks a declaration of non-infringement. *See, e.g.,* Dkt. No. 1 ¶ 13 [Complaint] ("***Other Instacart Retail Partners***, who have not yet been sued by Defendants, likewise use ***similar technology created and provided by Instacart***.") (emphasis added). And to support Instacart's customers' invocation of the first-to-file rule (and the customer-suit exception to it) in Texas, Instacart's own witnesses swore that the same Instacart technology is used by all Instacart's retail partners. *See, e.g.,* Ex. D ¶ 7 [Munday Decl] ("***Many other entities*** providing online applications license and ***utilize the same white-label mobile application technology that***

3

*Sprouts licenses and utilizes from Instacart.*") (emphasis added). It was precisely this similarity that Instacart argued gave rise to an actual case or controversy here with respect to "Instacart technology" as a general matter—not just for the supposedly "distinct" technology used by Sprouts and Aldi. *See* Dkt. No. 1 ¶ 14 [Complaint] ("As a result of the allegations *against the Instacart Defendants*, which are based on mobile application functionality provided by Instacart, there exists an immediate and actual case or controversy between Instacart and Defendant regarding whether *Instacart's technology and products* infringe the '748 Patent.") (emphasis added); ¶ 15 ("Based on Defendant's history of patent infringement lawsuits and on the November 2024 Lawsuits *accusing the Instacart Defendants*, Instacart has a reasonable belief that Defendants may sue *it or its other Instacart Retail Partners.*") (emphasis added).

Next, consider Instacart's argument that this action is distinct and broader because it involves all the claims of the 748 Patent while the Texas actions involve only Claim 7. Because Claim 7 is the only claim that Fall Line asserted against any Instacart customers in Texas, Instacart has no basis to assert that it feared that Fall Line would assert any other claim against it or its other customers. And—to no one's surprise—the only claim that Fall Line is asserting in this action is Claim 7. *See* Dkt. No. 39 ¶¶ 30, 34, 35 [Fall Line's Answer And Counterclaim] (pointing to only Claim 7 both

4

for direct and indirect infringement).

Finally, turn to Instacart's argument that "this is the first and only case to raise issues involving . . . indirect infringement." Opp. 8. That is false. Fall Line alleged indirect infringement in the Texas actions. In fact, the same attorneys representing Instacart in this action moved on behalf of Instacart's customers in the Texas actions to dismiss Fall Line's allegations of indirect infringement as being insufficiently pleaded. *See, e.g.,* Ex. E at 8-9 [2/10/25 Motion To Dismiss]. And they cut and pasted their argument from their Texas brief into the brief that they recently filed in this action! Compare *id.* with Dkt. No. 48 at 22-23 [Instacart's Motion To Dismiss Defendant's Counterclaims]. Moreover, Instacart simply ignores that Fall Line alleges it indirectly infringes by inducing and contributing to the direct infringement ***of Sprouts and Aldi***, the defendants in the Texas actions. So the indirect infringement allegations here demonstrate substantial overlap between the actions—not "distinct and broader" differences.

Instacart also argues more generally that if the Texas court decides that the customer-suit exception does not apply, then that will also show that the first-to-file rule does not apply. *See, e.g.,* Opp. 2 ("If it denies those motions—based on Fall Line's argument that Instacart is not the real party in interest—that only reinforces the distinctness of the cases and the impropriety of transfer."). But that misunderstands the interaction of the

5

customer-suit exception and the first-to-file rule. The customer-suit exception is just what its name indicates:  an *exception* to the first-to-file rule that applies in certain circumstances. Just because an exception to a rule does not apply does not mean that the rule itself does not apply.

Just consider the actual arguments that Fall Line has made in Texas. For example, Fall Line explained that the customer-suit exception favors a manufacturer's choice of forum only when it chooses to file its declaratory judgment action in its home forum (which for Instacart is California, not Oklahoma). *See* Ex. 15 at 12 [Fall Line's Opposition To Sprout And Aldi's Motions To Transfer]. If the Texas court refuses to apply the customer-suit exception for this reason (as it should), that will in no way show that the first-to-file rule does not apply because the actions lack substantial overlap.

The same point applies with respect to the factors that courts typically consider in deciding whether to apply the customer-suit exception: whether the customers in the first-filed actions are mere resellers of products manufactured by the party in the second-filed action; whether the customers in the first action have agreed to be bound by the second action; and whether the manufacturer in the second-filed action is the sole source of the infringing products. *See, generally*, Ex. 15 at 8-12 (explaining why these factors do not support the customer-suit exception for these actions). That none of these factors support the customer-suit exception in no way shows that there is

insufficient overlap for the first-to-file rule to apply.

## IV.    THE TEXAS COURT SHOULD DETERMINE WHETHER ANY EXCEPTIONS TO THE FIRST-TO-FILE RULE APPLY

Fall Line explained in its opening brief why this Court should defer to the Texas court to determine whether any exceptions to the first-to-file rule apply. *See* Opening Brief at 14-17. In opposition, Instacart quotes *Cherokee Nation's* statement that the Court has discretion to decide for itself whether any exceptions apply. *See* Opp. 6. But Instacart simply ignores (1) *Cherokee Nation's* very next statement that the general rule is that the first-filed court should decide whether exceptions apply, (2) *Cherokee Nations'* extensive survey of the relevant caselaw establishing the general rule, and (3) *Cherokee Nation's* decision to transfer to the first-filed court to decide the exception questions. *See Cherokee Nation v. Nash,* 72 F.Supp.2d 1159, 1166-67, 1171-72 (N.D. Okla. 2010). Instacart has not even tried to explain why the Court should depart from the general rule.  There is no good reason to do so.

## V.    NO EXCEPTON WARRANTS DEPARTING FROM THE FIRST-TO-FILE RULE

If the Court takes up Instacart's arguments that various exceptions to the first-to-file rule apply on the merits, it should reject them.

In the "Legal Background" section of its brief, Instacart describes the customer-suit exception and states—in a single sentence—that it applies here. *See* Opp. 7. But in the "Argument" section of its brief, Instacart asserts

7

two different exceptions and does not mention the customer-suit exception at all. *See id.* at 9. While it is unclear whether Instacart is asserting it here, Instacart has not even tried to show that the factors that courts consider under the customer-suit exception apply. They do not. *See* Ex. 15 at 8-11. Moreover, Instacart has never disputed that the customer-suit exception cannot apply because Instacart did not file its declaratory judgment action in its home forum. *See id.* at 13.

Instacart next argues that the Court should not apply the first-to-file rule because venue would be improper if Fall Line sued Instacart in Texas. Opp. 13. In support of this argument, Instacart says that the "Federal Circuit" declined to "transfer" a declaratory-judgment action under the first-to-file rule in *Nexon* because the declaratory-judgment defendant could not have sued the declaratory-judgment plaintiff in Texas. *Id.*

Instacart's argument is wrong on multiple levels. First, *Nexon* was decided by a district court, not the Federal Circuit. *Nexon Am. Inc. v. Uniloc 2017 LLC*, No. 19-1096-CFC, 2020 WL 3035647 (D. Del. June 5, 2020). Second, *Nexon* considered a motion to dismiss, not a motion to transfer. *See id.* \*1. Third, what matters for purposes of Fall Line's request for a transfer is whether Instacart could have brought its declaratory judgment claims against Fall Line in Texas—not whether Fall Line could have sued Instacart for patent infringement there. *See In re Genentech, Inc.,* 566 F.3d 1338, 1346

(Fed. Cir. 2009) ("There is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint.").[1]

Instacart could have brought its declaratory judgment action in Texas because both personal jurisdiction and venue over Fall Line would have been proper there. *See* Opening Brief at 8 n.3; *Knape & Vogt Mfg. Co. v. Design Ideas, Ltd.,* No. 1:20-CV-1216, 2022 WL 18780566, at *3 (W.D. Mich. Feb. 2, 2022) (explaining that the general venue statue, not 1400(b), applies to declaratory judgment actions). Instacart disputes none of that. So there is no "lack of venue" that warrants departing from the first-to-file rule.

Finally, Instacart argues that the Court should not transfer under the first-to-file rule because the section 1404(a) factors favor this district. Opp. 14. But Instacart fails to acknowledge that "an ordinary § 1404(a) calculus" does not apply to Fall Line's motion. *See In re Nitro Fluids L.L.C.,* 978 F.3d 1308, 1311 (Fed. Cir. 2020). Because Fall Line is moving to transfer under

---

[1] The Court should reject any argument that Instacart should be treated as a defendant under the venue statutes because Fall Line filed counterclaims with its answer. *See, e.g., BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.,* 28 F.4th 1247, 1260–63 (Fed. Cir. 2022) (explaining why Supreme Court precedent forecloses the conclusion that a counterclaim-defendant should be treated as a "defendant" for purposes of the venue statutes).

the first-to-file rule, no deference is owed to Instacart's choice of forum and Instacart has the burden of showing that the transfer factors establish "compelling circumstances" warranting a departure from the first-to-file rule. *See id.* at 1311-12. Instacart has not met its burden.

Instacart simply ignores that the Texas court has handled and is currently handling numerous other Fall Line actions, many of which have already been consolidated with the actions against Sprouts and Aldi. *See* Opening Brief 3-6. Judicial efficiency alone thus provides ample reason to reject Instacart's argument that the convenience factors provide a "compelling" reason to depart from the first-to-file rule. *See In re Google Inc.*, 412 F. App'x 295, 296 (Fed. Cir. 2011) ("Courts have consistently held that ***judicial economy plays a paramount role*** in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective.") (emphasis added).

Instacart repeats the same arguments that are already being considered in Texas. If this Court takes them up on the merits, it should reject them. As Fall Line has already explained in Texas, they misstate legal standards, misstate facts, and lack evidentiary basis. *See* Ex. 15 at 4-8.

## VI.    CONCLUSION

For the foregoing reasons, the Court should grant Fall Line's motion.

Dated: July 21, 2025

Respectfully submitted,

/s/ *Matthew J. Antonelli*
Matthew J. Antonelli (*pro hac vice*)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington (*pro hac vice*)
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr. (*pro hac vice*)
Texas Bar No. 24051428
larry@ahtlawfirm.com
Rehan M. Safiullah (*pro hac vice*)
Texas Bar No. 24066017
rehan@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
(713) 581-3020 (fax)

Michael S. Linscott, OBA No. 17266
mlinscott@dsda.com
David W. Wulfers, OBA No. 9926
dwulfers@dsda.com
DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.
Two West Second Street, Suite 700
Tulsa, OK 74103-3119
(918) 591-5288|(918) 591-5315
(918) 925-5288|(918) 925-5315 (fax)

*Attorneys for Fall Line Patents, LLC*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of July 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>*/s/ Matthew Antonelli*</u>
Matthew Antonelli
