# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| FALL LINE PATENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:18-CV-00407-RWS |
| | § | |
| v. | § | (LEAD CASE) |
| | § | |
| ZOE'S KITCHEN, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Before the Court are Defendants Zoe's Kitchen Inc., Zoe's Kitchen USA, LLC, AMC Entertainment Holdings, Inc., American Multi-Cinema, Inc., Boston Market Corporation, McDonald's Corporation, McDonald's USA, LLC, Papa John's International, Inc., and Star Papa, L.P's (collectively, "Defendants") Motions to Dismiss the Complaint for Failure to State a Claim. Case No. 6:18-cv-407, Docket No. 12; Case No. 6:18-cv-408, Docket No. 17; Case No. 6:18-cv-409, Docket No. 11; Case No. 6:18-cv-412, Docket No. 13; Case No. 6:18-cv-415, Docket No. 15. For the reasons set forth below, the motions are **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff Fall Line Patents, LLC ("Plaintiff") initially filed a complaint against Defendants alleging patent infringement of multiple claims of U.S. Patent No. 9,454,748 (" the '748 patent") in August 2018. Case No. 6:18-cv-407, Docket No. 1; Case No. 6:18-cv-408, Docket No. 1; Case No. 6:18-cv-409, Docket No. 1; Case No. 6:18-cv-412, Docket No. 1; Case No. 6:18-cv-415, Docket No. 1. In October 2018, Defendants filed motions to dismiss Plaintiff's original complaint for lack of patent eligible subject matter. Case No. 6:18-cv-407, Docket No. 12; Case No. 6:18-cv-408, Docket No. 17; Case No. 6:18-cv-409, Docket No. 11; Case No. 6:18-cv-412, Docket No.

Case 6:18-cv-00407-ADA Document 149 Filed 05/25/21 Page 2 of 9
Case 2:23-cv-01074-JRW-MJT Document 15-19 Filed 05/25/23 Page 2 of 9 PageID #: 4303
Case 2:23-cv-01074-JRW-MJT Document 15-19 Filed 07/31/25 Page 3 of 10

13; Case No. 6:18-cv-415, Docket No. 15. The cases were consolidated later that month (Case No. 6:18-cv-407, Docket No. 19) and the motions were then briefed in full.[1] Defendants moved to stay the case pending *inter partes* review of the patent-in-suit in March 2019. Case No. 6:18-cv-408, Docket No. 66. The Court granted Defendants' motion on August 9, 2019. Case No. 6:18-cv-407, Docket No. 110.

On August 4, 2020, the PTAB issued its final written decision invalidating all but claim 7 of the asserted claims of the '748 patent. Case No. 6:18-cv-407, Docket No. 120. Plaintiff now asserts only that claim, which recites:

> 7. A method for collecting survey data from a user and making responses available via the Internet, comprising:
> (a) designing a questionnaire including at least one question said questionnaire customized for a particular location having branching logic on a first computer platform wherein at least one of said at least one questions requests location identifying information;
> (b) automatically transferring said designed questionnaire to at least one loosely networked computer having GPS integral thereto;
> (c) when said loosely networked computer is at said particular location, executing said transferred questionnaire on said loosely networked computer, thereby collecting responses from the user;
> (d) while said transferred questionnaire is executing, using said GPS to automatically provide said location identifying information as a response to said executing questionnaire;
> (e) automatically transferring via the loose network any responses so collected in real time to a central computer; and
> (f) making available via the Internet any responses transferred to said central computer in step (e).

'748 patent, col. 7.

Defendants then filed supplemental briefing in support of their motions to dismiss to address claim 7 only (Docket No. 134), and Plaintiff filed a response (Docket No. 137). The Court heard argument on the motions on December 15, 2020. Case No. 6:18-cv-407, Docket No. 150.

---

[1] Each Defendant filed identical motions to dismiss in each of the consolidated matters. Thus, Plaintiff's response (Docket No. 21), Defendants' reply (Docket No. 24) and Plaintiff's sur-reply (Docket No. 32) docketed in the lead case, 6:18-cv-407, fully briefs the issues before the Court.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint that does not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, Plaintiff must plead facts sufficient to allow the Court to draw a reasonable inference that Defendants are liable for the alleged patent infringement. *See id.* (citing *Twombly*, 550 U.S. at 556). At this stage, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the Plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

The Supreme Court has established a two-part test for patent eligibility. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). In determining whether a claim is patent-ineligible, the Court must "first determine whether the claims at issue are directed to a patent-ineligible concept." *Id*. Claims directed to software inventions do not automatically satisfy this first step of the inquiry. *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). Rather, "the first step in the *Alice* inquiry . . . asks whether the focus of the claims is on [a] specific asserted improvement in computer capabilities . . . or, instead, on . . . an 'abstract idea' for which computers are invoked merely as a tool." *Id*. at 1335–36.

If the Court determines that the claims are directed to an abstract idea, it then determines whether the claims contain an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application. *Alice*, 134 S. Ct. at 2357. An inventive concept is "some element or combination of elements sufficient to ensure that the claim in practice amounts to 'significantly more' than a patent on an ineligible concept." *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1255 (Fed. Cir. 2014). The Court "consider[s] the elements of each claim both individually

and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Alice*, 134 S. Ct. at 2355 (internal quotations omitted). Even if each claim element, by itself, was known in the art, "an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).

## ANALYSIS

### A. *Alice* Step One

Step one of the *Alice* two-step test requires analyzing the "focus" of the claims, or their "character as a whole." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016). The goal is to identify the basic concept at the "heart" of the claims. *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 714–15 (Fed. Cir. 2014). "[M]ethods which can be performed mentally or which are the equivalent of human mental work, are unpatentable abstract ideas—the 'basic tools of scientific and technological work' that are open to all." *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1371 (Fed. Cir. 2011) (quoting *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)).

Defendants contend that claim 7 is directed to the abstract idea of transmitting, filling out and publishing a questionnaire. Docket No. 132 at 1. Claim 7 requires "(1) designing a questionnaire that includes a question requesting location information, (2) automatically transmitting the questionnaire, (3) executing the questionnaire to collect responses from a user, (4) using GPS to automatically provide the requested location information, (5) transferring the responses to a central computer, and (6) making the response available via the Internet." *Id.* at 3. Defendants argue that the patent does not disclose an improvement to a computer-centric problem but rather invokes general computing components as a tool to carry out an abstract process, which

was previously performed manually. *Id*. at 1–3. In its supplemental brief, Plaintiff does not specifically respond to Defendants' arguments that claim 7 is directed to an abstract idea. Docket No. 137 at 1–2.

In this case, the Court finds that the asserted claim is directed to the abstract idea of sending a questionnaire, collecting responses that include location information and making those responses available over the Internet. The '748 patent itself is titled "System and Method for Data Management," and the preamble of claim 7 recites "[a] method for collecting survey data from a user and making responses available via the Internet." '748 Patent, col. 14. Indeed, claims directed to merely "collecting" and "manipulating" data are patent-ineligible. *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1340 (Fed. Cir. 2017) (collecting cases).

Here, "the claimed idea represents routine tasks that could be performed by a human." *eDekka LLC v. 3Balls.com, Inc.*, No. 2:15-CV-541-JRG, 2015 WL 5579840, at *4 (E.D. Tex. Sept. 21, 2015). People have long collected and transmitted information using questionnaires. The claims purport to merely accelerate this process. Yet "the speed increase comes from the capabilities of a general-purpose computer, rather than the patented method itself." *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1095 (Fed. Cir. 2016). Thus, the claims "merely implement an old practice in a new environment." *Id*. at 1094.

Similarly, people have long communicated location identifying information. Claim 7 purports to communicate location identifying information automatically with the questionnaire response. '748 patent, claim 7(d). "[T]he need to perform tasks automatically is not a unique technical problem." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1316 (Fed. Cir. 2019). Indeed, nothing in the claim recites a technological improvement, "instead predominately

describ[ing] the system and methods in purely functional terms." *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016).

Accordingly, since the invention is drawn to an abstract idea, we move to step two.

**B.  *Alice* Step Two**

The Court must next determine whether an inventive concept exists sufficient to transform the claims into patent-eligible subject matter. Such transformation requires more than simply stating the abstract idea "while adding the words 'apply it.' " *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72 (2012). The Court looks to see "whether there are any 'additional features' in the claims that constitute an 'inventive concept,' thereby rendering the claims eligible for patenting even if they are directed to an abstract idea." *Intellectual Ventures*, 850 F.3d at 1341 (quoting *Alice*, 134 S.Ct. at 2357). "Those 'additional features' must be more than 'well-understood, routine, conventional activity.' " *Id.* (quoting *Mayo*, 132 S.Ct. at 1298).

Defendants contend that claim 7 fails to state an inventive concept because it recites a "computer platform" that can be "desktops, laptops, handhelds, portables, etc.," another computer that is "loosely networked" and a "GPS device," which Defendants argue "was so conventional as of the patent's priority date that the inventor did not describe it once in the specification." Docket No. 132 at 6. Thus, Defendants argue that because claim 7 requires generic computer components used for their conventional functions—"computers to capture and process data, a GPS device to provide location data, and a network over which to transmit data"—it fails to provide an inventive concept at *Alice* step two. *Id.* at 6–7.

In response, Plaintiff argues that Defendants "miss that the use of conventional components in unconventional ways can provide an inventive concept." Docket No. 137 at 8. Plaintiff contends that it was unconventional to: (1) use an integrated GPS unit to automate the collection

and use of location identifying information for purposes of customizing a questionnaire; and (2) to automatically collect location information for transmission to a server so that questions customized for that location could be generated and sent back to the handheld device *Id.* (citing Docket No. 1 ¶ 38). Plaintiff argues that these factual allegations are sufficient to defeat Defendants' motion at the pleading stage. *Id.* Further, Plaintiff contends that any argument that this approach was so well known in the prior art as to be conventional must fail because it presents a factual question that cannot be resolved against the patent owner on a motion to dismiss. *Id.* (citing *Maxell, Ltd. v. Huawei Device USA Inc.*, No. 5:16-CV-00178-RWS, 2018 WL 4179107, at *8 (E.D. Tex. Mar. 29, 2018)).

The Court finds that, at the 12(b)(6) stage, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to Plaintiff, Plaintiff has pleaded that claim 7 recites more than a well-understood, routine, conventional activity. *Mayo*, 132 S.Ct. at 1298. Like in *Aatrix*, there are "concrete allegations" in the complaint that "individual elements and the claimed combination are not well-understood, routine, or conventional activity." *Aatrix*, 882 F.3d at 1128. The complaint alleges that the use of an integral GPS device as recited in claim 7 was not well-understood, routine or conventional:

> Additionally, the 748 Patent teaches using an integral GPS device for multiple purposes, including causing location information to be automatically collected by the executing questionnaire, creating questionnaires that are customized for particular locations, and executing questionnaires when the remote computing devices reach certain locations . . . . This use of an integral GPS device represented an advance over the prior art and was not well-understood, routine, and conventional. It is reflected in the claims of the patent-in-suit. [748 patent] at . . . 14:52–62 (claim 7) . . . .

Docket No. 1 ¶ 38 (internal citations omitted).

Plaintiff's complaint alleges that in 2002, when the parent provisional application for the '748 patent was filed, the then-existing remote handheld computer technologies (primarily PDAs)

Page **7** of 9

were ill-equipped to collect information in the field because they mimicked the resources of desktop computers and suffered technical problems when dealing with "intermittent" or "loose" networks. Docket No. 1 ¶ 33; Docket No. 137 at 3–4. The complaint states that "[i]t is these technical problems with the prior-art remote handheld computers that the inventor of the '748 patent sought to address." Docket No. 1 ¶ 34. While an inventive concept "cannot simply be an instruction to implement or apply the abstract idea . . . on a generic computer," by pleading specific improvements in the prior art resolved by the claimed invention and specific uses of the conventional components, like an integral GPS device, that are not well-understood, routine and conventional, Plaintiff has pleaded an unconventional use that is not contradicted by the face of the '748 patent. *BASCOM*, 827 F.3d at 1349 (Fed. Cir. 2016); Docket No. 1 ¶¶ 33–34, 38. "[P]atentees who adequately allege their claims contain inventive concepts survive a § 101 eligibility analysis under Rule 12(b)(6)." *Aatrix*, 882 F.3d at 1126–27. The Court will not resolve factual disputes at this stage.

Accordingly, Defendants' Motions to Dismiss are **DENIED**. This denial is **WITHOUT PREJUDICE**, as Defendants may choose to file a Motion for Summary Judgment under 35 U.S.C. § 101 at a later time.

## CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim (Case No. 6:18-cv-407, Docket No. 12; Case No. 6:18-cv-408, Docket No. 17; Case No. 6:18-cv-409, Docket No. 11; Case No. 6:18-cv-412, Docket No. 13; Case No. 6:18-cv-415, Docket No. 15) are **DENIED WITHOUT PREJUDICE** to refiling a Motion for Summary Judgment under 35 U.S.C. § 101 at a later time.

**SIGNED this 25th day of May, 2021.**

                                                */s/ Robert W. Schroeder III*
                                                ROBERT W. SCHROEDER III
                                                UNITED STATES DISTRICT JUDGE