# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| FALL LINE PATENTS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>ALDI INC. and ALDI (TEXAS), LLC,<br><br>*Defendants.* | Civil Action No. 5:24-cv-00172-RWS<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| III. | STATEMENT OF LAW | 4 |
| | A. General Pleading Standard | 4 |
| | B. Patent Infringement Pleading Standard | 4 |
| | C. Willful Infringement Pleading Standard | 5 |
| IV. | ARGUMENT | 6 |
| | A. The Complaint Fails to Assert any Facts to Plausibly Support its Legal Conclusions | 6 |
| |     1. The Complaint Fails to Assert any Facts to Plausibly Support a Claim of Direct Infringement | 6 |
| |     2. The Complaint Fails to Assert any Facts to Plausibly Support a Claim of Indirect Infringement | 8 |
| |     3. The Complaint Fails to Assert any Facts to Plausibly Support a Claim of Willful Infringement | 9 |
| V. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ............................................................................................ 4, 5, 6, 9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................... 4, 5, 6

*Bot M8 LLC v. Sony Corporation of America*,
   4 F.4th 1342 (Fed. Cir. 2021) .................................................................................... 5, 7, 8

*Bush Seismic Techs. LLC v. Am. Gem Soc'y*,
   No. 2:14-CV-1809-JRG, 2016 WL 9115381 (E.D. Tex. Apr. 13, 2016) ........................ 6, 10

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015) ....................................................................................................... 8

*Doe v. Myspace, Inc.*,
   528 F.3d 413 (5th Cir. 2008) ............................................................................................ 4

*Global-Tech Appliances, Inc. v. SEB S. A.*,
   563 U.S. 754 (2011) ........................................................................................................... 8

*Golden v. Apple*,
   819 Fed. Appx. 930 (Fed. Cir. 2020) .............................................................................. 4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ................................................................................................ 6, 10

*Hughes v. The Tobacco Inst., Inc.*,
   278 F.3d 417 (5th Cir. 2001) ............................................................................................ 4

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*,
   714 F.3d 1277 (Fed. Cir. 2013) ........................................................................................ 5

*Limelight Networks, Inc. v. Akamai Technologies, Inc.*,
   572 U.S. 915 (2014) ........................................................................................................... 8

*Linear Tech. Corp. v. Impala Linear Corp.*,
   379 F.3d 1311 (Fed. Cir. 2004) ........................................................................................ 8

*Nu-You Techs., LLC v. Beauty Town Int'l Inc.*,
   2016 WL 4717991 (N.D. Tex. July 7, 2016) ............................................................ 5, 7, 8

*Opticurrent, LLC v. Power Integrations, Inc.*,
   No. 2:16-CV-325-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016) .......................... 5

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ............................. 10

*Plotkin v. IP Axess Inc.*,
  407 F.3d 690 (5th Cir. 2005) ........................................................................................... 4

*Simpson v. James*,
  903 F.2d 372 (5th Cir. 1990) ........................................................................................... 6

*Stragent, LLC v. BMW of N. Am., LLC*,
  No. 6:16-CV-00446, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017), ................................... 8

*Stragent, LLC v. BMW of N. Am., LLC*,
  No. 6:16-CV-00446, 2017 WL 2832613 (E.D. Tex. Mar. 27, 2017) ................................... 8

*Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*,
  No. 15-1720, 2017 WL 568781 (E.D. La. Feb. 13, 2017) ............................................ 5, 8

**Rules**

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 1, 11

Fed. R. Civ. P. 8 ........................................................................................................................... 4

# LOCAL RULE 7(a)(1) STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether the Court should dismiss the Plaintiff's Original Complaint for Patent Infringement (Dkt. 1) under FED. R. CIV. P. 12(b)(6) for failing to assert any facts to plausibly support a claim for direct patent infringement where the Defendant is accused of infringing a patent claim directed to a particular, detailed method for collecting survey data from a user and making responses available via the internet, and the Complaint does not allege any facts that would support a conclusion that the accused products perform any specific elements of the method claim.

2. Whether the Court should dismiss the Plaintiff's Original Complaint for Patent Infringement (Dkt. 1) under FED. R. CIV. P. 12(b)(6) for failing to plausibly allege indirect infringement, contributory infringement, and willful infringement where the Plaintiff does not allege any facts that would support a conclusion of indirect infringement, contributory infringement, or willful patent infringement.

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants ALDI Inc. and ALDI (Texas), LLC (collectively "ALDI" or "Defendants") respectfully move the Court for an order dismissing the Original Complaint for Patent Infringement ("Complaint") filed by Plaintiff Fall Line Patents, LLC ("Plaintiff"). The Complaint includes a single count alleging direct infringement of United States Patent No. 9,454,748 (the "'748 Patent"), and makes bald allegations regarding indirect and willful infringement, but fails to provide any facts to plausibly support any of these theories of alleged infringement.

Instead, the Complaint alleges, without facts or explanation, that "the ALDI mobile app" operates in conjunction with "ALDI servers" to directly infringe Claim 7 of the '748 Patent (the "Asserted Claim"). Dkt. 1, ¶¶ 11-12. The Asserted Claim recites a lengthy method "for collecting survey data from a user and making responses available via the Internet" that includes six different clauses reciting the particular elements of performing the claimed method. '748 Patent, claim 7. The Complaint fails to include so much as a single statement setting forth facts from which one could plausibly conclude that any of these six elements are met by any particular app or server. Indeed, the Complaint fails to include or acknowledge the language of the Asserted Claim.

For at least these reasons, and those set forth below, the Complaint should be dismissed for failure to state a claim that Plaintiff is entitled to any relief.

## II. FACTUAL BACKGROUND

On November 25, 2024, Plaintiff brought suit against Defendants alleging infringement of the '748 Patent. Dkt. 1. The '748 Patent, entitled "System and Method for Data Management," issued on September 27, 2016 and expired on December 31, 2024.

1

The '748 Patent includes a total of twenty-two claims, but many have been invalidated in previous proceedings. Plaintiff asserts only claim 7, reproduced below:

> 7. A method for collecting survey data from a user and making responses available via the Internet, comprising:
>
> (a) designing a questionnaire including at least one question said questionnaire customized for a particular location having branching logic on a first computer platform wherein at least one of said at least one questions requests location identifying information;
>
> (b) automatically transferring said designed questionnaire to at least one loosely networked computer having a GPS integral thereto;
>
> (c) when said loosely networked computer is at said particular location, executing said transferred questionnaire on said loosely networked computer, thereby collecting responses form the user;
>
> (d) while said transferred questionnaire is executing, using said GPS to automatically provide said location identifying information as a response to said executing questionnaire;
>
> (e) automatically transferring via the loose network any responses so collected in real time to a central computer; and
>
> (f) making available via the Internet any responses transferred to said central computer in step (e).

'748 Patent, claim 7. Despite the detailed technical requirements of the Asserted Claim, which requires specific functionality including branching logic, GPS integration, and a particular method of data transfer, the Complaint's allegation of infringement is remarkably sparse, stating only that:

> 11. ALDI made, had made, used, imported, provided, supplied, distributed, sold, and/or offered the ALDI mobile app that, in conjunction with ALDI servers, create and execute a location-specific questionnaire to collect responses from users.

2

> 12. By doing so, ALDI has directly infringed (literally and/or under the doctrine of equivalents) Claim 7 of the '748 Patent. The infringement in this regard is ongoing.

Dkt. 1, ¶¶ 11-12. The Complaint is devoid of facts that could plausibly support a conclusion that the six steps required by the Asserted Claim are met by any particular accused product. It provides no details regarding how any ALDI mobile app operates in conjunction with any ALDI servers to meet the steps of the Asserted Claim.

The only other statement contained in the Complaint regarding the purported basis for direct infringement is the following:

> 15. Defendant has also directly infringed the '748 Patent by exercising direction or control over the use of the accused products by its customers. When Defendant's customers download and use the accused products, Defendant is putting the accused products into service and conditions the benefit received by each customer from using the accused products (which utilize the methods taught by the '748 Patent). Use of the accused products in such manner infringes the '748 Patent.

Dkt. 1, ¶ 15. This paragraph, too, is devoid of any facts that could support the conclusion that any accused product practices the six steps required by the Asserted Claim.

Despite having only one Count, for "Direct Infringement," the Complaint also contains allegations under a heading entitled "Additional Allegations Regarding Indirect Infringement." Dkt. 1, ¶¶ 16-21. Those paragraphs likewise contain no facts that could support a conclusion that any accused product practices the six steps required by the Asserted Claim.

3

### III. STATEMENT OF LAW

#### A. General Pleading Standard

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). It is long settled that Rule 8 requires more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A viable complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009); *Myspace*, 528 F.3d at 418 (both quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully," and a complaint that does not state a plausible claim for relief cannot survive a motion to dismiss. *Id*.

Although a complaint's factual allegations are to be taken as true, allegations that are merely conclusory are not entitled to this presumption. *Id*. at 681; *see also Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."). Complaints that contain nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" should be dismissed. *Iqbal*, 556 U.S. at 678.

#### B. Patent Infringement Pleading Standard

Claims of patent infringement are subject to the pleading standards enumerated in *Twombly* and *Iqbal*. *See Golden v. Apple*, 819 Fed. Appx. 930, 930-31 (Fed. Cir. 2020). A patent

4

infringement complaint must place the alleged infringer "on notice of what activity … is being accused of infringement." *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc*., 714 F.3d 1277, 1284 (Fed. Cir. 2013). Notice requires plaintiff to plausibly allege that the accused products meet each and every element of at least one claim of the asserted patent. *Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, No. 3:15- CV-03433-N, 2016 WL 4717991, at *2 (N.D. Tex. July 7, 2016) (dismissing claim for direct infringement of method patent where complaint failed to allege that the defendant performed "every step of the method"); *see also Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). More specifically, "[t]o state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Opticurrent, LLC v, Power Integrations, Inc*., 2016 WL 9275395 at *3 (E.D. Tex. Oct. 19, 2016).

"[S]imply putting defendants on notice that their product allegedly infringes at least one of the claims within [the] patents, without more, does not satisfy the plausibility standard." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, No. 15-1720, 2017 WL 568781, at *4 (E.D. La. Feb. 13, 2017). "Accordingly, a plaintiff cannot assert a plausible claim for infringement under *the Iqbal Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegation that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

C.  **Willful Infringement Pleading Standard**

"Awards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs.,*

5

*Inc.*, 136 S. Ct. 1923, 1932 (2016). Accordingly, courts dismiss allegations of willful infringement that are conclusory or based solely on the filing of a lawsuit. *See, e.g.*, *Bush Seismic Techs. LLC v. Am. Gem Soc'y*, No. 2:14-CV-1809-JRG, 2016 WL 9115381, at *3 (E.D. Tex. Apr. 13, 2016) (dismissing willfulness claim where plaintiff "could not have had a good faith basis to allege willful and induced infringement based on post-suit conduct that had not yet occurred" and noting that "[a] patentee should not prospectively allege post-filing conduct in an original complaint").

## IV.     ARGUMENT

### A. The Complaint Fails to Assert any Facts to Plausibly Support its Legal Conclusions

#### 1. The Complaint Fails to Assert any Facts to Plausibly Support a Claim of Direct Infringement

The Complaint fails to provide the necessary factual support for its infringement allegations. Instead, it merely sets forth a *conclusion* that something it refers to as "the ALDI mobile app," possibly in conjunction with unidentified "ALDI servers," infringes the Asserted Claim. Dkt. 1, ¶¶ 11-12. The Complaint is bereft of factual allegations sufficient to permit the Court to plausibly conclude that any accused product infringes the Asserted Claim. This falls far short of the required pleading standard.

To begin, in order to plausibly allege patent infringement, a complaint must place the defendant on notice as to the claims against which it must defend itself. *Twombly*, 550 U.S. at 574; *see Simpson v. James*, 903 F.2d 372, 375 (5th Cir. 1990). Here, Plaintiff has not properly identified the accused mobile app system, and instead makes only vague references to "the ALDI mobile app" without any meaningful description of the allegedly infringing functionality. This fails to provide the notice required.

More fundamentally, the Complaint fails to even recite the elements of the Asserted Claim, let alone explain how any portion of any ALDI mobile app allegedly meets those elements. *Bot*

6

*M8*, F.4th at 1353; *see also Nu-You Techs*, 2016 WL 4717991, at *2 (dismissing claim for direct infringement of method patent where complaint failed to allege that the defendant performed "every step of the method"). The Complaint's bare allegations fail to provide any specific description of how the accused system operates, or how it practices each step of the claimed method.

In this regard, the Complaint states only that "the ALDI mobile app[], in conjunction with ALDI servers, create and execute a location-specific questionnaire to collect responses from users" and that "[b]y doing so, ALDI has directly infringed (literally and/or under the doctrine of equivalents) Claim 7 of the '748 Patent." Dkt. 1, ¶¶ 11-12. Such a broad and unsupported statement fails to plausibly allege that any ALDI mobile app infringes the Asserted Claim.

Specifically, the Asserted Claim requires six different steps (labelled (a) through (f)). The Complaint does not explain how the accused system meets any of these requirements. For example, the method recites functions such as "a questionnaire customized for a particular location having branching logic on a first computer platform"; "automatically transferring said designed questionnaire to at least one loosely networked computer having a GPS integral thereto"; and "making available via the Internet any responses transferred to [a] central computer" to name but a few. '748 Patent, claim 7. The Complaint does not explain how the "location-specific questionnaire" allegedly created by the ALDI mobile app is "customized for a particular location having branching logic," does not make any mention of a "loosely networked computer having a GPS," and does not mention the Internet at all. It includes no claim chart, no description of how any ALDI mobile app operates "in conjunction with ALDI servers" to allegedly meet the various steps of the Asserted Claim, and no factual information at all regarding the functionality of the ALDI mobile app.

7

By failing to provide any factual allegations connecting the accused system to the claim elements, the Complaint falls well short of the pleading standard. *Bot M8*, F.4th at 1353; *see also Nu-You Techs*, 2016 WL 4717991, at *2. Accordingly, Plaintiff's claims of direct infringement should be dismissed.

### 2. The Complaint Fails to Assert any Facts to Plausibly Support a Claim of Indirect Infringement

The Complaint's allegations of indirect infringement fail for three independent reasons, each of which warrants dismissal.

First, and most fundamentally, it is well settled that "there can be no indirect infringement without direct infringement." *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 572 U.S. 915 (2014); *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004); *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-CV-00446, 2017 WL 2821697, at *7 (E.D. Tex. Mar. 3, 2017), *report and recommendation adopted*, No. 6:16-CV-00446, 2017 WL 2832613 (E.D. Tex. Mar. 27, 2017); *Wright's Well Control Servs., LLC*, 2017 WL 568781, at *5. As discussed above, the Complaint fails to plausibly allege that the accused system meets any – let alone all – of the limitations of the Asserted Claim. Without adequately pleading direct infringement, the indirect infringement allegations necessarily fail.

Second, the Complaint fails to provide adequate factual allegations of any specific intent to infringe. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1928 (2015) (citing *Global-Tech Appliances, Inc. v. SEB S. A.*, 563 U.S. 754, 760 (2011)). Plaintiff merely offers conclusory allegations that "Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes Claim 7 of the '748 Patent." Dkt. 1, ¶ 16. The Complaint asserts such steps include "advising or directing customers and end-users to use the accused products in an infringing manner; advertising

8

and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner." *See, e.g.*, *id.* Yet these allegations fail to specify not only which features of the ALDI mobile app are at issue, but also what "distributing instructions," "advertising," or "promoting" ALDI performs for their "customers and end-users" that would aid or abet them in infringing the Asserted Claim, or how or why ALDI would even know that their users are directly infringing.

Third, the Complaint's contributory infringement allegations are equally deficient. It merely recites, without support, that "[t]he accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe" and that "[t]he features constitute a material part of the invention of one or more of the claims of the '748 Patent and are not staple articles of commerce suitable for substantial non-infringing use." Dkt. 1, ¶ 17. But Plaintiff's allegations fail to identify what this allegedly infringing use actually is, or how the accused products are material to that use or why the scope of the claims is such that the accused products are incapable of substantial non-infringing use. These assertions are precisely the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that fail under *Iqbal*. 556 U.S. at 678.

Having failed to provide any factual support for direct infringement, specific intent, or the elements of contributory infringement, the Complaint's indirect infringement allegations should be dismissed.

**3. The Complaint Fails to Assert any Facts to Plausibly Support a Claim of Willful Infringement**

Plaintiff further asserts that ALDI's alleged infringement of the '748 Patent "is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of [Plaintiff's] rights under the patent." Dkt. 1, ¶ 20. The Supreme Court has explained that enhanced damages

9

for willful infringement "are not to be meted out in a typical infringement case" absent conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). The Complaint's allegations of willfulness fall far short of this standard. "To state a claim for willful infringement, a plaintiff must allege facts plausibly showing that the accused infringer: '(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'") *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 775 (W.D. Tex. 2024) (citing *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019)). The complaint fails on all three elements.

First, the Complaint alleges knowledge of the patent only through the filing of this lawsuit (Dkt. 1, ¶ 18). This is insufficient as a matter of law. *See Bush Seismic Techs. LLC v. Am. Gem Soc'y*, No. 2:14-CV-1809-JRG, 2016 WL 9115381, at *3 (E.D. Tex. Apr. 13, 2016) (dismissing a willfulness claim where plaintiff failed to supply "a good faith basis to allege willful and induced infringement based on post-suit conduct that had not yet occurred" and noting that "[a] patentee should not prospectively allege post-filing conduct in an original complaint").

Second, beyond conclusory assertions that ALDI's conduct "is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard" of Plaintiff's rights (Dkt. 1, ¶ 20), the Complaint provides no factual allegations of egregious behavior that could support enhanced damages under *Halo*. 136 S. Ct. at 1932.

Third, the Complaint's bare allegation that "Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others)" is both unsupported and insufficient to establish the knowledge and intent required for

10

willfulness. The Complaint provides no factual basis for this assertion, much less how such a policy would demonstrate the type of egregious misconduct required for enhanced damages.

Having failed to plead any facts supporting pre-suit knowledge, egregious conduct, or knowing infringement, Plaintiff's claims of willful infringement should be dismissed.

## V. CONCLUSION

For at least these reasons, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Date:  February 10, 2025              Respectfully submitted,

                                      */s/ Michael C. Smith*
                                      Michael C. Smith
                                      SCHEEF & STONE, LLP
                                      State Bar No. 18650410
                                      113 East Austin Street
                                      Marshall, Texas 75670
                                      Office: (903) 938-8900
                                      michael.smith@solidcounsel.com

                                      ATTORNEY FOR DEFENDANTS, ALDI INC.
                                      and ALDI (TEXAS), LLC

12

## CERTIFICATE OF SERVICE

I certify that on February 10, 2025, a true and accurate copy of the foregoing was filed electronically with the Court's CM/ECF system, which will send notification to all attorneys registered to receive service. Parties may access this filing through the Court's electronic filing system.

                                        */s/ Michael C. Smith*
                                        Michael C. Smith