# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAPLEBEAR, INC., D/B/A INSTACART, | § § § |
| Plaintiff, | § § CIVIL ACTION NO. 25-CV-00137-SEH-MTS |
| v. | § § |
| FALL LINE PATENTS, LLC, | § **JURY TRIAL DEMANDED** § § |
| Defendant. | § |

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
# TO DISMISS DEFENDANT'S COUNTERCLAIMS

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................. 1

II. FALL LINE PLAUSIBLY PLEADED THAT CLAIM 7 RECITES INVENTIVE CONCEPTS ........................................................................ 1

III. FALL LINE PLAUSIBLY PLEADED INFRINGEMENT ....................... 5

IV. IF NECESSARY, LEAVE TO AMEND SHOULD BE GRANTED ........ 10

V. CONCLUSION .................................................................................. 11

## I. INTRODUCTION

Fall Line's counterclaims plausibly allege that Claim 7 of its patent recites inventive concepts. In view of identical allegations in an earlier Fall Line case, another district court already rejected a motion to dismiss arguing that Fall Line's patent is invalid under section 101 of the Patent Act. In fact, that court went on to rule that Fall Line had sufficient evidence to survive a motion for summary judgment under section 101. There is no reason for a different result here. The Court should deny Instacart's motion to dismiss under section 101.

Fall Line has likewise plausibly pleaded its infringement case. The allegations in Fall Line's counterclaims are at least as detailed as those in Instacart's complaint. The Court should thus deny that part of Instacart's motion to dismiss as well.

## II. FALL LINE PLAUSIBLY PLEADED THAT CLAIM 7 RECITES INVENTIVE CONCEPTS

Fall Line already prevailed on a motion to dismiss asserting that Claim 7 claims unpatentable subject matter under section 101 of the Patent Act. *See* Ex. 1 [*Fall Line Patents, LLC v. Zoe's Kitchen, Inc.*, Case No. 6:18-cv-407-RWS, Dkt. No. 151 (E.D. Tex. May 25, 2021)]. The Texas court denied that motion because Fall Line had plausibly pleaded that Claim 7 recites inventive concepts. Specifically, Fall Line had plausibly pleaded that it was

1

unconventional to:

    (1)    use an integrated GPS unit to automate the collection and use of location identifying information for purposes of customizing a questionnaire; and

    (2)    to automatically collect location identifying information for transmission to a server so that questions customized for that location could be generated and sent back to the handheld device.

*Id.* at 6-8.

Fall Line then defeated that same unpatentability defense **on the merits**. The Texas court denied a motion for summary judgment under section 101 on multiple grounds—including that Fall Line had presented sufficient evidence for the two inventive concepts that the court had previously ruled were plausibly pleaded. *See* Ex. 2 at 43 n.18 [*Fall Line Patents, LLC v. Zoe's Kitchen, Inc.*, Case No. 6:18-cv-407-RWS, Dkt. No. 336-1 (E.D. Tex. July 7, 2023)]; Ex. 3 [Russ Report]. The Court went even further and granted summary judgment **in favor of Fall Line** so that the defense could not be presented at trial at all. *See* Ex. 2 at 44.

In this action, Fall Line expressly pleaded the same inventive concepts that the Texas court previously ruled were plausibly pleaded (and supported by evidence sufficient to survive summary judgment). *See* Dkt. No. 39 at ¶ 46 [Answer & Counterclaims]. How then can Instacart argue that Fall Line has not plausibly pleaded inventive concepts sufficient to survive its motion to

dismiss? Indeed, because Fall Line had evidence sufficient to ***win at the summary judgment stage***, how can Instacart possibly maintain that Fall Line must now ***lose at the pleadings stage*** in this action?

Instacart has no good answer. Instead, Instacart caricaturizes Fall Line's inventive concepts as merely "integrating GPS with a mobile device." Motion at 1. Instacart then asserts that "recent Federal Circuit decisions" have "discredited" the theory that the mere integration of GPS with a mobile device can qualify as an inventive concept. *Id*. Specifically, Instacart relies on *Beteiro, LLC v. DraftKings Inc.,* 104 F.4th 1350, 1357 (Fed. Cir. 2024) as reflecting this "recent" discrediting of the Texas court's decisions.

But as the Texas court previously recognized, Fall Line is not merely alleging that integrating a GPS device with a mobile phone is inventive. Rather, Fall Line plausibly alleged (and has supported with evidence that was found to be sufficient at the summary judgment stage) two specific uses of an integrated GPS that were not well understood, routine, or conventional. *See* Ex. 1 at 8 [MTD Order] ("[B]y pleading specific improvements in the prior art resolved by the claimed intention and ***specific uses of conventional components, like an integral GPS, that are not well-understood, routine and conventional***, Plaintiff has pleaded an unconventional use that is not contradicted by the face of the '748 patent.") (emphasis added).

*Beteiro* does not come close to holding that ***no use*** of an integral GPS

3

can *ever* qualify as an inventive concept. It certainly does not say that alleged uses of an integral GPS that are supported by evidence sufficient to survive summary judgment are nevertheless insufficient on the pleadings.

Instacart does not even begin to explain why the inventive concepts alleged by Fall Line are anything like the inventive concept that was at issue in *Beteiro*. The only thing that was alleged to be inventive in *Beteiro* (beyond integrating a GPS with a mobile device) was the general idea of using that integral GPS "in connection with gaming." *Beteiro*, 104 F.4th at 1358. That is nothing like the two specific uses of an integral GPS alleged by Fall Line.

Rather, Fall Line's factual allegations are like those that have previously been found sufficient to defeat motions on the pleadings. *See, e.g., Cellspin Soft, Inc. v. Fitbit, Inc.,* 927 F.3d 1306, 1316 (Fed. Cir. 2019) (reversing grant of motion to dismiss under section 101 because the plaintiff had alleged several ways in which its application of capturing, transferring, and publishing data was unconventional); *Ubiquitous Connectivity, LP v. Cent. Sec. Grp. - Nationwide, Inc.,* No. 18-CV-368-JED-CDL, 2021 WL 1970664, at *8–9 (N.D. Okla. May 17, 2021) (holding that allegations regarding inventive concepts were sufficient to survive a motion to dismiss); *Maxell Ltd. v. Huawei Device USA Inc.,* No. 5:16-CV-00178-RWS, 2018 WL 4179107, at *8 (E.D. Tex. Mar. 29, 2018) ("That the component parts of an invention were known in the prior art does not necessarily prevent the

4

Court's finding of an inventive concept for the claimed invention. The Court declines to conduct a § 102 or § 103 analysis . . . based on the prior art in the § 101 context, especially at the motion to dismiss stage.").

As *Beteiro* itself makes clear, such factual allegations are enough to survive a motion on the pleadings. *See Beteiro*, 104 F.4th at 1359 (distinguishing *Cellspin* because the patentee there pleaded "several ways in which its [claimed] application of capturing, transferring, and publishing data was unconventional"). So the Court should deny Instacart's motion to dismiss based on section 101.

### III. FALL LINE PLAUSIBLY PLEADED INFRINGEMENT

The Court should also reject Instacart's various assertions that Fall Line has not plausibly pleaded its infringement claim.

Instacart first tells the Court that Fall Line's counterclaims are inadequately pleaded because "Fall Line has not properly identified the accused mobile app system or systems, and instead makes only vague references to 'the Instacart mobile app and/or the mobile apps of retail partners' without . . . an identification of which mobile apps or which retailers are referenced." Motion at 20.

Instacart cannot be serious. It knows exactly what Fall Line is referring to when Fall Line alleges that its patent is infringed when the "the Instacart mobile app" is used. Instacart describes its app in the same general

5

way in its own SEC filings. *See, e.g.,* Ex. 4 at 5 [Instacart 10-K] ("[C]ustomers can shop from their favorite retailers through ***our app*** or website . . . .") (emphasis added). And the Court can simply type "Instacart mobile app" into Google and see what comes up. Links to download the Instacart mobile app—from both the Apple and Google app stores—are immediately returned:



Ex. 5 at 1 [Google Search Results].

Likewise, Instacart knows exactly what is meant when Fall Line refers to the mobile apps of its retail partners. In its own complaint, Instacart alleges that Fall Line sued two of its "Instacart Retail Partners" in Texas, Sprouts and Aldi. Dkt. No. 2 ¶ 12. It refers to those two Instacart Retail Partners as the "Instacart Defendants." *Id*. And Instacart explains that it provided the technology for the mobile apps of not only the Instacart Defendants, but also its "Other Instacart Retail Partners." *Id*. ¶ 13; *see also* Ex. 6 [Munday Decl] ("Many other entities providing online applications

6

license and utilize ***the same white-label mobile application technology*** that Sprouts licenses and utilizes from Instacart.") (emphasis added).

Instacart next argues that Fall Line was required to explain how each individual step of Claim 7 is met by Instacart's technology. Motion at 20-22. But detailed infringement contentions are not required in the pleadings. *See, e.g., Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG-RSP, 2018 WL 1310007 at *2 (E.D. Tex. Feb. 14, 2018) ("[T]his Court has previously recognized that an allegation that a specific accused product or system infringes a patent is sufficient to meet the pleading requirements of the rules, and a plaintiff need not allege what specific components, features, or capabilities infringe"), *adopted*, 2018 WL 1306615 (E.D. Tex. Mar. 13, 2018).

Instead, the detail that Instacart demands will be provided in infringement contentions under the Patent Local Rules of the Eastern District of Texas—which Instacart expressly stipulated would apply in this case. *See* Dkt. No. 45 at 3 ("The parties stipulate and agree that this case will be governed by the Patent Local Rules of the Eastern District of Texas, only to the extent set forth in the parties' proposed case schedule."); Dkt. No. 45-1 at 1 [Proposed Case Schedule] ("The party claiming patent infringement must serve on all parties the Disclosure of Asserted Claims and Infringement Contentions as required by E.D. Tex. Patent Local Rule 3-1 . . . ."); E.D. Tex. Patent L.R. 3-1; *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-325-

7

JRG, 2016 WL 9275395, at *4 (E.D. Tex. Oct. 19, 2016) (denying defendant's motion to dismiss plaintiff's six-page complaint because detailed claims and theories of infringement—similar to infringement contentions—are not required at the pleadings stage); *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19- CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) ("The Court finds that Plaintiff's pleadings are sufficient and that any deficiencies will necessarily be addressed when Plaintiff serves its infringement contentions as is required.").

Instacart also argues that Fall Line did not adequately allege intent in support of its claims of indirect infringement. But Instacart simply ignores that Fall Line alleged that Instacart undertook its infringing activity with knowledge of Fall Line's patent—both actual and constructive. *See* Dkt. No. 39 at ¶¶ 36-37. No more is required at the pleading stage: "such detail is likely only to be revealed via discovery." *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 836 n.6 (E.D. Tex. 2019).

Instacart complains about various other aspects of Fall Line's indirect infringement counterclaims. Motion at 22-23. None of these complaints are well taken. The level of detail that Fall Line included in its counterclaims is sufficient to state a claim for indirect infringement. *See, e.g., Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014) ("Providing instructions to use a product in an infringing manner is evidence of the required mental

8

state for inducing infringement."); *Cywee Group Ltd. v. Huawei Device Co.*, No. 2:17-cv-495-WCB, 2018 WL 3819392, *2 (E.D. Tex. Aug. 10, 2018) (holding that allegation that "Huawei provides manuals and instructions … and/or provides instructional and support materials on its website that teach and instruct its customers to operate those products in ways that practice the claimed invention" was sufficient to plead induced infringement for period in which Huawei had knowledge of the patents-in-suit); *see also Motiva*, 408 F. Supp. 3d at 831-32 ("[T]he provision of instructions by an accused infringer may indicate specific intent to induce infringement," and by "alleging those classes of evidence contain instructions on how to infringe," the complaint "has gone beyond mere speculation.").

Finally, Instacart says that Fall Line's allegation of willful infringement is deficient because Fall Line did not adequately plead that Instacart had knowledge of Fall Line's patent or that it acted "egregiously." Motion at 24-25. But, again, Instacart simply ignores that Fall Line alleged that Instacart undertook its infringing activity with knowledge of Fall Line's patent—both actual and constructive. *See* Dkt. No. 39 at ¶¶ 36-37. And contrary to Instacart's argument, the Federal Circuit has expressly held that *Halo* did not establish the "egregiousness" requirement that Instacart argues. *See SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1328 n.1, 1303 (Fed. Cir. 2021) (emphasis added) (ruling that *"Halo* … did not disturb the substantive

9

standard for subjective willfulness," and that "under *Halo*, **the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement**."); *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-cv-172-JRG, 2022 WL 610796, at *6 (E.D. Tex. Jan. 24, 2022) ("[A] plaintiff need not plead facts demonstrating egregious conduct to establish a claim for willful infringement at the 12(b)(6) stage.").

### IV. IF NECESSARY, LEAVE TO AMEND SHOULD BE GRANTED

If the Court rules that any of Fall Line's counterclaims are inadequately pleaded, Fall Line requests leave to amend them to address any deficiencies that the Court finds, or, at a minimum, to incorporate its P.R. 3-1 infringement contentions by reference once those are submitted. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *Forman v. Davis*, 371 U.S, 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"); *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) ("The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'") (quoting *Hardin v.*

*Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

## V. CONCLUSION

For the foregoing reasons, the Court should deny Instacart's motion.

Dated: July 28, 2025

Respectfully submitted,

/s/ *Matthew J. Antonelli*
Matthew J. Antonelli (*pro hac vice*)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington (*pro hac vice*)
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr. (*pro hac vice*)
Texas Bar No. 24051428
larry@ahtlawfirm.com
Rehan M. Safiullah (*pro hac vice*)
Texas Bar No. 24066017
rehan@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
(713) 581-3020 (fax)

Michael S. Linscott, OBA No. 17266
mlinscott@dsda.com
David W. Wulfers, OBA No. 9926
dwulfers@dsda.com
DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.
Two West Second Street, Suite 700
Tulsa, OK 74103-3119
(918) 591-5288 | (918) 591-5315
(918) 925-5288 | (918) 925-5315 (fax)

*Attorneys for Fall Line Patents, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Matthew Antonelli*
Matthew Antonelli