# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAPLEBEAR, INC., D/B/A INSTACART<br><br>   Plaintiff,<br><br>   v.<br><br>FALL LINE PATENTS, LLC,<br><br>   Defendant. | Civil Action No. 4:25-cv-00137-SEH-MTS<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ...................................................................................................1 | |
| II. | FALL LINE'S PLEADINGS DO NOT AND CANNOT DEMONSTRATE THAT CLAIM 7 RECITES ELIGIBLE SUBJECT MATTER ...............................................2 | |
| | A. | The Only Alleged Inventive Concepts In The Asserted Claim Relate to The Use of GPS Technology...................................................................2 |
| | B. | The Conventional Use of GPS Technology Is Patent Ineligible Under *Beteiro* ...................................................................................................3 |
| | C. | The Recent Order In *Best Buy* Explicitly Relies On Alleged Inventive Concepts Unrelated To Claim 7 And That Were Not Argued By Fall Line Here...................................................................................................7 |
| III. | FALL LINE'S COUNTERCLAIMS FAIL TO ASSERT ANY FACTS TO PLAUSIBLY SUPPORT INFRINGEMENT ...................................................................8 | |
| | A. | Direct Infringement...................................................................................8 |
| | B. | Indirect Infringement ...............................................................................10 |
| IV. | LEAVE TO AMEND SHOULD NOT BE GRANTED...............................................10 | |
| V. | CONCLUSION...................................................................................................10 | |

# **TABLE OF AUTHORITIES**

**Cases**

*Albers v. Board of County Comm'rs of Jefferson Cnty., Colo.*,
 771 F. 3d 697 (10th Cir. 2014) ...................................................................................10

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
 573 U.S. 208 (2014) ......................................................................................................2

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ......................................................................................................9

*Berkheimer v. HP Inc.*,
 881 F.3d 1360 (Fed. Cir. 2018) ....................................................................................2

*Beteiro, LLC v. DraftKings Inc.*,
 104 F.4th 1350 (Fed. Cir. 2024) ................................................................. 1, 2, 4, 5, 6

*Bot M8 LLC v. Sony Corporation of America*,
 4 F.4th 1342, 1353 (Fed. Cir. 2021)..............................................................................9

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
 927 F.3d 1306 (Fed. Cir. 2019) ....................................................................................7

*Data Engine Techs. LLC v. Google LLC*,
 906 F.3d 999 (Fed. Cir. 2018) ......................................................................................2

*Jewel Pathway LLC v. Polar Electro Inc.*,
 556 F. Supp. 3d 335 (S.D.N.Y 2021)............................................................................6

*Limelight Networks, Inc. v. Akamai Technologies, Inc.*,
 572 U.S. 915 (2014) ....................................................................................................10

*Miller Mendel, Inc. v. City of Anna, Texas*,
 107 F.4th 1345 (Fed. Cir. 2024) ...............................................................................2, 6

*Motiva Patents, LLC v. Sony Corp.*,
 No. 9:18-cv-00180, Dkt. No. 1 (E.D. Tex. Oct. 3, 2018)......................................9, 10

*Salazar v. HTC Corp.*,
 No. 2:16-CV-01096-JRG-RSP, 2018 WL 1310007 (E.D. Tex., Feb. 14, 2014).........9

*Sanderling Mgmt Ltd. v. Snap Inc.*,
 65 F.4th 698 (Fed. Cir. 2023) .......................................................................................6

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
 874 F.3d 1329 (Fed. Cir. 2017) ............................................................................2, 4, 7

*Ultramercial, Inc. v. Hulu, LLC*,
  722 F.3d 1335 (Fed. Cir. 2013) ...................................................................................2

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
  No. 2023-1639, 2025 WL 1659297 (Fed. Cir. June 12, 2025)....................................6

*WildTangent, Inc. v. Ultramercial, LLC*,
  573 U.S. 942 (2014) ....................................................................................................2

**Rules**

Fed. R. Civ. P. 15(a)..........................................................................................................10

I.  **INTRODUCTION**

Fall Line's Opposition confirms that the only allegedly inventive concept tied to Claim 7 is the conventional "use [of] an integrated GPS unit to automate the collection and use of location identifying information for … customizing a questionnaire." Opp., 2. Yet, *all* mobile GPS devices automate the collection and use of location-identifying information, and there is nothing inventive about using that information to, *e.g.*, customize a questionnaire. As recent Federal Circuit decisions have made clear, use of off-the-shelf GPS technology does not supply the "inventive concept" required for patent eligibility. *See Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350 (Fed. Cir. 2024).

As supplemental authority, Fall Line provided a recent Eastern District of Texas ruling denying a motion to dismiss the patent-in-suit under Section 101. However, that ruling explicitly relied on alleged inventive concepts (such as a "tokenized" questionnaire) *that are not required by Claim 7*. To be relevant, an allegedly inventive concept has to be embodied by the claim at issue. As such, this Court should not follow that court's erroneous ruling.

Here, the only alleged inventive concepts actually required by the asserted claim are related to the conventional use of GPS technology—precisely the kind of conventional functionality deemed patent ineligible under recent Federal Circuit caselaw. Because no amendment could fix that legal deficiency, the Counterclaims should be dismissed under Section 101.

Dismissal is also warranted on a separate ground: the Counterclaims contain no facts from which the Court could plausibly conclude that infringement exists. The Opposition likewise provides no such facts, and fails to address the requirements of the asserted claim. Therefore, the Court should dismiss the Counterclaims for this reason also.

## II. FALL LINE'S PLEADINGS DO NOT AND CANNOT DEMONSTRATE THAT CLAIM 7 RECITES ELIGIBLE SUBJECT MATTER

Patent eligibility "must be determined on a claim-by-claim basis." *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1340 (Fed. Cir. 2013) (vacated and remanded on other grounds by *WildTangent, Inc. v. Ultramercial, LLC*, 573 U.S. 942 (2014)); *see Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 2083, 2357 (2014); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365-1366 (Fed. Cir. 2018); *see also Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1011-12 (Fed. Cir. 2018) (deciding patent eligibility differently between independent claims of patents sharing the same specification). Nothing in Fall Line's only asserted claim—Claim 7—recites an inventive concept under current law, and like its Counterclaims, Fall Line's Opposition does not adequately address this fatal defect. As the Federal Circuit recently made clear, adding conventional GPS limitations to an abstract idea does not impart patent eligibility. *See Beteiro*, 104 F.4th 1350; *Miller Mendel, Inc. v. City of Anna, Texas*, 107 F.4th 1345 (Fed. Cir. 2024).

### A. The Only Alleged Inventive Concepts In The Asserted Claim Relate to The Use of GPS Technology

In its Opposition, Fall Line asserts there are two purported inventive concepts in Claim 7: (1) using an integrated GPS to automate the collection and use of location identifying information for purposes of customizing a questionnaire and (2) automatically collecting location identifying information for transmission to a server so that questions customized for that location could be generated and sent back to the handheld device. Opp., 2. Neither concept is patent-eligible.

The Counterclaims also mention other concepts, such as tokenization and automated connections (ECF 39, ¶¶ 44-45), but these are not required by Claim 7, and thus are irrelevant. ECF 51, at 8-9; *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1333-39 (Fed. Cir. 2017). In fact, Fall Line's *Zoe's Kitchen* Complaint, which included near-identical eligibility contentions, tacitly admitted that the tokenization and automated connection concepts

2

are not "advance[d]" in Claim 7.  *Compare* Zoe's Kitchen Complaint (Exhibit 1), ¶¶ 36, 37 (Claim 7 not listed for either device-independent tokens or connection scheme concepts) *with* Counterclaims, ¶¶ 44, 45 (same allegations with no specific claims identified).  In deciding this motion, the Court should focus only on the allegedly inventive concepts required by the claim at issue—neither of which can save the claim from dismissal.

**B.      The Conventional Use of GPS Technology Is Patent Ineligible Under *Beteiro***

Neither of Fall Line's alleged unconventional uses of GPS technology renders Claim 7 patent eligible.  Fall Line's first alleged unconventional use is automating the collection of GPS location information—by definition what conventional GPS technology does—for customizing a questionnaire.  The second is essentially the same as the first but rephrased as automating collection of location information—again what conventional GPS technology does—so that a customized questionnaire can be generated and sent.  Such rephrasing amounts to describing two sides of the same patent-ineligible coin.  At bottom, the pleaded concept—the conventional use of a GPS to automatically provide location information, in this context for the purpose of customizing a questionnaire—is precisely the type of abstract idea (asking questions in a questionnaire and collecting responses) using a conventional component (GPS) that was deemed patent ineligible in *Beteiro*.  That the GPS information is used to customize a question in a questionnaire rather than customize betting games based on location is immaterial.

In its Opposition, Fall Line cites the Eastern District of Texas's 2021 denial of a summary judgement motion in *Zoe's Kitchen*.  But this ignores the relevance of more recent Federal Circuit decisions, such as *Beteiro*, that are directly on point.  Both the *Beteiro* claims and Claim 7 at issue here contain a recitation of GPS, allegedly supported by only a handful of lines in the specification, doing exactly what GPS conventionally does, i.e., automatically provide location-identifying information.  As the Federal Circuit held in *Beteiro*, such GPS limitations do not plausibly show

3

unconventional use, much less a patent-eligible inventive concept. *Beteiro*, 104 F.4th at 1359. Despite the applicable new case law of *Beteiro* and its progeny, Fall Line admits it pleaded "the same inventive concepts" as in *Zoe's Kitchen* and mistakenly expects the same result. Opp., 2.

But determining what questions to include in a questionnaire using GPS location information is no more patent eligible than determining gambling bets using GPS location information. *See Beteiro*, 104 F.4th at 1355-56. To the extent Fall Line's second alleged inventive concept also involves transmission of GPS location information to a server, the *Beteiro* patent did the same, and where still found ineligible. *Id*. (similarly including automated step of transmitting location to another computing device). The only difference between the *Beteiro* asserted claim and the asserted claim here is the type of information being customized based on GPS location information (a question in a questionnaire app vs. a bet in a betting app). Fall Line does not explain how those types of information would change the Federal Circuit's analysis, and they do not. *See id.* at 1356 (relying on history of precedent finding "broadly analogous claims, such as those involving methods of providing particularized information to individuals based on their locations, to be abstract.")

Further, like *Beteiro*, Fall Line focuses on functional language (use of GPS location information to customize questionnaires (Opp., 2-3)) that "contain[s] no specificity about how the purposed invention achieves those results." *Beteiro*, 104 F.4th at 1356. Indeed, neither Fall Line's asserted claim nor the Counterclaims or Opposition explains "how to achieve these results in a non-abstract way." *Two-Way Media*, 874 F.3d at 1337; *Beteiro*, 104 F.4th at 1356. Nor could Fall Line cure this fatal defect as the '748 Patent's bareboned description does not support Fall Line's contention that its claimed use of GPS is unconventional in any way.

Indeed, the lack of description in the patent-in-suit of GPS having any unconventional

4

usefulness in the context of questionnaires is remarkably similar to the lack of disclosure of GPS having an unconventional use in the context of gaming, which doomed the patent claims in *Beteiro*. In *Beteiro*, the Federal Circuit noted the discussion of the use of GPS in a communication device amounted to "only 15 lines out of a specification that runs to no less than 98 columns" with "no description whatsoever of any hardware or software for equipping GPS on a mobile device." *Beteiro*, 104 F.4th at 1358. The '748 Specification offers far less than even the minimal description in *Beteiro*. For example, the '748 Patent does not even bother to define "GPS", and offers less than 10 lines of description with no explanation of how a GPS receiver would be equipped or included in a handheld device. *See* '748 Patent at 5:42-48, 10:55-58 (ECF 9, at 13, 15).

Faced with these difficult facts, Fall Line attempts to cabin the holding of *Beteiro*, but fails to identify any meaningful distinction between that case and this one. First, Fall Line asserts that *Beteiro* applies only to the use of integral GPS in connection with gaming. But as noted above, Fall Line provides no reason why using conventional GPS technology to customize questionnaires is any more patentable than using it to customize gaming. In either situation, the GPS's conventional use—to automatically provide location information—adds nothing to the abstract idea underlying the respective claims. Opp., 4.

Fall Line next raises a straw man argument that the holding of *Beteiro* cannot be "that ***no use*** of an integral GPS can ***ever*** qualify as an inventive concept"—a position not taken by Instacart. The issue is not whether *any* use of an integral GPS, no matter how clever, could qualify as an invention. Rather, the Court must decide the patent eligibility of the use claimed here, which involves a conventional GPS on a handheld device—barely described in the patent itself—being used to do exactly what integral GPS devices did in 2002, *i.e.*, automatically provide location-identifying information. As the Federal Circuit explained: "In the end, Beteiro's claims amount

5

to *nothing more than the practice of an abstract idea using conventional (even as of 2002) computer equipment, including GPS on a mobile phone.*" *Beteiro*, 104 F.4th at 1359 (emphasis added). Like *Beteiro*, Claim 7 merely recites the abstract idea of a particular use of location information (here, customizing a questionnaire; in *Beteiro*, customizing gambling by allowing or disallowing a bet) and using conventional technology (GPS) to provide that information.

Having failed to distinguish *Beteiro*, Fall Line also ignores controlling and analogous cases that reach the same result. Fall Line's Opposition fails to address the many cases cited by Instacart demonstrating that use of location information from a handheld device outside of gaming still does not amount to an inventive concept. *E.g.*, *Miller Mendel*, 598 F. Supp. 3d at 499 (generating a list based on location information); *Jewel Pathway LLC v. Polar Electro Inc.*, 556 F. Supp. 3d 335, 342 (S.D.N.Y 2021) (using GPS to customize an electronic form); *United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2023-1639, 2025 WL 1659297, at *4 (Fed. Cir. June 12, 2025) (inclusion of a handheld device for data collection and analysis).

Fall Line's reference to prior evidence that it says was sufficient in the past to prevail on summary judgment cannot preclude dismissal here. This motion may be granted based on the intrinsic evidence alone (*i.e.*, the patent-in-suit). See *Beteiro*, 104 F.4th at 1358. Indeed, courts regularly find claims drawn to an abstract idea without an inventive concept to be ineligible and suitable for invalidation on motions to dismiss. *See, e.g.*, *Sanderling Mgmt Ltd. v. Snap Inc.*, 65 F.4th 698, 703-704 (Fed. Cir. 2023). "Given what is taught in the Asserted Patent[] [itself] – and, most particularly in this case, what is not taught . . . no amount of creative pleading [can succeed] in transforming the claims into patent-eligible subject matter such that [the Counterclaim] states a claim on which relief could be granted." *Beteiro*, 104 F.4th at 1358. Thus, Fall Line should not be granted leave to amend, because any such amendment would be futile.

### C. The Recent Order In *Best Buy* Explicitly Relies On Alleged Inventive Concepts Unrelated To Claim 7 And That Were Not Argued By Fall Line Here

Fall Line submits the Eastern District of Texas' *Best Buy* order as supplemental authority. ECF 51. Yet the *Best Buy* order did not disagree that *Beteiro* renders the conventional use of an integral GPS patent ineligible. Instead, the Texas Court found that Fall Line's complaint made plausible allegations that tokenization of a questionnaire in conjunction with automated connection concepts are inventive concepts. ECF 51, at 8-9 (considering the "connection scheme automated approach," and "device-independent tokens" as "aspects of the claims [that] are inventive"); *see* II.A, *supra*. Fall Line, however, makes no such argument here. Its Opposition does not rely on— or even mention—these allegedly inventive concepts. Instead, Fall Line relies solely on the collection and use of GPS for customizing a questionnaire as supposedly inventive. Opp., 1-2. For this reason alone, this Court should rule differently than *Best Buy*. Even more fundamentally, this Court should decline to hold that tokenization and automated connections somehow impart patent eligibility to Claim 7, because Claim 7 does not require them. ECF 9, at 17 (Claim 7); *Zoe's Kitchen* Complaint (Exhibit 1), ¶¶ 36, 37 (Fall Line not listing Claim 7 for either device-independent tokens or connection scheme concepts).

The court in Texas appeared to believe that the specification's description of, e.g., tokenization, could impart patentability to Claim 7. ECF 51, at 8. Instacart does not dispute that the court may consult the patent specification in considering patent eligibility. But any alleged inventive concept must still be recited by the claim whose eligibility is being determined. *See Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019) ("*As long as what makes the claims inventive is recited by the claims*, the specification need not expressly list all the reasons why this claimed structure is unconventional.") (internal citations omitted; emphasis added); *Two-Way Media*, 874 F. 3d at 1338-39 ("The main problem that Two-Way Media cannot overcome is

that the claim—as opposed to something purportedly described in the specification—is missing an inventive concept.") (internal citations omitted).

The *Best Buy* court considered those other unclaimed concepts to be "sufficiently tethered to Claim 7" to supposed eligibility. ECF 51, at 9. But that conclusion is mistaken. These concepts are included in *other*, non-asserted claims (Claims 1, 9, 19, and 21 for device-independent tokens, and Claims 9, 19, and 21 for the connection scheme), but are entirely absent in Claim 7. As such, they cannot render Claim 7 patent eligible.

Once stripped of its patent eligibility contentions unrelated to Claim 7, Fall Line's pleadings contain no plausibly inventive concept. In *Beteiro*, the patentee offered far more detailed allegations—mapping specific claim elements to purported innovations—yet the Federal Circuit still found the asserted claims ineligible because they relied on conventional technology. *Compare Beteiro* Complaint (Exhibit 2), pp. 6-22 (16 pages of discussion and mappings to specific asserted claim limitations) *with* Counterclaims, ¶¶ 43-47 (3 pages of supposed inventive concepts without any reference to claims). Because Claim 7 lacks any inventive concept under current law, the Counterclaims should be dismissed as directed to patent ineligible subject matter.

### III.  FALL LINE'S COUNTERCLAIMS FAIL TO ASSERT ANY FACTS TO PLAUSIBLY SUPPORT INFRINGEMENT

#### A.  Direct Infringement

Fall Line's Counterclaims lack any factual statements about the accused product that could plausibly support infringement of Claim 7. Fall Line's Opposition likewise fails to mention the claim language or provide any facts tying the accused functionality to the required claim elements.

Fall Line includes a screenshot of a Google search result for "Instacart mobile app." Opp.,

6. But Rule 8 requires in the pleadings, not the Internet, to provide notice of a claim.[1] Likewise, Fall Line's reference to an "app" in an SEC filing not mentioned in the Counterclaims (Opp., 5-6) cannot satisfy the pleading requirement.

The only fact alleged in the Counterclaims is that something referred to as "the Instacart mobile app," in conjunction with Instacart servers "create and execute a location-specific questionnaire to collect responses from users." Counterclaims, ¶ 29. That one fact, even taken as true, bears no meaningful relationship to the requirements of Claim 7 and could not *plausibly* support a claim that an Instacart mobile app (even if properly identified) meets each and every element of the asserted claim. *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Rather, the Counterclaims offer at best only "a sheer possibility that a defendant has acted unlawfully," and thus should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nor do the cases cited by Fall Line help its cause. It cites the *Salazar* case, but that case recognizes that an infringement claim must include a "description of the accused functionality within the [accused] products." *Salazar v. HTC Corp.*, No. 2:16-CV-01096-JRG-RSP, 2018 WL 1310007, at *2 (E.D. Tex., Feb. 14, 2014). The complaints in other cases cited by Fall Line likewise provided more factual allegations regarding the accused product than is present here. For instance, the *Motiva* complaint contained dozens of paragraphs of description of the accused products that is absent here. *Compare Motiva Patents, LLC v. Sony Corp.*, No. 9:18-cv-00180, Dkt. No. 1 (complaint), ¶¶ 11-18, 23-32, 37-44, 49-55, 60-65 (E.D. Tex. Oct. 3, 2018) *with* ECF 1, ¶¶ 11-12. Fall Line's Counterclaims do not come close to satisfying the pleading standards and Fall Line has thus failed to properly plead direct infringement.

---

[1] Even then, Fall Line shows only the first two results without identifying whether either reflects the allegedly infringing product. And what about the thousands of results after the first two?

### B. Indirect Infringement

Given the lack of any plausible direct infringement claim, there cannot be a claim for indirect or willful infringement. *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 572 U.S. 915 (2014). Fall Line bases its indirect and willful infringement claims on a theory of willful blindness based on an alleged "policy or practice of not reviewing the patents of others." Dkt. 39, ¶ 37. This kind of threadbare recital of the willful blindness doctrine is precisely what *Iqbal* prohibits. With respect to contributory infringement, Fall Line's allegations are equally deficient. Paragraph 35 merely concludes that there are "special features" in the accused products that have no substantial non-infringing use, but fails to identify, describe, or even hint at what those special features are. Dkt. 39, ¶ 35. This, too, distinguishes the *Motiva* case, where the complaint specifically identified the alleged "special feature" in the accused product. *Compare Motiva Patents, LLC v. Sony Corp.*, No. 9:18-cv-00180, Dkt. No. 1 (complaint), ¶ 70 *with* ECF 39, ¶ 35. Fall Line's bare allegations here cannot support claims of indirect or willful infringement.

### IV. LEAVE TO AMEND SHOULD NOT BE GRANTED

Fall Line offers to "address any deficiencies" (Opp., 10) in an undisclosed amendment, but does not provide a single example of anything it might amend or how the amendment might moot Instacart's Motion. Fall Line's Opposition does not meet the minimum standards of Fed. R. Civ. P. 15(a). *Albers v. Board of County Comm'rs of Jefferson Cnty., Colo.*, 771 F. 3d 697, 706 (10th Cir. 2014) ("a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based"). Fall Line's request to amend should be denied.

### V. CONCLUSION

Accordingly, the Court should grant Instacart's Motion and dismiss the Counterclaims.

| | |
|---|---|
| Dated: August 11, 2025 | Respectfully submitted,<br><br>*/s/ John R. Hutchins*<br>John R. Hutchins (*pro hac vice*)<br>District of Columbia Bar No. 456749<br>jhutchins@bannerwitcoff.com<br>C. Andy Mu (*pro hac vice*)<br>District of Columbia Bar No. 500784<br>amu@bannerwitcoff.com<br>Paul T. Qualey (*pro hac vice*)<br>District of Columbia Bar No. 481106<br>pqualey@bannerwitcoff.com<br>**BANNER & WITCOFF, LTD.**<br>1100 13th St., NW, Suite 1200<br>Washington, DC 20005<br>Telephone: (202) 824-3000<br>Facsimile: (202) 824-3001<br><br>Robert P. Fitz-Patrick, OBA #14713<br>rfitzpatrick@hallestill.com<br>**HALL, ESTILL, HARDWICK,**<br>**GABLE, GOLDEN & NELSON, P.C.**<br>320 South Boston Avenue, Suite 200<br>Tulsa, OK  74103-3706<br>Telephone: (918) 594-0400<br>Facsimile: (918) 594-0505<br><br>*Attorneys for Plaintiff Maplebear, Inc.*<br>*d/b/a Instacart* |

## CERTIFICATE OF SERVICE

I certify that on August 11, 2025, a true and accurate copy of the foregoing was filed electronically with the Court's CM/ECF system, which will send notification to all attorneys registered to receive service. Parties may access this filing through the Court's electronic filing system.

/s/ *John R. Hutchins*
John R. Hutchins