# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| FALL LINE PATENTS, LLC,<br><br>v.<br><br>7-ELEVEN, INC., | § § § § § § § | CIVIL ACTION NO. 5:24-CV-00167-RWS<br>*LEAD CASE* |
| FALL LINE PATENTS, LLC,<br><br>v.<br><br>ALDI, INC., *et al.* | § § § § § § § | CIVIL ACTION NO. 5:24-CV-00172-RWS<br>*MEMBER CASE* |
| FALL LINE PATENTS, LLC,<br><br>v.<br><br>SPROUTS FARMERS MARKTET, INC., *et al.* | § § § § § § § § | CIVIL ACTION NO. 5:24-CV-00182-RWS<br>*MEMBER CASE* |

## <u>ORDER</u>

Before the Court are the ALDI Defendants' Motion to Transfer to the Northern District of Oklahoma (Docket No. 30) and the Sprouts Defendants Motion to Transfer to the Northern District of Oklahoma (5:24-cv-182, Docket No. 28).[1] The motions are substantively identical and fully briefed. Docket Nos. 31, 32, 33; 5:24-cv-182, Docket Nos. 29, 30, 31. The Court heard argument on both motions together. Docket No. 37; *see also* 5:24-cv-167, Docket No. 194. For the reasons set forth below, the motions (Docket No. 30; 5:24-cv-182, Docket No. 28) are **DENIED**.

---

[1] All citations refer to the docket entries in *Fall Line Patents, LLC v. ALDI Inc., et al.*, No. 5:24-cv-172 case unless otherwise specified.

## BACKGROUND

In November 2024, Plaintiff Fall Line Patents, LLC filed nearly identical patent infringement actions against 14 sets of defendants regarding their mobile applications. *See* Case Nos. 5:24-cv-167, 169–70, 72–82. The Court consolidated the separate actions on February 12, 2025. Docket No. 24.[2] This is, in fact, the sixth set of cases about Plaintiff's asserted U.S. Patent No. 9,454,748 (the '748 Patent) that has been filed before the Court. *See* (1) 6:17-cv-202–04; (2) 6:17-cv-407–08; (3) 6:18-cv-406–23, (4) 415; 5:23-cv-110; and (5) 5:24-cv-89.

While Fall Line has yet to try a case before a jury, the Court has waded through claim construction and addressed topics such as patent subject matter eligibility. *See, e.g.*, Claim Construction Order, *Fall Line Patents, LLC v. Zoe's Kitchen Inc., et al.*, No. 6-18-cv-407 (E.D. Tex. Jan. 23, 2023), Dkt. 228; Order on Motion to Dismiss on Patent Subject Matter Eligibility, *Fall Line Patents, LLC v. Zoe's Kitchen, Inc., et al.*, No. 6:18-cv-407-RWS (E.D. Tex. May 25, 2021), Dkt. 151; Order on Motion for Summary Judgment on Patent Subject Matter Eligibility, *Fall Line Patents, LLC v. Zoe's Kitchen, Inc., et al.*, No. 6:18-cv-407-RWS (E.D. Tex. July 7, 2023), Dkt. 336-1.

The ALDI and Sprouts Defendants both allege that their respective mobile applications are " 'white-label' applications controlled by Instacart, wherein Instacart built and controls the entire mobile application." Docket No. 30 at 7; *see also* 5:24-cv-182, Docket No. 28 at 7–8. In other words, ALDI and Sprouts argue that, to the extent their respective mobile applications infringe Claim 7 of the '748 Patent, Instacart is liable.

---

[2] While the consolidation order stated that all pretrial filings shall be filed in the lead case, it also provided that the member cases remain active for venue motions such as those before the Court in the instant order. Docket No. 24 at 3–4.

On March 25, 2025, Maplebear, Inc. d/b/a Instacart, represented by the same attorneys as ALDI and Sprouts, filed suit in the Northern District of Oklahoma where Fall Line is headquartered seeking a "declaration that Instacart does not infringe any enforceable claim of the '748 Patent." Complaint at 1, *Maplebear, Inc. v. Fall Line Patents, LLC*, No. 4:25-cv-137-SEH-MTS (N.D. Ok., March 25, 2025), Dkt. 2.

On April 2, 2025, ALDI and Sprouts both moved that their individual member cases be severed from this consolidated action and transferred to the Northern District of Oklahoma under the customer suit exception. Docket No. 30 at 11–16; 5:24-cv-182, Docket No. 28 at 11–16. They contend all relevant public and private factors favor transferring the case. Docket No. 30 at 16–19; 5:24-cv-182, Docket No. 28 at 16–19. Alternatively, ALDI and Sprouts requested that their member cases be severed and stayed pending resolution of *Maplebear, Inc. v. Fall Line Patents, LLC*. Docket No. 30 at 19–20; 5:24-cv-182, Docket No. 28 at 19–20.

Fall Line counters that the customer-suit exception does not authorize the Court to transfer the case and that ALDI and Sprouts have not shown transfer is proper under 28 U.S.C. § 1404(a). Docket No. 31 at 6–12. As for the proposed stay, Fall Line argues that the customer suit exception does not apply here and that the traditional stay factors weigh against entering a stay. *Id.* at 12–19.

## LEGAL STANDARD

### I.   The Customer Suit Exception

"The first-to-file rule is a discretionary doctrine which provides that when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Nabors Drilling USA, L.P. v. Markow, Walker, P.A.*, 451 F. Supp. 2d 843, 845 (S.D. Miss. 2006) (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947,

950 (5th Cir. 1997); *W. Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24,* 751 F.2d 721, 728 (5th Cir.1985)); *see also Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (applying the discretionary doctrine in the Federal Circuit).

The "customer-suit exception" to the first-to-file rule provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Network Sys. Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00481-JRG, 2023 WL 7649372, at *2 (E.D. Tex. Nov. 14, 2023) (citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)). The exception "typically arises when the first-filed case is an infringement action against a customer and the manufacturer subsequently files a declaratory judgment action against the patent holder in a different forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011). "The guiding principles in the customer suit exception cases are efficiency and judicial economy." *Network Sys. Techs., LLC*, 2023 WL 7649372, at *2 (quoting *Spread Spectrum Screening LLC*, 657 F.3d at 1358 (Fed. Cir. 2011) (citing *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006)) (cleaned up).

Courts traditionally analyze three factors when determining if the customer-suit exception applies: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 4002776, at *5 (E.D. Tex. Aug. 22, 2018); *see, e.g., Slick Slide LLC v. NKDZ DFW, LLC*, No. 4:23-CV-00643-O, 2024 WL 733641, at *2 (N.D. Tex. Feb. 19, 2024). However, the inquiry should focus on "substantial savings of litigation resources" instead of "mechanically applying the three-factor test

in an exacting fashion." *Slick Slide LLC*, 2024 WL 733641, at *2 (citing *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-CV-909-JRG, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015); *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014)).

The traditional remedy under the customer-suit exception is a stay. *See, e.g.*, *Slick Slide LLC*, 2024 WL 733641, at *5; *Network Sys. Techs., LLC*, 2023 WL 7649372, at *13; *see also In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365–66 (Fed. Cir. 2014) (discussing how the customer-suit exception differs from a transfer request but is "not at cross purposes"). Additionally, "numerous courts have declined to apply the customer suit exception when the declaratory plaintiff does not file for relief in its home forum." *Robert Bosch, LLC v. Westport Fuel Sys. Canada, Inc.*, No. 1:22-CV-370-RDA-JFA, 2023 WL 1422308, at *10 (E.D. Va. Jan. 31, 2023) (collecting cases).

## II.    Change of Venue Pursuant to 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When deciding whether transfer is appropriate under 28 U.S.C. § 1404(a) in patent infringement cases, the law of the regional circuit applies. *In re SAP Am., Inc.*, 133 F.4th 1370, 1374 (Fed. Cir. 2025). Under Fifth Circuit law, a court has "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (citations omitted).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Id.* at 312. If the proposed destination venue is potentially proper, a court next looks to a set of private and public interest factors to determine if transfer is warranted. *Id.* at 315. The private factors include: "(1) the relative ease of access to sources of

proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious[,] and inexpensive." *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981))). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors as of the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Id.* (citing *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)).

## III.    Stays Pending Resolution of a Related Case

"In determining whether to stay a case pending the resolution of a related case, district courts employ a 'flexible approach' if doing so will result in 'substantial savings of litigation resources.' " *Wapp Tech Ltd. P'ship v. Hewlett-Packard Enter. Co.*, No. 4:18-CV-00468, 2019 WL 3818761, at *2 (E.D. Tex. Aug. 14, 2019) (citing *In re Google Inc.*, 588 Fed. App'x at 991). Courts typically consider the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 6-21-CV-00807, 2022 WL 1037114, at *2 (W.D. Tex. Apr. 6, 2022) (quoting *Kirsch Rsch. & Dev. LLC v. BlueLinx Corp.*, No. 6:20-cv-316, 2021 WL 4555803 (W.D. Tex. Oct. 4, 2021)). Where the customer-suit exception applies, the court need not "reach the question of whether the traditional stay factors are met." *Flygrip, Inc. v. Walmart Inc.*, No. 6:21-CV-01082-ADA, 2022 WL 2373714, at *4 (W.D. Tex.

June 29, 2022). However, courts will often still address traditional stay factors "for the sake of completeness." *GreatGigz Sols., LLC*, 2022 WL 1037114, at *3.

## DISCUSSION

### I.   The Customer-Suit Exception Does Not Apply

Here, the three factors of the customer-suit exception do not unambiguously counsel in favor of deferring to the Northern District of Oklahoma. First, the current record does not support the idea that ALDI and Sprouts are "merely a reseller" of Instacart's product. While the Defendants claim their respective mobile applications are Instacart's "white-label" mobile applications, Plaintiff argues that ALDI and Sprouts are involved in running parts of their mobile application that allegedly infringe the asserted claim. Docket No. 30 at 12–13. Specifically, Plaintiff notes that Sprouts works with Microsoft to run user login and authentication, maintains its own servers with up-to-date data used on the mobile application, and customizes the application. *Id.* Likewise, ALDI allegedly "provides the Aldi mobile app and the entire front end for the ordering system," and Plaintiff argues most or all the alleged elements of infringement are performed by ALDI, not Instacart. *Id.* at 13.

Next, the second factor—whether the customer-defendants agree to be bound by decisions in a later-filed case—counsels in favor of applying the customer-suit exception here. Both ALDI and Sprouts agree "to be bound by the outcome of the Instacart Action." Docket No. 30 at 7–8; 5:24-cv-182, Docket No. 28 at 7–8.

Finally, as discussed with the first factor, the record before the Court does not indicate that the manufacturer—Instacart—is the only source of an infringing product. In fact, in a previous case brought by Fall Line, the Court rejected as premature an analogous argument that another third party was the sole source of the infringing product. Order, *Fall Line Patents, LLC v.*

*Wingstop, Inc., et al.*, 5:24-cv-89 (E.D. Tex. Mar. 26, 2025), Dkt. 191. Accordingly, the three factors are mixed as to whether the customer-suit exception applies. However, a mechanical application of the factors is not the end of the analysis.

The guiding principles of efficiency and judicial economy weigh heavily against applying the exception here. The Court has overseen six separate sets of cases involving Fall Line's asserted claims and has addressed a wide-range of issues. In the current consolidated action, ALDI and Sprouts have exchanged their preliminary claim constructions and extrinsic evidence, the parties have submitted their Joint Claim Construction and Prehearing Statement, Plaintiff has submitted its Claim Construction Briefs, and a Markman hearing is set for October 7, 2025. 5:24-cv-167, Docket Nos. 164, 165, 166, 175, 210. To sever ALDI and Sprouts from the consolidated action and either stay or transfer these cases to the Northern District of Oklahoma would waste valuable judicial resources. Furthermore, ALDI and Sprouts are not prejudiced by proceeding in the instant action, as both are free to file motions for summary judgment on liability any time before March 10, 2026. 5:24-cv-17, Docket No. 164 at 3.

The Court appreciates that Instacart filed suit in the Northern District of Oklahoma promptly after ALDI and Sprouts received Plaintiff's preliminary infringement contentions and that ALDI and Sprouts, in turn, filed their motions to transfer promptly after Instacart filed suit. *See* 5:24-cv-167, Docket No. 194 at 56:21–57:5. However, to date, the Northern District of Oklahoma has not issued a scheduling order and the case is currently stayed pending resolution of Fall Line's motion to transfer to this Court. Motion to Transfer, *Maplebear, Inc. v. Fall Line Patents, LLC*, No. 4:25-cv-137-SEH-MTS (N.D. Ok., June 16, 2025), Dkt. 41; Minute Order, *Maplebear, Inc. v. Fall Line Patents, LLC*, No. 4:25-cv-137-SEH-MTS (N.D. Ok., July 1, 2025), Dkt. 46. So not only does the Court have more experience with the '748 Patent, but also the

schedule provides the parties for a more efficient resolution within this case, including the issue of whether Instacart is truly liable for the alleged infringement by ALDI and Sprouts.

Finally, the Court notes that while ALDI and Sprouts have agreed to be bound by the Instacart case, Instacart—represented by the same attorneys—has already decided to relitigate patent subject matter eligibility in an identical fashion as other parties have in this and the preceding consolidated actions. *Compare* Plaintiff's Motion to Dismiss Defendant's Counterclaims, *Maplebear, Inc. v. Fall Line Patents, LLC*, No. 4:25-cv-137-SEH-MTS (N.D. Ok., July 7, 2025), Dkt. 48, w*ith* Motion for Judgment on the Pleadings, *Fall Line Patents, LLC v. Wingstop Inc., et al.*, 5:24-cv-89-RWS (E.D. Tex. Feb. 6, 2025), Dkt. 141; Motion to Dismiss, *Fall Line Patents, LLC v. Best Buy Co., Inc., et al.*, 5:24-cv-174-RWS (E.D. Tex. Feb. 6, 2025), Dkt. 21; *and* Motion to Dismiss, *Fall Line Patents, LLC v. 7-Eleven, Inc.*, 5:24-cv-167-RWS (E.D. Tex. Feb. 7, 2025), Dkt. 12. Notably, ALDI and Sprouts never raised this issue, and the Court has since ruled in favor of Fall Line. Order, *Fall Line Patents, LLC v. Best Buy Co., Inc., et al.*, 5:24-cv-174-RWS (E.D. Tex. Aug. 1, 2025), Dkt. 31.

With an eye towards efficiency and judicial economy, it makes little sense to sever two member cases from a consolidated action that is proceeding quickly towards claim construction and ultimately trial. Accordingly, the customer-suit exception does not apply.[3]

## II.    Transfer is Not Warranted Under 28 U.S.C. § 1404(a)

While there is no dispute that venue is permissible in the Northern District of Oklahoma where Fall Line is headquartered, the private and public interest factors governing 28 U.S.C. § 1404(a) counsel against transferring the ALDI and Sprouts member cases to that court. As for the

---

[3] Because the customer-suit exception does not apply, the Court does not address whether it has the power to transfer a case under that doctrine.

private factors, the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, and the cost of attendance for willing witnesses are all neutral, and other practical problems that make trial of a case easy, expeditious, and inexpensive counsels against transfer as it will be easier to allow ALDI and Sprouts to proceed in unified pretrial management with the other defendants in this consolidated action.

As for the public factors, most favor denying ALDI and Sprouts's requests to transfer their member cases. First, ALDI and Sprouts point to no administrative difficulties flowing from court congestion to justify a transfer. Second, Fall Line opposes transfer and has no stated localized interest for these member cases to be resolved in Oklahoma. Third, as explained above, the Court has familiarity with patent law, which will govern the disposition of these cases. Fourth, transfer to the Northern District of Oklahoma would not help the parties avoid any unnecessary conflict-of-law problems in the application of foreign law. ALDI and Sprouts's requests for transfer are **DENIED**.

## III.    A Stay is Not Warranted Under the Traditional Stay Factors

At a high level, a stay is not warranted here because it will not result in a substantial savings of litigation resources. Additionally, the four articulated factors counsel against a stay. First, Fall Line would be placed at a tactical disadvantage if the consolidated action is broken up on the eve of claim construction when it is unclear whether the Northern District of Oklahoma case will resolve all the issues between Fall Line, ALDI, and Sprouts. Second, a stay will complicate pretrial management and possibly lead to pretrial legal decisions in Oklahoma that bind ALDI and Sprouts but contradict orders governing other defendants. Third, while discovery is not closed in this consolidated case, it has progressed well beyond the Oklahoma case. Fourth, a trial is set for ALDI

and Sprouts for July 27, 2026, while Instacart has no trial date in the Northern District of Oklahoma.

ALDI and Sprouts rely on two other consolidated patent infringement actions, *Westport* and *Lighthouse*, to support the argument that the traditional factors weigh in a favor of a stay. Docket No. 30 at 19–20. However, neither case changes the Court's analysis of the traditional stay factors, as both the *Lighthouse* and *Westport* courts found that the customer-suit exception applied, meaning the proper defendants had filed the second lawsuit. *Lighthouse Consulting Grp., LLC v. Truist Bank*, No. 2:19-CV-00340-JRG, 2020 WL 6781977, at *2 (E.D. Tex. Apr. 7, 2020); *Westport Fuel Sys. Canada, Inc. v. Ford Motor Co.*, No. 2:21-CV-0453-RWS-RSP, 2023 WL 318466, at *2–3 (E.D. Tex. Jan. 19, 2023).

The *Westport* case is further distinguishable because the motion to stay in *Westport* "was filed prior to the scheduling conference setting forth discovery deadlines and a trial." *Westport Fuel Sys. Canada, Inc.*, 2023 WL 318466, at *4. That court noted that "even after briefing was completed" on the motion, "the suit was clearly within its infancy." *Id.* That is not the case here. The instant motions were filed after the consolidation order (Docket No. 28) and the Docket Control Order (5:24-cv-167, Docket No. 69), and briefing on the motion was not complete until June 23, 2025 (Docket No. 33; *see generally* 5:24-cv-167: Docket Nos. 101, 103).[4] Likewise, both actions implicated in *Lighthouse* order were pending before the same court, minimizing any potential for conflicting orders. *See* Nos. 2:19-cv-340-JRG, 2:19-cv-392.

The requested stays are **DENIED**.

---

[4] In *Lighthouse*, the court found a stay "appropriate" where trial was set for a year out and all other factors favored a stay. *Lighthouse Consulting Grp.*, 2020 WL 6781977, at *2.

# CONCLUSION

For the reasons set forth above, the motions (Docket No. 30; 5:24-cv-182, Docket No. 28) are **DENIED**.

**So ORDERED and SIGNED this 4th day of September, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE