# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| FALL LINE PATENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-CV-182-RWS |
| | § | |
| SPROUTS FARMERS MARKET, INC., et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

Before the Court is Defendants Sprouts Farmers Market, Inc. and SFM, LLC d/b/a SF Markets, LLC's (collectively, "Sprouts") Motion to Dismiss. Docket No. 17. The motion is fully briefed. Docket Nos. 23, 24, 25. The Court heard argument on the matter on May 7, 2025. *See* Docket No. 26; 5:24-cv-167, Docket Nos. 121, 132.

### BACKGROUND

On November 25, 2024, Plaintiff Fall Line Patents, LLC sued Defendants, alleging infringement of U.S. Patent No. 9,454,748 ("the '748 Patent"). Docket No. 1. Plaintiff only asserts claim 7 of the '748 Patent, which is reproduced below. *Id.* at ¶ 12.

> 7. A method for collecting survey data from a user and making responses available via the Internet, comprising:
>
> (a) designing a questionnaire including at least one question said questionnaire customized for a particular location having branching logic on a first computer platform wherein at least one of said at least one questions requests location identifying information;
>
> (b) automatically transferring said designed questionnaire to at least one loosely networked computer having a GPS integral thereto;
>
> (c) when said loosely networked computer is at said particular location, executing said transferred questionnaire on said loosely networked computer, thereby collecting responses from the user;

>   (d) while said transferred questionnaire is executing, using said GPS to automatically provide said location identifying information as a response to said executing questionnaire;
>
>   (e) automatically transferring via the loose network any responses so collected in real time to a central computer; and,
>
>   (f) making available via the Internet any responses transferred to said central computer in step (e).

'748 Patent, claim 7.

Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Docket No. 17 at 6. Defendants argue that Plaintiff does not plausibly allege direct, indirect, and willful infringement. *Id.* This is because the complaint "is devoid of facts that could plausibly support a conclusion that the six steps required by the Asserted Claim are met by any particular accused product." *Id.* at 8 (citing Docket No. 1 at ¶¶ 11, 12, 15–21). Further, the complaint "provides no details regarding how any Sprouts mobile app operates in conjunction with any Sprouts servers to meet the steps of the Asserted Claim." *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint where a plaintiff fails "to state a claim upon which relief can be granted." Federal Rule of Civil Procedure 8(a), which governs pleadings in patent infringement cases, requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." For motions to dismiss under Rule 12(b)(6), a court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

The Court must then decide whether those facts state a claim that is plausible on its face. *Bowlby*, 681 F.3d at 219. A complaint need not contain detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that they are plausibly entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 673 (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

### I. Direct Infringement

Sprouts first contends that Fall Line's complaint fails to state a claim for direct infringement. Docket No. 17 at 11–13. Direct infringement occurs when a person makes, sells, uses, or offers for sale within the United States, or imports into the United States, what is covered by a patent, without the permission of the patentee. 35 U.S.C. § 271(a). "To establish infringement of a patent, every limitation set forth in a claim must be found in an accused product or process exactly or by a substantial equivalent." *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990). Specifically, Sprouts argues that Fall Line's complaint does not "provide any specific description of how the accused system operates, or how it practices each step of the claimed method." *Id.* at 12.

Fall Line has carried its burden to plead facts which plausibly state a claim for direct infringement. Fall Line alleges that it "is the owner of the '748 Patent, with all substantive rights in and to that patent." Docket No. 1 at ¶ 10. It describes the '748 Patent as teaching methods for managing and "collect[ing] location-specific information on a variety of hardware and software platforms without the need to create separate and individualized software for each of the numerous

manufacturers of remote computing devices." *Id.* at ¶ 8. Fall Line alleges that "Sprouts has directly infringed (literally and/or under the doctrine of equivalents) Claim 7 of the '748 Patent" because it "made, had made, used, imported, provided, supplied, distributed, sold, and/or offered the Sprouts mobile app that, in conjunction with Sprouts servers, create and execute a location-specific questionnaire to collect responses from users." *Id.* at ¶¶ 11–12. In making these allegations, Fall Line has sufficiently "identified the asserted patent and claim, described the technology covered by the patent, identified the infringing activity, identified the accused product, and identified how the accused product infringes." *Opticurrent*, *LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *4 (E.D. Tex. Oct. 19, 2016) (denying motion to dismiss direct infringement claim); *see* Docket No. 23 at 5.

There is no requirement for the complaint to "list each element and sub-element of the asserted claims and map them on to the accused products." *Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-97-JRG, 2021 WL 2483155, at *3 (E.D. Tex. June 2, 2021). Like the plaintiff in *Fractus*, Fall Line describes the accused products in a manner that corresponds to the asserted claims—providing "the analysis in one step by essentially paraphrasing the claim language in describing the accused products." *Id.* In noting the absence of information such as claim charts or how the Sprouts mobile app operates in conjunction with Sprouts servers, Sprouts reaches for information that Fall Line is required to provide in its infringement contentions, not its complaint. Docket No. 17 at 12; *see* E.D. TEX. LOC. R. PR-3-1(c). That would not be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To be sure, "[a]ssessing the sufficiency of pleadings is a context specific task." *Fractus*, 2021 WL 2483155, at *1. "[S]impler technologies may require less detailed pleadings, while more complex technologies may demand more." *Id.* The technology involved in this case—a mobile app

collecting location-specific data—is much more simple, for example, than the hardware and software processing components of virtual reality systems in *Motiva* and the routing systems and protocols of *Parity*. *Motiva Pats., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 823–824 (E.D. Tex. 2019); Amended Complaint, *Parity Networks LLC v. Cisco Sys., Inc.*, No. 6:19-CV-207 (W.D. Tex. June 7, 2019), ECF No. 14 at ¶¶ 10–29; *see* Docket No. 24 at 4–5 (arguing that the complaints in *Parity* and *Motiva* were more detailed than the present complaint). Besides, the fact that other complaints might contain more detail does not necessarily entail that this complaint is not sufficiently pled. What Fall Line has alleged for direct infringement is properly calibrated to the complexity of the technology at issue in this case.

## II.     Indirect Infringement

Sprouts also contends that Fall Line has failed to allege induced and contributory infringement. Docket No. 17 at 13–14. As an initial matter, Sprouts's arguments that there can be no indirect or willful infringement without direct infringement fails for the reasons above. To the extent any of Sprouts's indirect infringement arguments touch on allegations regarding its knowledge of the '748 Patent's existence, the Court resolves that below in its analysis of willful blindness. *See supra* § III; *Motiva*, 408 F. Supp. 3d at 828–829 (explaining that willful blindness can supply the requisite knowledge for induced and contributory infringement).

### A.     Induced Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement." *Opticurrent*, 2016 WL 9275395, at *2. Sprouts argues that the Complaint fails to allege any facts of any specific intent to infringe. Docket No. 17 at 13.

On the contrary, Fall Line alleges in its complaint that "Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes Claim 7 of the '748 Patent." Docket No. 1 at ¶ 16. Further, it alleges that "[s]uch steps by Defendant included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner." *Id.* These allegations are enough to allege specific intent to induce infringement. *See, e.g.*, *Cywee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 3819392, at *2 (E.D. Tex. Aug. 10, 2018) (finding that the allegation " 'Huawei provides manuals and instructions ... and/or provides instructional and support materials on its website that teach and instruct its customers to operate those products in ways that practice the claimed invention.' " was sufficient to plead induced infringement); *BMC Software, Inc. v. ServiceNow, Inc.*, No. 2:14-CV-903-JRG, 2015 WL 2379333, at *3 (E.D. Tex. May 18, 2015).

In cases where the specific intent element was not sufficiently pled, it was because the complaint did not "allege that the detailed explanations, instructions, and information directed customers to act *in an infringing manner*." *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697, at *9 (E.D. Tex. Mar. 3, 2017), *R&R adopted*, 2017 WL 2832613 (E.D. Tex. Mar. 27, 2017) (summarizing Amended Complaint, *Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*, No. 6:13-cv-307 (E.D. Tex. June 24, 2013), ECF No. 18 at 4) (emphasis added). That is not the case here.

B.  **Contributory Infringement**

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially

made or especially adapted for use in an infringement of such patent.' " *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (citing 35 U.S.C. § 271(c)). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Id.* Sprouts argues that Fall Line's allegations "fail to identify what [the] allegedly infringing use is or how the accused products are material to that use or why the scope of the claims is such that the accused products are incapable of substantial non-infringing use." Docket No. 17 at 14.

Fall Line has adequately pled facts that state a claim for contributory infringement. As explained in the Court's analysis on direct infringement (*see supra* § I) the alleged infringing use was that Sprouts "made, had made, used, imported, provided, supplied, distributed, sold, and/or offered the Sprouts mobile app that, in conjunction with Sprouts servers, create and execute a location-specific questionnaire to collect responses from users." *Id.* at ¶ 11. The complaint further alleges that "[t]he accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe Claim 7 of the '748 Patent." *Id.* at ¶ 17. Those "special features constitute a material part of the invention of one or more of the claims of the '748 Patent and are not staple articles of commerce suitable for substantial non-infringing use." *Id.*

The complaint's contributory infringement allegations are sparse, but on par with the allegations found to be sufficient in *Motiva*. 408 F. Supp. 3d at 826, 835. Like *Motiva*, the complaint alleges that "[t]he accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe Claim 7 of the '748 Patent." Docket No. 1 at ¶ 17; *Motiva*, 408 F. Supp. 3d at 826 (reciting the same for

the asserted patents there). Sprouts attempts to distinguish *Motiva* by arguing that its plaintiff actually identified the "special feature" as a "processing system that receives wireless signals from a remote communication device . . . that is used in a manner that infringes." Docket No. 24 at 8–9. But this complaint is not meaningfully different. Fall Line's complaint identifies the infringing use the special features perform are the "*creat[ion] and execut[ion] [of] a location-specific questionnaire to collect responses from users*." Docket No. 1 at ¶ 11 (emphasis added). Courts in this district have acknowledged that when plaintiffs allege no substantial noninfringing uses, "software components [] are frequently described by reference to their functionality." *Motiva*, 408 F. Supp. 3d at 835 (citing the "date-picker tool" from *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) as an example). Fall Line need not plead further because "[a]n accused software component [for the contributory infringement analysis] may be identified by its functionality without needing to identify specific source code or other additional detail." *Id.* at 836.

### III.  Willful Infringement

Sprouts also contends that Fall Line has failed to allege willful infringement. Docket No. 17 at 14–15. The caselaw is clear that "willful blindness is a substitute for actual knowledge for purposes of the infringement analysis," and therefore "a well-pled allegation of willful blindness is sufficient to state a claim for willful infringement." *Motiva*, 408 F. Supp. 3d at 836–38. "[W]hen a plaintiff identifies the existence of a specific policy of willful blindness or specific acts of willfully blind conduct," "[t]he [] requirements of *Twombly* are met." *Id.* at 834. "Either factual allegation—the **existence** of the policy or its **implementation** in the form of specific acts of willfully blind conduct—is sufficient to state a claim at the pleading stage." *Id.* (emphasis in original).

Here, Fall Line has alleged both the existence of the policy and its implementation. Fall Line claims in its complaint that "on information and belief, Defendant has a policy or practice of

not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Fall Line's patent rights." Docket No. 1 at ¶ 19. This is essentially identical to what the plaintiff in *Motiva* alleged, which was found to be well-pled. *Motiva*, 408 F. Supp. 3d at 833–34 (alleging that defendant "has a policy or practice of not reviewing the patents of others" and implemented that policy by "instructing its employees to not review the patents of others") (internal quotations and emphasis omitted). Like Motiva, Fall Line has sufficiently pled willful blindness. Therefore, Fall Line's willful infringement claim also overcomes Sprouts's motion to dismiss.

## CONCLUSION

For the above-mentioned reasons, Sprouts's motion to dismiss (Docket No. 17) is **DENIED**.

**So ORDERED and SIGNED this 4th day of September, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE